Rexford C. Kosack
Law Offices of Rexford C. Kosack
Second Floor, Bank of Hawaii Building
P.O. Box 500410
Saipan, MP   96950
Tel:  (670) 322-8800
Fax:  (670) 322-7800

**Prosecuting Attorney**

FILED
Clerk
District Court

DEC 1 7 2015

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| IN RE THE MATTER OF<br><br>STEPHEN C. WOODRUFF,<br><br>Respondent. | MISC. CASE NO. 13-00061<br><br>FILED UNDER SEAL<br><br>**COMPLAINT FOR ETHICAL VIOLATIONS** |

Comes Now, Rexford C. Kosack, duly appointed prosecuting counsel, and files this Complaint against STEPHEN C. WOODRUFF, the above-entitled Respondent, and in support thereof alleges as follows:

A.  Jurisdiction:

1.  This Court has disciplinary jurisdiction over "Any attorney admitted to practice law before this Court . . . ." LDR 1.[1]

2.  At all times relevant to this Complaint, Respondent was admitted to practice law before this Court.

---

[1] "LDR" refers to Disciplinary Rules of the U.S. District Court for the Northern Mariana Islands (Rev. 1/1/04).

COMPLAINT FOR ETHICAL VIOLATIONS - 1

B. Rules Violated:

3. LDR 2(h) provides that an attorney may be subjected to disciplinary action for "Any acts or omissions by an attorney which violate the Model Rules of Professional Conduct of the American Bar Association as adopted in 1983 and as thereafter amended or judicially construed."

4. Rule 1.1 of the Model Rules of Professional Conduct ("MRPC") states that a lawyer shall provide competent representation to a client, which requires, among other things, the "thoroughness and preparation reasonably necessary for the representation."

5. MPRC 1.3 states that a lawyer "shall act with reasonable diligence and promptness in representing a client."

6. Respondent failed to ensure the filing of a transcript on appeal and the filing of an opening brief in an appeal to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"), which resulted in the dismissal of his client's appeal.

C. Factual Allegations:

7. On October 14, 2008, Murugesan S. Sabbaiah ("Murugesan") filed *pro se* the case of *Murugesan Sabbaiah v. L&T Group of Companies, Ltd. and GTS Security Agency*, Civil Action No. 08-0044 in the United States District Court for the Northern Mariana Islands (the "Lawsuit").

8. The complaint alleged three causes of action: (1) Defendant violated the ADA, 42 U.S.C. § 12112, by not paying Plaintiff's medical expenses; (2) Defendant violated Title VII, 42 U.S.C. § 2000e-2(a)(1), by directly discouraging or providing information to discourage GTS from hiring Plaintiff because of his disabling medical condition; and (3) Defendant violated Title VII, 42 U.S.C. §§ 2000e-2(a)(1),(2), by discriminating against him on the basis of his national origin.

9. By stipulation, Defendant GTS was dismissed with prejudice.

COMPLAINT FOR ETHICAL VIOLATIONS - 2

10. Defendant L&T Group of Companies, Ltd. brought a motion for summary judgment. The motion was heard on May 28, 2009. The Court found that the ADA and Title VII causes of action were barred by the statute of limitations. Summary judgment was granted to the Defendant L&T Group of Companies on June 4, 2009 (the "Order").

11. After receiving the Order, Murugesan asked Respondent to represent him in taking an appeal from the Order.

12. Respondent agreed to represent Murugesan in his appeal of the Order.

13. Respondent thereafter acted as the attorney for Murugesan in his appeal of the Order up until the date that the appeal was dismissed by the Ninth Circuit.

14. Murugesan paid Respondent to handle the appeal.

15. On June 26, 2009, Respondent signed and filed a Notice of Appeal of the Order with the district clerk as the attorney for Murugesan.

16. A Civils Appeal Docketing Statement was signed and filed in the District Court by Respondent on June 26, 2009 regarding the appeal from the Order.

17. On June 29, 2009, the Office of the Clerk for the Ninth Circuit docketed the appeal and notified counsel by letter of the following schedule: Transcript Order for Appellant due 7/27/09, transcript due for District Clerk 8/25/09, certificate of record due 9/01/09, Appellant opening brief due 10/13/09, Appellee answering brief due 11/10/09, and Appellant's optional reply brief due 14 days after service of answering brief. The letter contained the case name, District Court file number, and Ninth Circuit docket number, which was 09-16342.

