Stephen C. Woodruff
Attorney and Counselor at Law
P. O. Box 500770
Saipan, MP  96950
Tel.:    +1 (670) 989-2797
Fax:    +1 (808) 356-1349
Email: scwlaw.spn@gmail.com

*In Pro Per*

FILED
Clerk
District Court

JAN 20 2016

for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

IN RE STEPHEN C. WOODRUFF,    )    **Case No. 1:13-MC-00061**
                             )
                             )
    **Respondent.**          )    **RESPONSE TO REQUEST FOR**
                             )    **SETTING OF HEARING DATE ON**
                             )    **ETHICAL COMPLAINT**
                             )
_____  )

COMES NOW, Respondent, Stephen C. Woodruff, and makes the following response to the Request for Setting of Hearing Date on Ethical Complaint ("the Request") filed herein on January 19, 2016 by appointed prosecuting counsel.

While the Request correctly states that Respondent answered the Ethical Complaint on January 14, 2016, the Request ignores the content and substance of the Answer.  Specifically, the Request ignores the fact that the Answer alleges that the Ethical Complaint fails to establish subject matter jurisdiction and fails to state a claim upon which relief can be granted.  The Answer further points out that the Ethical Complaint fails to plead satisfaction of jurisdictional prerequisites.  Neither did the Ethical Complaint establish any meaningful nexus between the alleged misconduct and Respondent's continued fitness for practice before this Court.

The Ethical Complaint further suffers from impermissible multiplicitous charges, contrary to the demands of due process of law.  And the local disciplinary rules require that the investigating attorney and the Disciplinary Committee complete their work within a reasonable

-1-

time. LDR 5(a), 6(b). As plainly shown in the Answer, this did not happen; it was not even remotely close. Everything about the Murugesan complaint reflects delay and questionable circumstances and motivations.

The timeline specified in LDR 10(c) can only be applied to a legally sufficient complaint. The Ethical Complaint filed by appointed prosecuting counsel is not legally sufficient. Moreover, the Request ignores Respondent's need for discovery, the failure to identify the membership of the Disciplinary Committee, the failure to supply Respondent with a copy of the report of the investigating attorney to the Disciplinary Committee, and the fact that a three-judge Judicial Panel has not yet been appointed.

The Request further ignores part of the text of LDR 10(c). The rule does not simply prescribe that a hearing be conducted not earlier than thirty (30) days or more than ninety (90) days after the complaint is filed. It further explicitly provides for delay of the hearing "for good cause." LDR 10(c). Good cause is evident on the face of the Answer but ignored by the appointed prosecuting counsel in preparing and filing the Request.

WHEREFORE, the Court should first address the matters prayed in Respondent's Answer before considering scheduling of a merits hearing.

Dated this 20th day of January, 2016.

Respectfully submitted,

STEPHEN C. WOODRUFF
Respondent

-2-