Stephen C. Woodruff
Attorney and Counselor at Law
P. O. Box 500770
Saipan, MP 96950
Tel.:    +1 (670) 989-2797
Fax:    +1 (808) 356-1349
Email: scwlaw.spn@gmail.com

*In Pro Per*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

IN RE STEPHEN C. WOODRUFF,    )    **Case No. 1:13-MC-00061**

          )

    **Respondent.**    )    **MOTION TO DISMISS**

          )

_____ )

COMES NOW, Respondent, Stephen C. Woodruff, and hereby moves the Court to dismiss the Ethical Complaint herein. The local disciplinary rules are silent as to pretrial motions. The rules do provide that "[t]he Court shall not be bound by the formal Rules of Evidence but it shall admit only trustworthy evidence." LDR 10(f). The rules also require that service be accomplished consistent with the Federal Rules of Civil Procedure, LDR 13, and for use of subpoenas in the same manner as in civil cases under the Federal Rules of Civil Procedure, LDR 14, but do not otherwise incorporate the civil procedure rules. Nevertheless, the Federal Rules of Civil Procedure provide a useful guide for efficient management and disposition of this case, and Respondent accordingly models this motion on Federal Rules of Civil Procedure 12(b)(1) and (6) providing, respectively, for dismissal for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

-1-

**Absence of Subject Matter Jurisdiction**

The Ethical Complaint addresses only one aspect of subject matter jurisdiction and that one inadequately. The Ethical Complaint alleges, correctly, that the Local Disciplinary Rules assert disciplinary jurisdiction over "[a]ny attorney admitted to practice law before this Court[," Ethical Complaint ¶ 1, but erroneously assumes that alone is sufficient to establish subject matter jurisdiction over any alleged conduct of such an attorney irrespective of how remote such alleged conduct may be to the attorney's continued fitness to practice before this Court.

Respondent respectfully submits that subject matter jurisdiction requires establishment of a sufficient nexus between the conduct alleged and the attorney's continued fitness to practice before this Court. This is especially important where, as here, the alleged conduct falls within the purview and core interests of another court of independent jurisdiction and exercise of jurisdiction by this Court thus constitutes an intrusion into the independence the other court. The Ethical Complaint does not plead any such nexus at all.

Moreover, the local disciplinary rules contain several other jurisdictional prerequisites, which the Ethical Complaint ignores entirely. Subject matter jurisdiction cannot be established without pleading satisfaction of these jurisdictional prerequisites. *See. e.g. McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993)(holding failure to exhaust administrative remedies, where required, is a jurisdictional defect); *Turner v. Boutista*, 1997 WL 337567 (N.D. Cal. 1997)(same). Specifically, one or more of the members of the Court's Bar must be appointed to investigate the allegations of misconduct. LDR 4(b). Also, three other members of the Court's Bar must be appointed to a Disciplinary Committee. LDR 4(b). The investigating attorney must submit his report to the Disciplinary Committee. LDR 5(a). The investigative report must include "copies of statements of witnesses, all documentary evidence relative to the complaint, and a summary of the findings of the investigation." LDR 5(b). Evidence and statements submitted by the attorney under investigation to the investigating

be attached to the investigation report. LDR 5(c). The Disciplinary Committee must review the reports it receives and make a recommendation to prosecute. LDR 6. A three-judge Judicial Panel must be convened. LDR 7(b). Finally, the investigating attorney and the Disciplinary Committee are obligated to complete their work within a reasonable time. LDR 5(a), 6(b).

All of these are jurisdictional prerequisites to prosecution of an Ethical Complaint. An Ethical Complaint is not legally sufficient unless it pleads, with specificity, satisfaction of each and every one of these jurisdictional prerequisites. The Ethical Complaint herein does not plead even one of these jurisdictional prerequisites. Accordingly, the Ethical Complaint should be dismissed.

### Failure to State a Claim

To survive a motion to dismiss, a complaint must state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009); Fed. R. Civ. P. 12(b)(6). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

While a plaintiff is not required to plead detailed factual allegations. *Twombly*, 550 U.S. at 555, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations and quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Starr v. Baca*, 652 F.3d 1202, 1221 (9th Cir. 2011) (citing Fed. Rule Civ. P. 8(a)(2)).

Thus, the Court's first task is to separate factual allegations from legal conclusions. Thereafter, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Importantly, courts are not bound to accept legal conclusions couched as factual allegations as true. *See Iqbal*, 556 U.S. at 678. Looking at only the well-pleaded factual allegations, the court must then determine if they "plausibly give rise to an entitlement to relief." *Id*. at 679.

The Ethical Complaint herein alleges violation of two rules of professional conduct: MRPC 1.1 and MRPC 1.3. Complaint ¶¶ 4, 5. MRPC 1.1 requires lawyers to provide competent representation to a client and, specifically, requires the "thoroughness and preparation reasonably necessary for the representation." Nothing in the Ethical Complaint states material facts that plausibly indicate a failure by Respondent to provide competent representation. Nothing in the Ethical Complaint identifies any action taken by Respondent in furtherance of the representation that fell short of the standard of preparation required by the rule or was performed with any material absence of thoroughness.

MRPC 1.3 requires lawyers to act "with reasonable diligence and promptness in representing a client." The Ethical Complaint fails to specify how and why Respondent actions were not reasonable under the circumstances communicated to the LDR 4(b) investigating attorney by Respondent. Indeed, the Ethical Complaint provides little information about what the circumstances were and thus provides no basis assess reasonableness and therefore no way to conclude that the allegations of the Ethical Complaint "plausibly give rise to an entitlement to relief," *see Iqbal*, 556 U.S. at 679, for an MRPC 1.3 violation.

The charges in the Ethical Complaint are also impermissibly multiplicitous. By alleging violations of both MRPC 1.1 (Competence) and MRPC 1.3 (Diligence) without identifying specific conduct making out a violation of each distinctly, the Complaint metamorphoses a potential single violation into two, contrary to due process of law. Charges are impermissibly

multiplicitous unless each requires proof of a fact the other does not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932).  The complaint fails to distinguish or plead such discrete facts with respect to MRPC 1.1 and MRPC 1.3.  Since the Ethical Complaint fails to make out either charge properly, it needs to be dismissed in its entirety.

WHEREFORE, the Court should dismiss the Ethical Complaint.

Dated this 20th day of January, 2016.

Respectfully submitted,

STEPHEN C. WOODRUFF
Respondent