Stephen C. Woodruff
Attorney and Counselor at Law
P. O. Box 500770
Saipan, MP 96950
Tel.:   +1 (670) 989-2797
Fax:   +1 (808) 356-1349
Email: scwlaw.spn@gmail.com

*In Pro Per*

FILED
Clerk
District Court

JAN 2 6 2016

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

|  |  |
|---|---|
| **IN RE STEPHEN C. WOODRUFF,** ) | **Case No. 1:13-MC-00061** |
| ) | |
| ) | |
| **Respondent.** ) | **MOTION FOR DISCLOSURE** |
| ) | **AND PRODUCTION** |
| ) | |
| ) | |
| ) | |

COMES NOW, Respondent, Stephen C. Woodruff, and hereby moves the Court for an Order directing disclosure of the identity of the members of the Disciplinary Committee appointed pursuant to Local Disciplinary Rule ("LDR") 4(b), production to Respondent of a complete copy of the report to the Disciplinary Committee required by LDR 5, and disclosure of related information, including relevant dates.

LDR 4(b) provides as follows:

Upon receipt of a complaint alleging violation of these Rules, the Chief Judge shall designate one or more members of this Court's Bar, as necessary, to investigate the allegations of misconduct, and a three-member Disciplinary Committee, comprised of attorneys who are members of this Court's Bar.

LDR 4(b).

LDR 5 provides as follows:

(a) The person or persons designated to investigate a complaint shall conduct such an investigation as is warranted by the circumstances and shall

-1-

submit a report to the Disciplinary Committee concerning the merits of the complaint.

(b) The report of the investigation shall include copies of statements of witnesses, all documentary evidence relative to the complaint, and a summary of the findings of the investigation, but shall not include recommended disciplinary action.

(c) No report shall be submitted until the respondent attorney has had a reasonable opportunity to submit to the person assigned to investigate the matter any evidence or statements relevant to the complaint, and such evidence or statements shall be attached to the investigation report.

LDR 5.

On January 3, 2016, Respondent emailed the court-appointed prosecuting counsel regarding this matter. That email included the following passages:

I do not even know who the members of the Disciplinary Committee are, and I have not been provided with a copy the LDR 5 report.

It is difficult to fully and properly answer the complaint without this information. Compliance with LDR 4-8 are jurisdictional prerequisites to an ethical complaint in the district court.

Court-appointed prosecuting counsel replied, in relevant part:

I am not aware of any rule that indicates you are entitled to a report of the Disciplinary Committee. I do know that you can answer the complaint without any materials from the Disciplinary Committee. Each allegation is a straightforward allegation of fact of which you have personal knowledge.

Prosecuting counsel did not respond directly to the question of the membership of the Disciplinary Committee. Moreover, Respondent had not asked for a "report of the Disciplinary Committee." Respondent had asked for the LDR 5 report from the investigating attorney to the Disciplinary Committee – the report explicitly required by the rules.

Respondent replied to this statement by prosecuting counsel, as follows:

I do not need a rule to be entitled to know the composition of the Disciplinary Committee and get a copy of the report of the DC. It is fundamental to due process and implicit in the rules.

Prosecuting counsel made no further response to Respondent's inquiry.[1]  In view of prosecuting counsel's stonewalling, this motion became necessary.

WHEREFORE, the Court should enter an order directing disclosure to Respondent of the identity of the members of the LDR 4(b) Disciplinary Committee, and production to Respondent of a complete copy of the LDR 5 report of the investigating attorney to the Disciplinary Committee.  Disclosure and production should include the date on which the investigating attorney reported to the Disciplinary Committee, the date on which the Disciplinary Committee recommended prosecution in this matter, and the date on which a prosecuting attorney was appointed pursuant to LDR 8(a).

Dated this 26th day of January, 2016.

Respectfully submitted,

STEPHEN C. WOODRUFF
Respondent

---

[1]  It is to be noted that Respondent initially assumed that prosecuting counsel's reply was responsive to his original email and thus too quickly wrote "report of the DC" – tracking prosecuting counsel's language – when he should have written "report to the DC."