Rexford C. Kosack
Law Offices of Rexford C. Kosack
Second Floor, Bank of Hawaii Building
P.O. Box 500410
Saipan, MP   96950
Tel:  (670) 322-8800
Fax:  (670) 322-7800

**Prosecuting Attorney**

FILED
Clerk
District Court

JAN 2 7 2016

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

IN RE THE MATTER OF

STEPHEN C. WOODRUFF,

  Respondent.

MISC. CASE NO. 13-00061

FILED UNDER SEAL

**OPPOSITION TO MOTION TO DISMISS**

### FACTS

Respondent Stephen C. Woodruff ("Woodruff") agreed to represent Murugesan S. Sabbaiah ("Murugesan") in appealing an order of summary judgment granted to the L&T Group of Companies, Ltd. in the case of *Murugesan Sabbaiah v. L&T Group of Companies, Ltd.*, Civil Action No. 08-0044 in the United States District Court for the Northern Mariana Islands. ¶¶ 7, 10.

OPPOSITION TO MOTION TO DISMISS - 1

and 12.[1]  Woodruff thereafter acted as the attorney for Murugesan in his appeal until the date the appeal was dismissed by the Ninth Circuit.  ¶ 13.

On June 26, 2009, Woodruff signed and filed a Notice of Appeal with the district clerk as the attorney for Murugesan.  ¶ 15.  He also signed a Civils Appeal Docketing Statement and filed it in the district court.  ¶ 16.  On June 29, 2009, the Office of the Clerk for the Ninth Circuit docketed the appeal and notified Woodruff of the schedule, which included a due date for the Appellant Opening Brief on October 13, 2009.  It also set a deadline for the Appellant to order a transcript, which was July 27, 2009, and a deadline for the transcript, which was August 25, 2009.  The deadline for the certificate of record was September 1, 2009.  ¶ 17.

Woodruff did not order the transcript for the Appellant on time.  He eventually filed a Transcript Designation and Ordering Form on August 12, 2009.  ¶ 18.  This was over two weeks late.  He indicated he was retained counsel and signed the form.  But, he did not include the U.S. Court of Appeals number.  ¶ 18.  The Ninth Circuit docket number (09-16342), however, had been provided to him by the Clerk for the Ninth Circuit in the June 29, 2009 letter.  ¶ 17.

The due date for the Appellant's Opening Brief was moved back to November 16, 2009.  ¶ 20.  Woodruff failed to file the Opening Brief on November 16.  ¶ 22.  As of that date, the transcript had not been prepared.  *Id.*  Furthermore, Woodruff did not check with the court reporter on the status of the transcript since ordering it on August 12, 2009.  ¶ 23.[2]

---

[1] All references to paragraphs are to paragraphs of the Complaint for Ethical Violations filed herein, and are only to paragraphs admitted in Woodruff's Answer to Ethical Complaint.

[2] Paragraph 23 was not admitted.  It was not denied either.  "An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and

OPPOSITION TO MOTION TO DISMISS - 2

On February 17, 2010, the Appellee filed a Motion to Dismiss in the Ninth Circuit. Its basis was that Appellant had not submitted its Opening Brief by November 16, 2009. ¶ 26. Three months had passed since the deadline had run, and still Woodruff had not contacted the Ninth Circuit. ¶ 28. This means that Woodruff let three months pass without contacting the Ninth Circuit to seek an extension of the deadline for his Opening Brief.

Now faced with a motion to dismiss, Woodruff e-mailed the Clerk of the District Court on February 19 and stated: "We long ago requested a transcript in this case and never got it. We followed up repeatedly and still never got it. Now Mr. Pixley has filed a motion to dismiss on account of our not having filed an appellate brief. But we need the transcript to brief the case. Please have something filed with the Ninth Circuit immediately explaining that the cause of delay is non-preparation of the transcript and requesting time for completion of the transcript and a new deadline to file appellant's brief. Thank you, Stephen C. Woodruff." ¶ 29.

Woodruff was contacted by court reporter Patricia Garshak that same day. He was told that his client had already picked up the transcript. ¶ 30. On February 22, the Clerk certified the record was available. ¶ 31.

