Rexford C. Kosack
Law Offices of Rexford C. Kosack
Second Floor, Bank of Hawaii Building
P.O. Box 500410
Saipan, MP   96950
Tel:  (670) 322-8800
Fax:  (670) 322-7800

**Prosecuting Attorney**

FILED
Clerk
District Court

JAN 2 7 2016

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

IN RE THE MATTER OF

STEPHEN C. WOODRUFF,

　　　　Respondent.

MISC. CASE NO. 13-00061

FILED UNDER SEAL

**OPPOSITION TO MOTION FOR DISCLOSURE AND PRODUCTION**

Respondent Stephen C. Woodruff ("Woodruff") has moved to discover the following items:

1.  Identity of the members of the Disciplinary Committee,

2.  Production of a copy of the report of the Investigating Attorney to the Disciplinary Committee,

3.  The date on which the Investigating Attorney reported to the Disciplinary Committee,

4.  The date on which the Disciplinary Committee recommended prosecution, and

5.  The date on which the Prosecuting Attorney was appointed.

OPPOSITION TO MOTION FOR DISCLOSURE AND PRODUCTION - 1

What Woodruff has not done is to provide a single reason why disclosure and production is required.  The rules clearly provide "There shall be no discovery proceedings except upon order of the Court."  LDR 14(d).  Woodruff has failed to provide any authority for disregarding this rule.

Woodruff's "motion" has no attached memorandum of points and authorities.  LDR 7.1(b).  It presents no legal arguments to support the request.  It provides nothing but a recitation of his email requesting discovery and the Prosecuting Attorney's email stating that he does not know of any rule that entitles Woodruff to the items requested.  Simply put, there is nothing to respond to in this motion.  It is a request, and nothing more.

Rule 14(d) leaves it to the discretion of the Court whether to permit any discovery proceedings.  Obviously, Woodruff's intent is to raise issues outside the merits of his own conduct.  It is his conduct which is at issue.  Nothing about the identities of the attorneys who served on the Disciplinary Committee, or the contents of the report of the Investigating Attorney to the Committee, or the dates on which actions were taken will shed any light on Woodruff's conduct in representing his client on appeal.

Furthermore, providing these materials to Woodruff is not necessary for him to conduct his defense.  He has already admitted 39 out of 48 paragraphs of the Complaint for Ethical Violations.  What possible assistance could these materials provide him in his defense?   The case is straightforward.  He undertook to represent a client on appeal and failed to file the Opening Brief, or to provide any excuse for not filing the Opening Brief, which caused his client's appeal to be dismissed.  He has admitted these facts in his Answer.  The report to the Committee will not change the facts.  The identity of the Committee members will not change the facts.

There is no reason for requesting the dates on which various steps in the investigatory process were concluded.  Obviously, this information is sought in connection with Woodruff's

OPPOSITION TO MOTION FOR DISCLOSURE AND PRODUCTION - 2

contention that: "And the local disciplinary rules require that the investigating attorney and the Disciplinary Committee complete their work within a reasonable time. LDR 5(a), 6(b). As plainly shown in the Answer, this did not happen; it was not even remotely close." *Response to Request for Setting of Hearing Date on Ethical Complaint,* p. 1, ll. 24-25; p. 2, ll. 1-2. Unfortunately, Woodruff misrepresents what is written in Rule 5(a). There is no requirement in the local rules for the Investigating Attorney to complete his work within a reasonable time. Rule 5(a), which he cites, states only:

> The person or persons designated to investigate a complaint shall conduct such an investigation as is warranted by the circumstances and shall submit a report to the Disciplinary Committee concerning the merits of the complaint.

The other rule cited, Rule 6(b), does require the Disciplinary Committee to review the report forwarded to it by the Investigating Attorney and take action within a "reasonable time." But, only items 3 and 4 (the date of the report, and date of recommending prosecution) go to this rule. Item 5 (the date of appointing the Prosecuting Attorney) does not.

The information sought by Woodruff as to the time it took the Disciplinary Committee to act is irrelevant. What will determine whether the time they took is a reasonable time? And, if the time taken exceeds a reasonable time, then what? Obviously, Woodruff would seek dismissal of the charges against him. If the language that the Disciplinary Committee should act within a reasonable time is only aspirational, then dismissal would not be warranted. If dismissal would not be warranted in such a case, then the request should be denied.

Dated: January 27, 2016.

Respectfully submitted,

Rexford C. Kosack

OPPOSITION TO MOTION FOR DISCLOSURE AND PRODUCTION - 3