Stephen C. Woodruff
Attorney and Counselor at Law
P. O. Box 500770
Saipan, MP  96950
Tel.:    +1 (670) 989-2797
Fax:    +1 (808) 356-1349
Email: scwlaw.spn@gmail.com

*In Pro Per*

FILED
Clerk
District Court

.IAN 2 7 2016

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

IN RE STEPHEN C. WOODRUFF,      )      Case No. 1:13-MC-00061
                                )
                                )
Respondent.                     )      RESPONDENT'S CASE
                                )      MANAGEMENT CONFERENCE
                                )      STATEMENT
                                )
_____ )

COMES NOW, Respondent, Stephen C. Woodruff, and respectfully submits this Case Management Conference Statement in anticipation of the case management conference scheduled for Thursday, January 28, 2016, at 1:30 p.m., pursuant to the Court's January 20, 2016 Order Re: Case Management Conference (ECF No. 16), and in accordance therewith.

(a)    Need for Discovery: Respondent needs to depose complainant Subbaiah Murugesan (aka Murugesan Subbaiah) and perhaps others.  What went wrong with Murugesan's appeal is in significant part a consequence of Murugesan's failure to follow the advice of counsel, his taking of actions secretly without counsel's knowledge, and his failure to communicate material information to counsel.  Additionally, Murugesan appears to have been prompted and/or assisted in his conduct from time to time by one or more presently unidentified persons who may have had agendas of their own.  Also, the process by which the matter of Murugesan's appeal to the Ninth Circuit six years ago comes to be in this court as a disciplinary action now raises many questions and needs to be clarified.  Respondent believes his rights to substantive and procedural due process may have been violated. Finally, Prosecuting Counsel argues in his opposition to Respondent's Motion for Disclosure and Production that the information and documents sought are "discovery" within the meaning of LDR 14(d).  This simply is not correct.  Everything requested by Respondent relates to explicit requirements of the Local Disciplinary Rules that Respondent is absolutely

-1-

entitled to confirm were satisfied. *See Hollingsworth v. Perry*, 558 U.S. 183, 184, 191, 130 S. Ct. 705, 706, 710, 175 L. Ed. 2d 657 (2010)(per curiam). Moreover, Respondent cannot determine whether the process was tainted by conflict of interest or other irregularities without the requested information. The real question is what Prosecuting Counsel seeking to conceal by stonewalling on the matter.

(b)   <u>Anticipated motions, briefing schedule, and motions hearing date</u>: Respondent has filed two motions: a motion to dismiss, and his motion for disclosure and production, which have been set for hearing on February 18, 2016, and March 10, 2016, respectively. Prosecuting Counsel has filed oppositions to these motions. Respondent has no objection to shortening time for hearing on these motions, provided he is provided a reasonable amount of time to reply to the oppositions. Respondent further believes it may be possible to dispose of this matter on summary judgment motion, after discovery. It is not possible at this time to determine what other motions may be needed.

(c)   <u>Witnesses and exhibits, including the need for subpoenas</u>: Respondent will testify on his own behalf. It is not possible to determine until after discovery and motions practice what other witnesses may be required. Exhibits have yet to be identified. Subpoenas will be needed to compel the attendance of Murugesan and any other deponents for deposition and, possibly, for the production of documents.

(d)   <u>Settlement prospects</u>: Respondent is amenable to settlement; however, based on communications with Prosecuting Counsel to date, Respondent believes the prospects for settlement to be remote.

(e)   <u>Setting of a trial date for the hearing</u>: Respondent believes March 16, 2016 is too early to be prepared for trial. Respondent believes a hearing date in June or July would be more realistic.

(f)   <u>Hearing procedure</u>: Respondent is unable to identify any special procedures for the hearing at this time. Respondent anticipates that Prosecuting Counsel will present his case, after which Respondent will present his defense. The parties likely will be able to stipulate to documentary exhibits in advance.

(g)   <u>Other Matters</u>: It is too early now to define or limit issues but this likely can be achieved before trial.

Dated this 27th day of January, 2016.

Respectfully submitted,

STEPHEN C. WOODRUFF
Respondent