Stephen C. Woodruff
Attorney and Counselor at Law
P. O. Box 500770
Saipan, MP 96950
Tel.:    +1 (670) 989-2797
Fax:    +1 (808) 356-1349
Email: scwlaw.spn@gmail.com

*In Pro Per*

FILED
Clerk
District Court

FEB - 4 2016

for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

IN RE STEPHEN C. WOODRUFF,    )    Case No. 1:13-MC-00061
                             )
                             )    **RESPONDENT'S REPLY TO
         Respondent.         )    PROSECUTOR'S OPPOSITION TO
                             )    MOTION TO DISMISS**
                             )
                             )
_____)

        Respondent, Stephen C. Woodruff, has moved the Court to dismiss the Ethical Complaint herein on grounds of absence of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  Court-appointed prosecuting counsel opposes but fails to address at all the very first argument made by Respondent: lack of subject matter jurisdiction on account of the failure of the Ethical Complaint to plead facts establishing a sufficient nexus between the alleged conduct of Respondent and the interests of this Court, the United States District Court for the Northern Mariana Islands.  The allegations relative to Respondent's conduct in his handling of an appeal in the Ninth Circuit Court of Appeals six years ago simply doesn't have sufficient relevance to Respondent's present fitness to practice law before this Court to establish subject matter jurisdiction.  Since prosecuting counsel has not contested this argument, it is conceded, and the Court should dismiss the Ethical Complaint with prejudice.

        The first three pages of prosecuting counsel's opposition are devoted to a recitation of the facts of the case and prosecuting counsel's conclusions based thereon.  This recitation and

-1-

interpretation contributes little to evaluation of the merits of Respondent's motion to dismiss. Prosecuting counsel next proceeds to demote the explicit requirements of the disciplinary rules to mere "steps to be taken in handling an ethical complaint up to the point of prosecution." Opposition at 4.

These requirements are not aspirational. They are <u>mandatory</u>. The disciplinary rules over and over use the imperative "shall." Failure to follow these rules would constitute a violation of due process of law. Accordingly, they are jurisdictional prerequisites and need to be plead in the complaint to establish subject matter jurisdiction. A complaint that does not plead satisfaction of jurisdictional prerequisites cannot fairly be said to show that the plaintiff has "plausibly [shown] an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This is because there is no entitlement to bring the action without satisfying the jurisdictional prerequisites.

Prosecuting counsel's attempt to distinguish Respondent's statute of limitations cases is unavailing. Opposition at 5. While it may be true that exhaustion of administrative remedies is jurisdictional only when a statute explicitly so states, the same is not true of all preconditions to jurisdiction such as, e.g. standing. Where, as here, it plainly would be unlawful to bring the action without first satisfying the specified requirements, the requirements necessarily are jurisdiction and must be plead.

Prosecuting counsel's defense of the sufficiency of the two charges of alleged misconduct is also wanting. For the most part, prosecuting counsel simply repeats the allegations against Respondent and insists that they fit they charges – both charges. With regard to MRPC 1.1, he simply repeats the phrase "thoroughness and preparation," although in at least one instance he bolds the word "preparation." But preparation is in no way implicated by the allegations of the complaint. Lack of preparation is demonstrated by alleging a situation in which someone was involved and failed to perform inadequately because of something they failed to do beforehand. The allegations of the complaint point to no situation like that.

If "thoroughness" is taken as the alleged point of failure of Respondent to perform his ethical duty, for purposes of a MRPC 1.1 violation, how is it distinguished from the diligence required by MRPC 1.3? "Thoroughness" and diligence are not the same thing. This is what prosecuting counsel misses. Thoroughness, unsurprisingly, is akin to preparation. Preparation is the foundation of thoroughness. To be thorough, as any dictionary will show, is to be exhaustively complete, painstakingly accurate, or careful. That is not what is at issue in the allegations of the complaint. It is not the quality of what Respondent did that is in question, it is whether what he did and did not do was reasonable under the circumstances. Accordingly, the MRPC 1.3 charge at least should be dismissed.

Finally, prosecuting counsel attempts to deflect the multiplicity problem by pointing out that *Blockburger* is grounded in double jeopardy jurisprudence and this is not a criminal case. This point, however, is actually irrelevant. *Blockburger* did not mention double jeopardy because the principle is equally grounded in fundamental fairness and due process of law. Moreover, while this is not a criminal case, it is nonetheless a *quasi-criminal* case. *In re Ruffalo*, 390 U.S. 544, 551 (1968).

WHEREFORE, the Court should dismiss the Ethical Complaint.

Dated this 4h day of February, 2016.

Respectfully submitted,

STEPHEN C. WOODRUFF
Respondent

-3-