Stephen C. Woodruff
Attorney and Counselor at Law
P. O. Box 500770
Saipan, MP  96950
Tel.:    +1 (670) 989-2797
Fax:    +1 (808) 356-1349
Email: scwlaw.spn@gmail.com

*In Pro Per*

FILED
Clerk
District Court

FEB − 4 2016

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

IN RE STEPHEN C. WOODRUFF,    )    Case No. 1:13-MC-00061
                              )
                              )    **RESPONDENT'S REPLY TO**
           **Respondent.**    )    **PROSECUTOR'S OPPOSITION TO**
                              )    **RESPONDENT'S MOTION FOR**
                              )    **DISCLOSURE AND PRODUCTION**
                              )
_____)

Respondent, Stephen C. Woodruff, has asked this Court for an order directing disclosure to Respondent of the identity of the members of the LDR 4(b) Disciplinary Committee, and production to Respondent of a complete copy of the LDR 5 report of the investigating attorney to the Disciplinary Committee, along with the dates on which the investigating attorney reported to the Disciplinary Committee; the Disciplinary Committee recommended prosecution in this matter, and a prosecuting attorney was appointed pursuant to LDR 8(a). The court-appointed prosecuting counsel opposes.

Prosecuting counsel provides not a single substantial reason for his opposition. Why he would oppose – outside of just pure competitive, adversarial stubbornness – is unfathomable. Instead of articulating a substantial basis for maintaining secrecy about these matters, prosecuting counsel counters Respondent's request with two specious prongs. First, he suggests that Respondent failed to satisfy a nonexistent duty: "What Woodruff has not done is to provide a single reason why disclosure and production is required." Opposition at 2. Of course, this

contention is not even true; Respondent's request quoted the rules requiring performance of the actions as to which Respondent seeks disclosure and production. All of these rules are stated in mandatory terms. As such, those rules clearly establish elements of the process due Respondent. A procedural right is obviously meaningless if the individual entitled to that right has no means to confirm whether it was satisfied *vel non*. Under such a circumstance, a system of law instantaneously degenerates into something out of Kafka.

Moreover, Respondent's request quoted from his own email to prosecuting counsel in which he pointed out to prosecuting counsel that Respondent's right to the information sought "is fundamental to due process and implicit in the rules." Secondly, prosecuting counsel contrived to classify the disclosure and production sought by Respondent as "discovery" in order to harness LDR 14(d) to the service of non-transparency.[1] This is a gross perversion of the purpose of LDR 14(d), which is intended to streamline proceedings and limit traditional discovery methods, such as *subpoena duces tecum* and deposition, particularly as directed to third parties, to situations where shown to serve the interests of justice. It certainly is not intended to override or undermine explicit procedural rights set out in the rules.

Prosecuting counsel further argues that Respondent's "intent is to raise issues outside the merits of his own conduct." Opposition at 2. Respondent's intent is irrelevant. Respondent plainly is entitled to the procedural protections provided by rules. The rules provide a gate-keeping function for the Disciplinary Committee so that only matters truly meriting prosecution are brought before the Court for hearing and decision. Respondent is genuinely perplexed as to

---

[1] Prosecuting counsel's argument that Respondent's motion (any application for an order is a motion, irrespective of how styled, notwithstanding prosecuting counsel's use of quotation marks around the word "motion" and his characterization of it as "a request, and nothing more") lacked "an attached memorandum of points and authorities" is almost too silly to merit reply. A motion must state the grounds therefor, which Respondent did, quoting the relevant rules, and a simple motion, in which all the points and authorities easily can be set forth in the motion proper, obviously does not need to be supported with an additional "attached memorandum of points and authorities."

how this six-year old matter, in which the complaining party for three years lodged no complaint other than in the Ninth Circuit (which complaint the Ninth Circuit did not deem substantial enough to pursue), in which the complainant filed a complaint in this Court only in reaction to publicity relating to Respondent's CNMI disciplinary proceedings, and which has no meaningful nexus to Respondent's current fitness to practice in this Court could be deemed worthy of prosecution. This is a substantial question that is magnified by the exceedingly long delay between the complaint by Murugesan and the commencement of prosecution here. Prosecuting counsel simply condemns Respondent and presumes his guilt. That is improper. The duty of a prosecutor is to ensure that justice is done, not simply to prevail in the cause. ABA STANDARDS FOR CRIMINAL JUSTICE: PROSECUTION AND DEFENSE FUNCTION (3d ed. 1993) 3-1.3(c).

Finally, Respondent emphasizes that the disclosure and production he seeks relates to explicit requirements of the Local Disciplinary Rules that Respondent is absolutely entitled to confirm were satisfied. *See Hollingsworth v. Perry,* 558 U.S. 183, 184, 191, 130 S. Ct. 705, 706, 710, 175 L. Ed. 2d 657 (2010)(per curiam). Additionally, Respondent cannot determine whether the process was tainted by conflict of interest or other irregularities without the requested information. The real question is not what justification Respondent has provided for disclosure and production but what Prosecuting Counsel is seeking to conceal by stonewalling.

Prosecuting counsel goes to considerable lengths to argue about Respondent's request for relevant dates but in the end concedes that the date of the investigating attorney's report and the date of recommending prosecution are relevant.[2] Thus, the entire discussion appears to have

---

[2] The prosecuting counsel accuses Respondent of "misrepresent[ing] what is written in Rule 5(a)." Opposition at 3. This accusation is unwarranted and untrue. Respondent did not cite Rule 5(a) and therefore could not possibly have misrepresented what was written in it. To the contrary, Respondent said "the local disciplinary rules require." Prosecuting counsel admits that LDR 6(b) imposes the obligation claimed by Respondent on the Disciplinary Committee but suggests that the same obligation of reasonable diligence does not extend to the investigating attorney. That suggestion is without merit. As prosecuting counsel points out, LDR 5(a) requires the investigator to "conduct such an investigation as is warranted by the circumstances and shall submit a report to the Disciplinary Committee[.]" A duty of diligence is implicit in this

been for the purpose of suggesting that the date of appointment of prosecuting counsel should be withheld. Respondent can perceive no justification for concealment of this information. The date prosecuting counsel was appointed is certainly relevant to evaluation of prosecuting counsel's diligence in pursuing the complaint, the regularity of the proceedings against Respondent, and other due process considerations. Respondent and the public are both entitled to the kind of transparency that ensures confidence in the integrity of the proceedings.[3]

WHEREFORE, the Court should, as requested, enter an order directing disclosure to Respondent of the identity of the members of the LDR 4(b) Disciplinary Committee, and production to Respondent of a complete copy of the LDR 5 report of the investigating attorney to the Disciplinary Committee. Disclosure and production should include the date on which the investigating attorney reported to the Disciplinary Committee, the date on which the Disciplinary Committee recommended prosecution in this matter, and the date on which a prosecuting attorney was appointed pursuant to LDR 8(a).

---

language, especially in light of the explicit requirement of action within a "reasonable time" by the Disciplinary Committee that is to receive the report. The obligation on the investigator to submit a report is mandatory, and "such an investigation as is warranted by the circumstances" certainly is not one marked by unnecessary delay or superfluous engagements.

[3] The fact that proceedings are sealed does not diminish the interest of the public, because the entire purpose of disciplinary proceedings is protection of the public and upholding the integrity of the courts and the legal profession.

Dated this 4th day of February, 2016.

Respectfully submitted,

STEPHEN C. WOODRUFF
Respondent