F I L E D
Clerk
District Court

MAR 29 2016

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| In Re: | ) **DISCIPLINARY CASE: UNDER SEAL** |
| | ) |
| STEPHEN C. WOODRUFF, | ) 1:13-MC-00061 |
| | ) |
| Respondent. | ) ORDER ON PROCEDURES AND |
| | ) STANDARDS FOR MERITS HEARING |
| | ) |
| | ) |

On March 23, 2016, the Court held a status conference in this matter, which was set for a merits hearing on March 30. Prosecuting Counsel Rexford Kosack and Respondent Stephen Woodruff appeared.

Prosecuting Counsel gave notice that if Respondent is found liable at the merits hearing, he will seek to introduce evidence of relevant conduct as an aggravating factor during the sanctions phase. Evidence of uncharged conduct related to the allegations in the underlying disciplinary complaint may not be introduced in the liability phase, but may be presented as an aggravating factor in the sanctions phase so long as the respondent attorney has adequate notice and a meaningful opportunity to respond. *In re Storment,* 786 N.E.2d 963, 975 (Ill. 2002); *In re Silverton,* 113 P.3d 556, 564 n.4 (Cal. 2005); *Lawyer Disciplinary Bd. v. Grafton,* 712 S.E.2d 488, 497 (W. Va. 2011); Standards for Imposing Lawyer Sanctions § 9.2 (Am. Bar Ass'n 1986, as amended 1992) (listing "a pattern of misconduct" and "multiple offenses" as aggravating factors "that may justify an increase in the degree of discipline to be imposed").

Respondent, who has been proceeding pro se, informed the Court of his efforts to retain counsel to represent him. Respondent requested a continuance of the merits hearing to allow time for him to follow through with his inquiries to obtain counsel and to prepare to respond to relevant-conduct evidence. Prosecuting Counsel agreed to a brief continuance.

The Court found that Respondent had shown good cause for a continuance and reset the merits hearing to commence before the Judicial Panel on **May 23, 2016, at 9:00 a.m.** The Court set a status conference for **May 9, 2016, at 1:30 p.m.** The Court ordered Respondent to

1

promptly notify the Court and Prosecuting Counsel if he retains counsel to represent him in this matter.

The Court now **FURTHER ORDERS RESPONDENT** that if he is unable to retain counsel, he shall so inform the Court and Prosecuting Counsel by filing a declaration **no later than Monday, May 2, 2016.**

The Court set a deadline of **April 18, 2016,** for Prosecuting Counsel to disclose to Respondent any and all evidence he intends to present at the merits hearing, including evidence of relevant conduct.

The Local Disciplinary Rules of the District for the Northern Mariana Islands do no state the standard of proof for establishing attorney misconduct. Attorney discipline proceedings are quasi-criminal in nature. *In re Ruffalo,* 390 U.S. 544, 551 (1968). In quasi-criminal proceedings, where the individual has an important interest that goes beyond mere money, proof is generally required by clear and convincing evidence. *Mutual of Enumclaw Ins. Co., v. McBride,* 667 P.2d 494, 498–99 (Or. 1983) (citing *Santosky v. Kramer,* 455 U.S. 745, 756 (1979)); *Ferris v. Turlington,* 510 So.2d 292, 294 (Fla. 1987) (holding that the "correct standard for the revocation of a professional license . . . is that the evidence must be clear and convincing"). Clear and convincing evidence is required in the Commonwealth of the Northern Mariana Islands. NMI R. Att'y Disc. & P. 13(j). This is the standard in most jurisdictions. Restatement (Third) of the Law Governing Lawyers (Am. Law Inst. 2000), introductory note to ch. 1, topic 2, title C. For these reasons, the Court now adopts clear and convincing evidence as the standard of proof in attorney discipline proceedings.

Hearing procedure will otherwise comport with LDR 10(f).

SO ORDERED this 29th day of March, 2016.

RAMONA V. MANGLONA
Chief Judge