Stephen C. Woodruff
Attorney and Counselor at Law
P. O. Box 500770
Saipan, MP 96950
Tel.:   +1 (670) 989-2797
Fax:   +1 (808) 356-1349
Email: scwlaw.spn@gmail.com

*In Pro Per*

F I L E D
Clerk
District Court

MAY 1 1 2016

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **IN RE STEPHEN C. WOODRUFF,** ) | **Case No. 1:13-MC-00061** |
| ) | |
| ) | |
| **Respondent.** ) | **RESPONDENT'S NOTICE RE:** |
| ) | **ORDERS FROM MAY 9, 2016** |
| ) | **STATUS CONFERENCE** |
| ) | |
| _____ ) | |

COMES NOW, Respondent, Stephen C. Woodruff, and hereby provides notice per the orders of the Court at the May 9, 2016 Status Conference herein.

Respondent first apologizes for his absence from the May 9, 2016 status conference. Respondent's non-attendance was the result of inadvertence, an oversight arising out of the stress and distraction of dealing with a family emergency during the preceding two weeks, which disrupted Respondent's schedule and responsibilities.

As of the present date, Respondent has been unable to obtain counsel to represent him in this matter. However, Respondent is still talking with a couple of attorneys about the possibility.

Respondent acknowledges timely receipt of discovery from the Prosecuting Counsel of materials he may seek to introduce in what he has referred to as the possible "penalty phase" of this case. Respondent notes that these materials almost entirely overlap with the charges that provided the basis for the disciplinary action taken by the Commonwealth judiciary, which is the subject of the separate reciprocal discipline case in this court, Miscellaneous Case 13-0004.

-1-

Respondent believes any overlap between this case and the reciprocal discipline case is inappropriate and in derogation of his due process rights.  Respondent further believes that use of any such material in this case would necessitate the recusal of both Chief Judge Manglona and Designated Judge Naraja from the three-judge Judicial Panel hearing this case.

Respondent again notes the lack of urgency in deciding this matter in view of the timeline of the events in question, the time and manner of the client complaint, the length of the investigation, and the leisurely commencement of prosecution of this matter – coupled with the fact of the reciprocal discipline proceeding.  Respondent respectfully submits that the interests of continuity and judicial economy, as well as fundamental fairness, all counsel a stay of this matter until after the reciprocal discipline case is adjudicated.

Respondent further gives notice that it is his position that all questions not of a purely procedural nature in this matter jurisdictionally henceforth are required to be decided by the full Judicial Panel, based on the reasoning of *Shapiro v. McManus*, 136 S. Ct. 450 (2015).

Respondent further notes that the Court has yet to issue a written decision on his Motion for Disclosure and Production as indicated in the Court's February 25, 2016 Decision and Order Denying Respondent's Motion to Dismiss.  (ECF No. 31).  Order at 1 n.1.  Respondent respectfully submits that the issue presented in his motion affects his substantial due process rights and needs to be decided by the full Judicial Panel.[1]

SUBJECT TO THE AFORESAID, Respondent will be prepared to proceed with or without counsel on May 23, 2016.

---

[1] Respondent also, on March 20, 2016, called to the attention of the office of the Clerk of Court that the declaration he filed with his Motion for Disclosure and Production (ECF No. 20) did not appear on the docket.  Respondent is unaware of whether this has yet been corrected.

Dated this 11th day of May, 2016.

Respectfully submitted,

STEPHEN C. WOODRUFF
Respondent