Stephen C. Woodruff
Attorney and Counselor at Law
P. O. Box 500770
Saipan, MP 96950
Tel.:   +1 (670) 989-2797
Fax:   +1 (808) 356-1349
Email: scwlaw.spn@gmail.com

*In Pro Per*

F I L E D
Clerk
District Court

MAY 1 3 2016

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

IN RE STEPHEN C. WOODRUFF,    )    Case No. 1:13-MC-00061
                              )
                              )
    Respondent.               )    RENEWED MOTION FOR
                              )    DISCLOSURE AND PRODUCTION,
                              )    TO FULL JUDICIAL PANEL
                              )
_____ )

COMES NOW, Respondent, Stephen C. Woodruff, and hereby renews, for consideration by the full Judicial Panel, his motion for an Order directing disclosure of the identity of the members of the Disciplinary Committee appointed pursuant to Local Disciplinary Rule ("LDR") 4(b), production to Respondent of a complete copy of the report to the Disciplinary Committee required by LDR 5, and disclosure of related information, including relevant dates, filed herein on January 26, 2016, as ECF No. 20.[1]

Said motion was argued, together with Respondent's motion to dismiss, on February 11, 2016. At the hearing the Court orally supplied some of the dates requested, but no written decision ever issued. In its written decision denying Respondent's motion to dismiss, entered on February 25, 2016, ECF No. 31, the Court indicated its intention of addressing the motion for

---

[1] Together with the motion, Respondent filed a declaration in support of the motion. However, as of March 29, 2016, the declaration did not appear on the docket. Respondent brought this to the attention of the office of the Clerk of Court but does not presently know whether this omission has been corrected. Accordingly, a true copy of the declaration is appended hereto as Annex "A".

-1-

disclosure and production in a separate order. *Id.* at 1 n.1. The contemplated written decision has not yet issued.

Respondent believes due process requires full and formal disclosure of all the information requested and production of all of the documents requested. The procedures leading up to prosecution of disciplinary charges in this Court are not merely hortatory; they are fundamental safeguards to the fairness of the process. Indeed, this Court has said as much itself, in its denial of Respondent's motion to dismiss:

> A disciplinary complaint, unlike a civil complaint, has already been tested. The initial complaint is referred to a member of the Court's bar for investigation. LDR 4(b). After giving the respondent attorney an opportunity to submit evidence and statements, the investigator prepares a report for a three-member disciplinary committee composed of members of the Court's bar. LDR 5, 6(a). Based on the report, the disciplinary committee determines whether the matter warrants further consideration and so informs the Chief Judge. LDR 7. If prosecution is recommended, the Chief Judge appoints a prosecuting attorney, who prepares a formal disciplinary complaint. LDR 8. *Thus, by the time a formal complaint is filed, the sufficiency of the claims of misconduct have been tested* by the investigator *and retested* by the committee members, all of whom are attorneys in the Court's bar.

ECF No. 31 at 8-9 (emphasis added). This testing and retesting of the claims of misconduct, of course, is true only if the procedures and standards specified by the disciplinary rules are scrupulously followed and all of the participants are impartial. Respondent is entitled to verify that presumption.

Respondent incorporates by reference in this renewed motion the discussion, arguments, and factual assertions contained in ECF No. 20 and his supporting declaration (Annex "A" hereto).

WHEREFORE, the Judicial Panel should enter an order directing disclosure to Respondent of the identity of the members of the LDR 4(b) Disciplinary Committee, and

production to Respondent of a complete copy of the LDR 5 report of the investigating attorney to the Disciplinary Committee. Disclosure and production should include the date on which the investigating attorney reported to the Disciplinary Committee, the date on which the Disciplinary Committee recommended prosecution in this matter, and the date on which a prosecuting attorney was appointed pursuant to LDR 8(a).

Dated this 12th day of May, 2016.

Respectfully submitted,

STEPHEN C. WOODRUFF
Respondent

Stephen C. Woodruff
Attorney and Counselor at Law
P. O. Box 500770
Saipan, MP  96950
Tel.:    +1 (670) 989-2797
Fax:    +1 (808) 356-1349
Email: scwlaw.spn@gmail.com

*In Pro Per*

COPY of
Original Filed
on this date

JAN 2 6 2016

Clerk
District Court
for the Northern Mariana Islands

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

IN RE STEPHEN C. WOODRUFF,     )     Case No. 1:13-MC-00061
                               )
                               )
           Respondent.         )     DECLARATION OF
                               )     STEPHEN C. WOODRUFF
                               )
                               )
_____)

I, Stephen C. Woodruff, declare and state, under penalty of perjury, as follows:

1.  I am the Respondent in the above-captioned matter.

2.  I make this declaration in support of my motion for disclosure and production filed herewith.

3.  On January 3, 2016, I emailed the court-appointed prosecuting counsel regarding this matter.  That email included the following passages:

> I do not even know who the members of the Disciplinary Committee are, and I have not been provided with a copy the LDR 5 report.

> It is difficult to fully and properly answer the complaint without this information.  Compliance with LDR 4-8 are jurisdictional prerequisites to an ethical complaint in the district court.

4.  Court-appointed prosecuting counsel replied, in relevant part:

> I am not aware of any rule that indicates you are entitled to a report of the Disciplinary Committee.  I do know that you can answer the complaint without any materials from the Disciplinary Committee.  Each allegation

-1-                    **ANNEX "A"**

is a straightforward allegation of fact of which you have personal knowledge.

5. Prosecuting counsel did not respond directly to the question of the membership of the Disciplinary Committee.

6. I replied to prosecuting counsel's position, as follows:

> I do not need a rule to be entitled to know the composition of the Disciplinary Committee and get a copy of the report of the DC. It is fundamental to due process and implicit in the rules.

7. Prosecuting counsel made no further response to my inquiry.

8. It is to be noted that I initially assumed that prosecuting counsel's reply was responsive to my original email and thus too quickly wrote "report of the DC" – tracking prosecuting counsel's language – when I should have written "report to the DC."

I, Stephen C. Woodruff, declare and state, under penalty of perjury under the laws of the United States of America, that this declaration is true and correct and is based on my personal knowledge.

Executed this 26th day of January, 2016, on the island of Saipan, Commonwealth of the Northern Mariana Islands.

STEPHEN C. WOODRUFF
Respondent

-2-