F I L E D
Clerk
District Court
MAY 13 2016
for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| In Re: | ) DISCIPLINARY CASE: UNDER SEAL |
| | ) |
| STEPHEN C. WOODRUFF, | ) 1:13-MC-00061 |
| | ) |
| Respondent. | ) DECISION AND ORDER GRANTING IN |
| | ) PART AND DENYING IN PART |
| | ) RESPONDENT'S RENEWED MOTION |
| | ) FOR DISCLOSURE AND PRODUCTION |
| | ) |
| | ) |

## I.      INTRODUCTION

Before the Court is Respondent's Renewed Motion for Disclosure and Production, to Full Judicial Panel, filed May 13, 2016 (ECF No. 39). Attached to the Renewed Motion is a Declaration of Respondent dated January 26, 2016. Respondent's initial Motion for Disclosure and Production (ECF No. 20) came before the Court for a hearing on February 11, 2016. After reviewing the briefing papers[1] and considering the oral arguments of the Respondent, who is proceeding pro se, and Prosecuting Counsel Rexford C. Kosack, the Court granted the Motion for Disclosure and Production in part and denied it in part, and disclosed certain dates on the record. This Decision and Order elaborates on that ruling and orders one further disclosure, with respect to the evidence and statements submitted to the investigating attorney and attached to the investigation report.

## II.      DISCUSSION

Respondent asks the Court to order the prosecutor to disclose and produce the following: (1) the identity of the members of the disciplinary committee ("DC"); (2) a complete copy of

---

[1] Opposition to Motion for Disclosure and Production, ECF No. 22; Respondent's Reply to Prosecutor's Opposition to Respondent's Motion for Disclosure and Production, ECF No. 28; Notice of Errata in Respondent's Reply to Opposition to Motion to Dismiss, ECF No. 29.

the report that the investigator submitted to the DC; (3) the date that the investigator submitted the report; (4) the date the DC recommended prosecution to the Chief Judge; and (5) the date the Chief Judge appointed the prosecutor.

Under this Court's Local Disciplinary Rules ("LDR"), once a complaint has been received about an attorney, the Chief Judge appoints an investigating attorney and a disciplinary committee composed of three bar members. LDR 4(b). After giving the attorney under investigation a reasonable opportunity to respond to the allegations, the investigator prepares a report and submits it, along with witness statements and other evidence, to the DC. LDR 5. The DC must review the report and take action "[w]ithin a reasonable time." LDR 6(b). If the DC "determines the matter warrants further consideration," the Chief Judge must appoint a three-judge judicial panel, composed of the Chief Judge and two designated judges, to hear the matter. LDC 7(b). The prosecutor then prepares and files a formal complaint and serves it on the respondent attorney, who has 20 days to answer it. LDC 8(b), 10(a), 10(b). A hearing on the merits takes place within 90 days after the complaint has been served. LDC 10(c).

The LDR do not provide for discovery as a regular part of disciplinary procedure. "There shall be no discovery proceedings except upon order of the Court." LDR 14(d). The respondent attorney has the subpoena power to compel the attendance of witnesses and the production of documents at depositions. LDR 14(c). That provision seems to anticipate circumstances that would call for pre-hearing discovery, although sometimes depositions are taken to preserve testimony and evidence for the merits hearing.

The LDR do not require that the requested names, dates, and documents be kept under seal or withheld from the respondent attorney. Nor do they provide for disclosure.

Respondent asserts that he is entitled to these disclosures as "fundamental to due process and implicit in the rules." (Reply 2.) The Court understands this to have two components: (1) process that is constitutionally due to Respondent as a matter of fundamental fairness, and (2) process granted to him under the LDR.

An attorney subject to disbarment "is entitled to due process, including notice and an opportunity to be heard." *In re Corrinet,* 645 F.3d 1141, 1145 (9th Cir. 2011). "Before a judgment disbarring an attorney is rendered he should have notice of the grounds of complaint against him and ample opportunity of explanation and defence." *Ex parte Robinson,* 86 U.S. 505, 512 (1873). It follows that if a respondent attorney needs information in the prosecutor's possession in order to defend himself adequately against disciplinary charges, the information must be disclosed.