18. On August 12, 2009, Respondent filed a Transcript Designation and Ordering Form for the motion hearing on May 28, 2009. Respondent checked a box that indicated he was retained counsel and he signed the form. He did not include the U.S. Court of Appeals case number.

COMPLAINT FOR ETHICAL VIOLATIONS - 3

19. On that same date, Respondent signed and filed a Transcript Order for the May 28, 2009 motion hearing in the Lawsuit.

20. On September 21, 2009, the Ninth Circuit issued an order for Mediation. A settlement assessment conference would be held by telephone on October 9, 2009 Saipan time. Accordingly, the briefing schedule was reset as follows: Appellant opening brief due 11/16/09, Appellee answering brief due 11/16/09, and Appellant optional reply brief due on 12/30/09.

21. On October 26, 2009, the United States District Court for the Ninth Circuit issued an order that the appeal would not be included in the Mediation Program.

22. The November 16, 2009 deadline for submission of the Appellant's opening brief passed without Respondent filing a brief for Murugesan. As of that date, the transcript had not yet been prepared.

23. Respondent did not check with the court reporter on the status of the transcript preparation since ordering it on August 12, 2009.

24. On January 28, 2010, Murugesan went to the District Court to check on the progress of his appeal. He was told that his attorney needed to pay the transcription cost. Murugesan met with Patricia Garshak, the court reporter, and paid her $50.00. She gave him a receipt for "payment in full" and indicated she would contact him when the transcript is ready.

25. On February 11, 2010, the transcript was completed. Ms. Garshak provided the original and one copy to Respondent or Murugesan with an invoice marked paid in full and included a note that read: "Q: do you want or need the transcript filed? Order did not include a number for the appeals court. Call Patricia 236-2996."

COMPLAINT FOR ETHICAL VIOLATIONS - 4

26. On February 17, 2010, a Motion to Dismiss was filed by Appellee in the Ninth Circuit. The basis of the motion was that Appellant had not submitted its Opening Brief by November 16, 2009.

27. As of February 17, 2010, Respondent had not checked with the court reporter on the status of the transcript that he had ordered six months earlier.

28. Three months had passed since the deadline had run for submission of the Appellant's opening brief; yet, Respondent had not contacted the Ninth Circuit. With the motion to dismiss filed, Respondent took action.

29. On February 19, 2010, Respondent emailed the Clerk of the District Court and stated: "We long ago requested a transcript in this case and never got it. We followed up repeatedly and still never got it. Now Mr. Pixley has filed a motion to dismiss on account of our not having filed an appellate brief. But we need the transcript to brief the case. Please have something filed with the Ninth Circuit immediately explaining that the cause of delay is non-preparation of the transcript and requesting time for completion of the transcript and a new deadline to file appellant's brief. Thank you, Stephen C. Woodruff."

30. On February 19, 2010, Ms. Garshak emailed Respondent, stating that Murugesan had paid for and picked up the transcript already. On that date, she filed the transcript with the Clerk of Court and filled out Section C of the Transcript Designation and Ordering Form.

31. On February 22, 2010, the Clerk of the District Court certified that the record was available and filled out Section D of the Transcript Designation and Ordering Form.

32. The Response to the Motion to Dismiss was due within ten days after service of the motion. FRAP 27(a)(3)(A). The motion was served on Respondent on February 18, 2010. The due date for the Response was March 1, 2010.

COMPLAINT FOR ETHICAL VIOLATIONS - 5

33. Respondent failed to file a Response to the Motion to Dismiss for his client.

34. Respondent also failed to file a request for an extension of time to file the Appellant's Opening Brief.

35. After submitting an email to the District Court Clerk, Respondent did nothing further.

36. On March 4, 2010, the Clerk of the Court for the Ninth Circuit entered an Order dismissing the appeal for failure to prosecute noting: "The appellant's opening brief was due November 16, 2009. The opening brief has not been filed." The Appellee's motion to dismiss was denied as moot.