The due date for the Response to the Motion to Dismiss was March 1, 2010. ¶ 32. Even though his client's appeal was at risk, Woodruff failed to file a Response. ¶ 33. So, on March 4, 2010, the Clerk for the Ninth Circuit dismissed the appeal for failure to prosecute: "The appellant's opening brief was due November 16, 2009. The opening brief has not been filed." ¶ 36.

---

the allegation is not denied. FRCP 8(b)(6). The respondent is required to answer the complaint in an ethical proceeding. LRD 10(b).

OPPOSITION TO MOTION TO DISMISS - 3

These undisputed facts show that after Woodruff filed a notice of appeal and ordered the transcript, he essentially did nothing further in the case. When the transcript deadline passed on August 25 without a transcript being filed, he did not check on its status. When the record was not certified on September 1, he did not check with the district court. When the due date for submitting his client's Opening Brief was approaching, on November 16, 2009, Woodruff took no action to communicate his client's dilemma to either court. When the Motion to Dismiss was filed on February 17, 2010, Woodruff merely sent an email to the District Court clerk. He did not get into contact with the court reporter. He did not contact the Ninth Circuit. And, most of all, he did not even file an Opposition Memorandum to protect his client's appeal. Predictably, his client's appeal was dismissed. This was because Woodruff failed to investigate, failed to communicate, and failed to diligently advocate.

## I.

## THERE IS NO ABSENCE OF SUBJECT MATTER JURISDICTION

Woodruff argues that subject matter jurisdiction has not been established because the Complaint of Ethical Violations fails to plead certain "jurisdictional prerequisites." What he terms "jurisdictional prerequisites" are nothing more than the steps to be taken in handling an ethical complaint up to the point of prosecution. Once the complaint is received, an investigator is appointed and a three-member Disciplinary Committee is appointed. LDR 4(b). The investigator submits a report to the Committee on the merits of the complaint. LDR 5(a). That report includes the Respondent's evidence or statements. LDR 5(c). The Committee determines whether or not the matter warrants further consideration. If it does, the Chief Judge appoints a three-judge judicial panel. LDR 7(b). Nothing is stated in these rules to indicate that these steps are jurisdictional prerequisites to an ethics prosecution.

OPPOSITION TO MOTION TO DISMISS - 4

Furthermore, there is nothing stated in the rules that indicates these procedural facts must be plead in the complaint. To the contrary, the rules address the complaint and only state: "Formal disciplinary proceedings before the Court shall be instituted by the filing of a complaint which shall be sufficiently clear and specific to inform the respondent attorney of the alleged misconduct." LDR 10(a). Thus, the function of the complaint is to inform the Respondent of the alleged misconduct – not the ethical procedures followed prior to filing the complaint. If the facts of compliance with Rules 4-7 must be pled, Rule 10(a) would have stated so.

Woodruff fails to cite any authority which states either that compliance with Rules 4-7 deprive this Court of jurisdiction, or that the facts of how the rules were actually followed in this investigation and prosecution must be pled in the complaint. Instead, he cites two cases for the unremarkable proposition that: "When exhaustion of administrative remedies is required by a federal statute, the failure to exhaust is a jurisdictional defect which deprives the district court of power to hear the matter." *Turner v. Boutista,* 1997 U.S. Dist. LEXIS 8373, *3 (D.C. No. Cal. 1997), citing *McNeil v. United States*, 508 U.S. 106, 113 (1993). In both *Turner* and *McNeil*, there was a statute which specifically provided that an action could not be brought until administrative remedies were exhausted. In *Turner*, the statute states: "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." *Id.* at *5. In *McNeil*, the statute states: "action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied . . . ." In both cases, a statute prohibited bringing the case to the judicial branch until it had first been presented to the executive branch. The situation here is not analogous. The matter of attorney discipline lies entirely within the jurisdiction of this Court. There is no comparable statute which states a jurisdictional prerequisite to moving a complaint from another branch to this Court.

OPPOSITION TO MOTION TO DISMISS - 5

In short, while we recognize the procedure the Court has instituted for its handling of ethical complaints against attorneys admitted to practice before the Court, Woodruff has failed to show that failure to comply with these procedures would rob this Court of jurisdiction over such a matter, or that every complaint for discipline filed in this Court must allege how the complaint proceeded from receipt through investigation, then to Committee review, vote, and appointment of a prosecutor and three-judge panel. This Court has subject matter jurisdiction over this complaint.