Respondent has not articulated a reason why he needs any of the requested information to mount an effective defense on the merits. The closest he comes is in his Reply, where he suggests that the complainant's delay in lodging a complaint shows a bad motive ("the complaining party for three years lodged no complaint other than in the Ninth Circuit [and] filed a complaint in this Court only in reaction to publicity relating to Respondent's CNMI disciplinary proceedings"); and that the six years that have passed since the alleged misconduct took place make it too remote to show a "meaningful nexus to Respondent's current fitness to practice in this Court" (Reply 3). A former client's motive in complaining does not bear on whether Respondent handled his case incompetently and displayed a lack of diligence, as the prosecutor charges. The remoteness of the conduct might bear on the appropriate sanction, particularly if the misconduct is an isolated incident and Respondent has already taken effective corrective measures. But it is not a defense to the charge. Moreover, none of the requested

information would support Respondent's theory. The only relevant date would be the date his former client lodged a complaint, but that's not one of the dates he asks for. The identity of the DC members is irrelevant to a merits defense. The formal complaint, which outlines the charges in considerable detail, provides adequate notice of the charges against the Respondent. Because the requested disclosures are not needed to in order to give Respondent fair notice of the charges and an opportunity to be heard, disclosure of the requested information and documents is not constitutionally compelled.

Respondent's second argument is that the LDR give him a right to know the names of the DC members and the requested dates and to see the investigator's report. Rights expressly granted in local rules must be accorded to parties, for "the district court may not disregard the local rules it has promulgated[.]" *Standing Comm. on Discipline of the Central Dist. of California,* 55 F.3d 1430, 1435 n.8 (9th Cir. 1995). Thus, if local disciplinary rules explicitly adopt one of the Federal Rules of Civil Procedure ("FRCP"), that rule may not be disregarded. *Id.* (requiring district court to allow discovery where local rules expressly made FRCP 26 applicable to disciplinary matters). The corollary is that the Court is not obliged to follow the FRCP when the local rules do not mandate it. This Court's LDR have not adopted any of the federal discovery rules.

Even if the LDR do not provide for discovery, Respondent asserts that he has a right to any and all procedural safeguards expressly set forth therein, and that he is "entitled to confirm [they] were satisfied." (Reply 3.) The Court agrees that procedures made mandatory by the local rules must be followed. "It is well-settled that federal district courts are bound by their own disciplinary rules when proceeding against attorneys for violation of ethical standards. *Matter of Thalheim,* 853 F.2d 383, 386 (5th Cir. 1988) (per curiam). "When a court undertakes to sanction

an attorney for violating court rules, it is incumbent upon the sanctioning court to observe scrupulously its own rules of disciplinary procedure. . . . [A]ttorneys have a right to rely upon the rules. A court cannot ignore and circumvent its rules at will to the detriment of those covered by them." *Id.* at 390. In *Matter of Thalheim,* the Fifth Circuit reversed an attorney's suspension from practice as procedurally invalid because contrary to local rule, a merits hearing was conducted despite the disciplinary panel's recommendation that further proceedings were not warranted. *Id.* at 385. In that case, the prejudice to the attorney is clear, for had the local rules been followed, the matter would have ended without sanction.

LDR 6(b) states: "Within a reasonable time, the Disciplinary Committee shall review all reports forwarded to it by the investigating attorney(s) and take such action pursuant to these Rules as it deems appropriate." Respondent maintains that to determine whether he has received the benefit of this requirement, he needs to know the date when the report was forwarded to the DC and the date the DC made its recommendation to the Chief Judge. The Court agrees. The prosecutor objects that the "reasonable time" language is aspirational. (Opp'n 3.) That is not so. The word "shall" is "unambiguously mandatory." *Myers v. United States,* 652 F.3d 1021, 1029 (9th Cir. 2011). The prosecutor wonders how the Court is to determine whether the time the DC took was reasonable, and what the remedy would be if the time was unreasonable. (Opp'n 3.) Yet courts are used to determining what is and isn't reasonable. "Trial courts are called on daily to determine what is 'reasonable' in a variety of contexts." *United States v. Edwards,* 595 F.3d 1004, 1023 n.8 (9th Cir. 2010) (Bea, J., concurring in part and dissenting in part). Even "an implicit 'reasonable time' limitation" may be "subject to federal-court review." *Zadvydas v. Davis,* 533 U.S. 678, 682 (U.S. 2001). As to remedy, the Court will cross that bridge if and when it comes to it.