37. On March 24, 2010, Murugesan filed a Motion for Reconsideration with the Ninth Circuit. He requested "an extension to find an Attorney to submit an appeal, pursuant to the dismissal of this case on March 5, 2010 by the Unites States Court of Appeals for the Ninth Circuit. The case was dismissed due to the mal[] practice of my legal counsel Stephen C. Woodruff."

38. On April 7, 2010, an Order was issued by the Ninth Circuit which construed the motion as one for reinstatement of the case, which motion was denied without prejudice. The Ninth Circuit Order permitted the Appellant to file within 45 days a renewed motion accompanied by the opening brief. At that time, a briefing schedule would be reset. The motion was construed as Appellant's notice that he is proceeding *pro se*.

39. As of April 7, 2010, Respondent had taken no action to withdraw as Murugesan's attorney in the appeal. He never formally withdrew as Murugesan's counsel.

40. After the April 7 Ninth Circuit Order was issued, Respondent drafted a Renewed Motion for Reinstatement of the Case and Declaration of Counsel. The Renewed Motion recited that Appellant previously had 10 days to respond to the Motion to Dismiss, and that "Appellant did timely act in opposition to Appellee's motion, although not by way of filing a formal written

COMPLAINT FOR ETHICAL VIOLATIONS - 6

opposition." Respondent stated Appellant was not able to file his brief "for the simple reason of the failure of the court reporter to complete and file the transcript of proceedings he had ordered." Respondent recited that on February 19, 2010, he contacted the Clerk of Court asking the Clerk to file something explaining the cause of delay is non-preparation of the transcript and requesting additional time to prepare the transcript and a new deadline to file the brief. The Renewed Motion was dated July 22, 2010.

41. Respondent also drafted a two-page Declaration to accompany the Renewed Motion for Reinstatement of the Case. The Declaration was dated May 22, 2010.

42. Although Respondent prepared the Renewed Motion and Declaration, he never filed the documents. Instead, he gave them to Murugesan.

43. On November 15, 2011, Murugesan filed the Renewed Motion for Reinstatement of the Case and Declaration of Counsel in the Ninth Circuit.

44. On December 2, 2011, an Order was issued by the Ninth Circuit which recognized the motion as a late motion for reinstatement of the case, which motion was denied without prejudice. The Order permitted the Appellant to file within 28 days a renewed motion accompanied by the opening brief. At such time, a briefing schedule would be reset.

45. On August 13, 2014, Murugesan filed a letter dated August 7, 2014 with the Ninth Circuit requesting that he be allowed to file *in propia persona*.

46. On August 19, 2014, the Deputy Clerk for the Ninth Circuit responded that the case would remain closed since no opening brief was received.

47. Respondent failed to provide competent representation to Murugesan in violation of MRPC Rule 1.1, and failed to act with reasonable diligence and promptness in representing Murugesan in violation of MRPC Rule 1.3 when:

COMPLAINT FOR ETHICAL VIOLATIONS - 7

a. Respondent failed to investigate any delay in the completion of the transcript he had ordered, particularly when this delay affected his ability to file the opening brief by the court-ordered deadline of November 16, 2009,

b. Respondent failed to request an extension of the deadline for the filing of the opening brief when the transcript was not ready on time in November,

c. Respondent failed to respond to the Motion to Dismiss filed by the Appellee in February 2010 in order to save the appeal from dismissal.

48. Respondent's violation of the Rules resulted in the dismissal of his client's appeal by the Ninth Circuit.

## PRAYER

It is respectfully requested that the Court:

1. Set this matter for a hearing in accordance with DR 10(a).

2. Upon finding that the facts at the hearing establish that Respondent has violated MRPC 1.1 and 1.3, and therefore, LDR 2(h), impose sanctions in accordance with the severity of the violations committed by the Respondent.

3. Assess Respondent for any costs and expenses associated with the Investigation and the bringing of this matter.

4. Impose any remedial education deemed appropriate.

5. Impose such other and further sanction that the court deems appropriate.

Submitted this 17th day of December, 2015.

Respectfully,

Rexford C. Kosack, Prosecuting Attorney

COMPLAINT FOR ETHICAL VIOLATIONS - 8