## II.

## THE COMPLAINT STATES A CLAIM THAT RESPONDENT VIOLATED

## THE MODEL RULES OF PROFESSIONAL CONDUCT

Woodruff raises three issues with regard to the sufficiency of the complaint: (1) that it does not plausibly indicate that he failed to provide competent representation, (2) that it fails to specify why Woodruff's actions were not reasonably diligent and prompt, and (3) that the alleged violations of Rule 1.1 (Competence) and 1.3 (Diligence) rely on the same facts, so they cannot both be prosecuted without violating due process.

**Competence**

Rule 1.1 (Competence) states:

A lawyer shall provide competent representation to a client. **Competent representation requires** the legal knowledge, skill, thoroughness and **preparation** reasonably necessary for the representation.

Emphases added.

As the comment to Rule 1.1 provides about competence: "It also requires adequate preparation. The required attention and preparation are determined in part by what is at stake . . . ."

OPPOSITION TO MOTION TO DISMISS - 6

At issue here is not the extent of Woodruff's legal knowledge, but whether he exhibited the "thoroughness and preparation reasonably necessary for the representation." It is hardly helpful to a client to have a knowledgeable attorney if the attorney does not bring his or her talents to bear in a matter. Simply put, an attorney, like Woodruff, is hired to apply himself to a case.

Woodruff was hired to pursue Murugesan's appeal in the Ninth Circuit. The Opening Brief was due on November 16, 2009. Woodruff failed to file a brief with the Court. We expect he will say this he was unable to file a brief because the transcript was not completed. Yet, this fact alone does not justify further inaction. There are many things he should have done to competently represent his client: (1) he should have checked with the court reporter prior to that date to find out the status of the transcript he ordered, but he failed to do that (¶ 23); and, (2) he should have communicated with the Ninth Circuit to request an extension of the deadline for filing the opening brief due to the delay in the preparation of the transcript, but he failed to do that (¶ 22). It appears that Woodruff failed to take any action at all to protect his client once the deadline had been exceeded. It was not until a Motion to Dismiss was filed that Woodruff took any action. At that time, he merely emailed the District Court clerk and asked the clerk to contact the Ninth Circuit to request a new deadline. ¶ 29. Woodruff failed to file a Response to the Motion to Dismiss that was pending against his client. ¶ 33. He failed to file anything with the Ninth Circuit to request an extension of time to file the Opening Brief. ¶ 34. These facts, which are all admitted, show that Woodruff did not apply himself to the case. He all but abandoned his client. The result was that the appeal was dismissed.

Woodruff did not exhibit the thoroughness and preparation reasonably necessary to competently represent his client in an appeal from this Court to the Ninth Circuit.

OPPOSITION TO MOTION TO DISMISS - 7

**Diligence**

Rule 1.3 (Diligence) states: "A lawyer shall act with reasonable diligence and promptness in representing a client." Comment 2 to Rule 1.3 notes: "A lawyer's work load must be controlled so that each matter can be handled competently." Comment 3 is even more on point:

> Perhaps no professional shortcoming is more widely resented than procrastination. A client's interests often can be adversely affected by the passage of time or the change of conditions; in extreme instances, as when a lawyer overlooks a statute of limitations, the client's legal position may be destroyed.

This case is one of those "extreme instances." By missing the deadline for filing the Opening Brief and by not seeking an extension of the deadline, Woodruff destroyed Murugesan's chances on appeal. His appeal was never heard.

Woodruff was not diligent in two respects: (1) he failed to meet the November 16, 2009 deadline for submission of his client's Opening Brief (¶ 22), and (2) he failed to file a Response to the Motion to Dismiss on March 1, 2010 (¶ 32). He admits failing to meet these deadlines.

It is hard to imagine why Woodruff would claim that the facts he admitted do not show a failure on his part to be diligent. The standard is to act with "reasonable diligence." Perhaps he believes that the circumstances will show that his lack of diligence was somehow reasonable. But, the complaint clearly sets forth three key facts: (1) there was a deadline for filing the Opening Brief which he knew about and he let pass, (2) the transcript was apparently not prepared promptly and he did nothing to investigate why it had not been produced, and (3) he failed to communicate to the Ninth Circuit why he failed to file the brief when the deadline passed in November, and he again failed to communicate to the Ninth Circuit why his client's appeal should not be dismissed when a Motion to Dismiss was filed in February. These circumstances show that Woodruff's failure to act was not reasonable, and that he was not diligent in pursuing the appeal.