The other information that Respondent requests is not necessary to insure he has received the process that the LDR provides. LDR 6 mandates that "[t]he Disciplinary Committee shall consist of three attorneys who are admitted to the Bar of this Court." Respondent does not doubt that the three members of the DC appointed in this matter are bar members, but he wants their names so that he can "determine whether the process was tainted by conflict of interest." (Reply 3.) Before making the appointments, the Court satisfied itself that each attorney was without conflict. This does not satisfy Respondent, as he has had a previous experience of being prosecuted for an ethics violation by an attorney who represented himself as conflict-free but whom a court later determined was conflicted. However, while a conflict-free disciplinary committee is an aspirational goal, it is not required by due process. Because the disciplinary committee itself does not have authority to impose sanctions, "[s]o long as the judges hearing the misconduct charges are not biased . . . , there is no legitimate cause for concern over the composition and partiality of the . . . Committee." *Standing Comm.,* 55 F.3d at 1436.

Lastly, the LDR do not compel disclosure of the investigator's report. The requirements under LDR 5 are that such a report be submitted to the Disciplinary Committee; that it include witness statements, all documentary evidence, and a summary of findings, but not recommended disciplinary action; and that the respondent attorney be given a reasonable opportunity to submit evidence and that such evidence be attached to the report. Respondent has not identified a specific concern about compliance with LDR 5. He has not, for example, claimed that he was not given an opportunity to respond to the initial complaint or to submit evidence in his favor. He just wants to assure himself that he has received all the process he is due under the LDR.

In determining which, if any, portions of the report to order disclosed to Respondent, the Court considers how Respondent might be prejudiced by nondisclosure. Generally, there is no due process violation without a showing of prejudice. *See Camacho v. White,* 918 F.2d 74, 79 (9th Cir. 1990) (parole proceeding); *Pagayon v. Holder,* 675 F.3d 1182, 1191–92 (9th Cir. 2011) (deportation proceeding). Respondent is not prejudiced by not knowing what inculpatory evidence was presented to the DC with the report or by not seeing the investigator's summary of findings. Because the report will not be reviewed by the Judicial Panel or submitted in evidence at the merits hearing, Respondent does not need to prepare a response to it.

However, Respondent may suffer prejudice if relevant evidence and statements he submitted to the investigator were not attached to the investigation report, as required by LDR 5(c). Such material might arguably convince the DC that the complaint is unfounded or trivial, and might induce the DC to determine that the matter does not warrant further consideration. In that circumstance, a prosecutor would not be appointed and the matter would end without sanctions. Respondent has no way of knowing whether his submissions were actually passed along to the DC. Therefore, the Court will order that the investigating attorney swear out an affidavit identifying with particularity all evidence and statements that he received from Respondent and attached to the investigation report.

## III.   CONCLUSION

Respondent's Motion for Disclosure and Production is GRANTED IN PART and DENIED IN PART, as follows:

(1) The request to identify the members of the disciplinary committee is DENIED.

(2) The request to provide Respondent with a copy of the investigation report is DENIED. However, the Court ORDERS the investigating attorney, Sean E. Frink, to submit to

the Court under seal, no later than Tuesday, May 17, 2016, a declaration affirming that all Respondent's evidence and statements were attached to report to the Disciplinary Committee as required by LDR 5(c). The Clerk is directed to provide a copy of this order to Mr. Frink and to send a copy of Mr. Frink's declaration to Respondent.

(3) The request for dates is GRANTED. The Court discloses that the investigation report, which was sent to the disciplinary committee but is not filed on CM-ECF, was dated March 19, 2015; that the disciplinary committee referred the matter to the Chief Judge for prosecution in a writing signed April 16, 201, and filed April 20, 2015 (ECF No. 8); and that the Chief Judge appointed prosecuting counsel by an order signed April 21, 2015, and filed April 22, 2015 (ECF No. 9). At the hearing on this motion, it was disclosed that the initial complaint was filed on October 10, 2013 (ECF No. 1).

(4) The request for the Renewed Motion to be considered by the Judicial Panel is DENIED. The Local Disciplinary Rules do not require motions to be submitted to the panel, and Respondent has not shown that submission to the panel is needed to satisfy due process.

SO ORDERED this 13th day of May, 2016.

_____
RAMONA V. MANGLONA
Chief Judge