**Dual Punishment**

OPPOSITION TO MOTION TO DISMISS - 8

Woodruff's final argument is that it violates due process to prosecute him under two charges (competence and diligence) if they rely on the exact same facts. "Charges are impermissibly multiplicitous unless each requires proof of a fact the other does not." Motion, p. 4, l. 25, p. 5, l. 1. He cites *Blockburger v. United States,* 284 U.S. 299, 304 (1932) as authority.

The failure to file a brief on time is often found to be both a violation of the duty to provide competent representation (Rule 1.1) and the duty to act promptly (Rule 1.3). *See In re Sullivan,* 727 A.2d 832 (Del. 1998) (failure to file opening brief), *The Florida Bar v. Flowers*, 672 So.2d 526 (Fla. 1996) (failure to file three annual accountings).

There are several problems with Woodruff's final argument. First, *Blockburger* is based upon the double jeopardy clause of the U.S. Constitution. While the case does not expressly state this fact, the cases the Court relied upon are double jeopardy cases. *See Gavieres v. United States,* 220 U.S. 338, 342 (1911) (double jeopardy does not prevent prosecution for insulting a public officer when one had been convicted already of drunkenness and rude and boisterous language for the same conduct), *Albrecht v. United States*, 273 U.S. 1, 11-12 (1926) (double punishment not violated by convictions for both possessing and selling illegal liquor as possession and sales are different offenses, even though they involve the same liquor). All of these cases are criminal cases. Woodruff is not being prosecuted for a criminal offense. There is no showing that the double jeopardy clause applies beyond criminal cases to disciplinary proceedings.

Second, if double jeopardy were to apply, it would not prohibit being tried for similar disciplinary violations. It would apply to prevent being punished twice for the exact same conduct. Thus, Woodruff's objection is not timely. It would properly be raised, if at all, when the Court makes its findings.

OPPOSITION TO MOTION TO DISMISS - 9

Third, as *Blockburger* shows, the question is whether there are two offenses or only one, and the test "is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304. In this case, a finding that Woodruff <u>failed to act with reasonable diligence</u> under Rule 1.3 would essentially require a showing that he failed to meet a deadline. Specifically, the two deadlines pled are: (1) the November 16, 2009 deadline for submission of his client's Opening Brief (¶ 22), and (2) the March 1, 2010 Response to the Motion to Dismiss (¶ 32). Neither deadline was met.

On the other hand, a finding that Woodruff <u>failed to provide competent representation</u> to his client under Rule 1.1 could rely on a much broader factual basis. It may be based upon: (1) his failure to check with the court reporter on the status of the transcript preparation since ordering it on August 12, 2009 (¶ 23), (2) his failure to request an extension of the deadline for the filing of the opening brief when the transcript was not ready on time in November (¶ 22), or (3) his reliance on the District Court clerk to file something to explain the cause of the delay was non-preparation of the transcript and requesting additional time to prepare the transcript and a new deadline to file the brief when a motion to dismiss had been filed – and not to have taken action himself to protect his client (¶ 40). These are entirely different sets of facts. Yet, they all are derived from the facts pled and admitted in the Complaint. Thus, the test set forth by *Blockburger* is met here. Rule 1.1 relies on proof of a fact different from Rule 1.3.

While it is true that the facts are intertwined here, that is often the case. An attorney who does not diligently represent a client often fails at well at preparation and zealous representation. Woodruff's conduct shows that he not only let the time limits run, but he also failed to take measures to reasonably protect his client when the transcript had not been prepared. This is both a failure to work diligently, and a failure to continue to protect a client. It is appropriate that the

OPPOSITION TO MOTION TO DISMISS - 10

Complaint allege both a failure to provide competent representation and a failure to act with reasonable diligence in ¶ 47.

## CONCLUSION

The motion to dismiss should be denied.

Dated: January 27, 2016.

Respectfully submitted,

Rexford C. Kosack

OPPOSITION TO MOTION TO DISMISS - 11