F I L E D
Clerk
District Court

MAY 23 2016

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

In Re:                                    ) **DISCIPLINARY CASE: UNDER SEAL**
                                          )
STEPHEN C. WOODRUFF,                      ) 1:13-MC-00061
                                          )
        Respondent.                       ) **ORDER DENYING MOTION TO STAY**
                                          ) **PROCEEDINGS**
                                          )
                                          )
                                          )

## I.       INTRODUCTION

Before the Court is Respondent's Motion to Stay Proceedings (ECF No. 42), filed three days before the scheduled commencement of the merits hearing in this matter. The Motion to Stay came on for a hearing at 9:00 a.m. on May 23, 2016, before the Judicial Panel, consisting of the undersigned, the Honorable Robert C. Naraja, Presiding Judge of the Commonwealth Superior Court, and the Honorable Teresa Kim-Tenorio, Associate Judge of the Commonwealth Superior Court. Respondent appeared pro se. Prosecuting Counsel Rexford Kosack also appeared.

The Motion to Stay asks for three different stays: (1) a stay pending disposition of a separate, reciprocal-discipline case also pending against Respondent in this Court; (2) a stay "for such time as necessary for Respondent to obtain counsel" (Motion to Stay, p. 13); and (3) a stay so that Respondent may take an interlocutory appeal from the Court's May 13 order granting in part and denying in part his Motion for Disclosure and Production (ECF No. 40). In addition, Respondent asserts that the Motion to Stay should be submitted for decision to the full Judicial Panel, about whose composition he raises "concerns" (Motion to Stay, pp. 11–12), and suggests the possible need for the undersigned and Judge Naraja to recuse themselves.

1

## II.    AUTHORITY OF THE CHIEF JUDGE

First, the Court addresses the question of who should decide the Motion to Stay. In a previous filing, Respondent asserted that "all questions not of a purely procedural nature in this matter jurisdictionally henceforth are required to be decided by the full Judicial Panel, based on the reasoning of *Shapiro v. McManus,* 136 S. Ct. 450 (2015)." (Respondent's Notice Re: Orders from May 9, 2016 Status Conference, ECF No. 37, p. 2.) One would think that a motion to stay proceedings is a procedural matter and therefore, even on Respondent's theory, need not be submitted to the Judicial Panel. *Cf. AM Int'l, Inc., v. United States,* 227 Ct. Cl. 632 (1981) ("We think that the wisest course at this stage would be to remit these various procedural matters – including the question of the stay [of proceedings] – to the sound discretion of the trial judge"). Even if the Motion to Stay is "not of a purely procedural nature," the reasoning of *Shapiro* does not require that it be decided by the full panel. *Shapiro* is about the district judge's lack of discretion to refuse to refer a matter to a three-judge court when a specific statute – in that case involving congressional redistricting, 28 U.S.C. § 2284 – requires referral. The holding is based on the statutory language, not a constitutional due-process right that would apply to three-judge panels in attorney discipline cases controlled by local rule, not § 2284. Nor does it stand for the principle that once a matter has been so referred, all motions must be decided by the full panel. Even when a § 2284 case has been referred to a three-judge court, "[a] single judge may conduct all proceedings except the trial, and enter all orders permitted by the rules of civil procedure except as provided in this subsection." 28 U.S.C. § 2284(b)(3).

Local Disciplinary Rule 7(b) commands that when the Disciplinary Committee has referred a matter for further consideration, the Chief Judge "will then appoint *to hear the matter* a three-judge Judicial Panel . . ." (emphasis added). The Local Disciplinary Rules do not require

that pre-hearing motions of any kind be submitted to the full panel. Respondent has not made a showing that the determination of such motions by the Chief Judge alone is constitutionally infirm. Because the Local Disciplinary Rules consign to the Judicial Panel only the hearing itself, the Chief Judge retains authority to rule on all other matters, including this Motion to Stay.

### III.    STAY PENDING DECISION ON RECIPROCAL DISCIPLINE

Respondent has been disbarred by the CNMI Supreme Court. In a separate disciplinary case, No. 1:13-MC-00004, this Court will decide whether to impose reciprocal discipline under LDR 16. Respondent notes that a decision in that matter could moot this one. He asserts that fairness and efficiency counsel staying the merits hearing pending the outcome of the reciprocal-discipline case. (Motion to Stay, p. 12.) He accuses the Court of going forward with the merits hearing "in an attempt to end run the reciprocal discipline case." (*Id.*)

Absent a showing of good cause, "[p]rosecution of a complaint shall not be deferred or abated because of substantial similarity to the material allegations of pending criminal or civil litigation[.]" LDR 12(a); *cf.* Model Rules for Lawyer Disciplinary Enforcement, Rule 18(7) ("Upon a showing of good cause to the board, the processing of a disciplinary matter may be stayed because of substantial similarity to the material allegations of pending criminal or civil litigation or disciplinary action."). As Respondent recognizes, the complaint from Subbaiah Murugesan about Respondent's conduct of his federal court case – the complaint that initiated the investigation in this matter – "has no relevance whatsoever to the reciprocal discipline proceeding . . ." (Motion to Stay, p. 2.) The reciprocal-discipline proceeding arises from Respondent's disbarment by the CNMI Supreme Court for ethics violations in unrelated Commonwealth court cases. No hearing is impending in No. 1:13-MC-00004; on January 19,

the Court effectively stayed those proceedings to give Respondent an opportunity to petition the CNMI Supreme Court for rehearing and to petition for certiorari to the United States Supreme Court. Hence, Respondent is not suffering a hardship from having to prepare to defend in two disciplinary matters at the same time. Under these circumstances, the Court does not find good cause to stay the proceedings pending the determination of No. 1:13-MC-00004.

### IV.    STAY TO OBTAIN COUNSEL

Respondent has been representing himself in this matter. At the first scheduling conference, on January 28, the Court advised Respondent that he has a right to be represented by counsel. (Minute Entry, ECF No. 26.) At a status conference on March 8, Respondent requested a continuance of the merits hearing set for March 16 to give him more time to secure representation, and the Court moved the merits hearing to March 30. (Minute Entry, ECF No. 32.) At a status conference on March 23, when Respondent told the Court he was still trying to retain counsel, the Court found good cause to continue the merits hearing to May 23, and set a status conference for May 9. (Minute Entry, ECF No. 34.) On March 29, the Court ordered that "if [Respondent] is unable to retain counsel, he shall so inform the Court and Prosecuting Counsel by filing a declaration no later than Monday, May 2, 2016." (Order, ECF No. 35.) Respondent did not file the required declaration.

On May 9, Respondent failed to appear. (Minute Entry, ECF No. 36.) On May 11, Respondent filed a Notice apologizing for missing the May 9 status conference and informing the Court that he had not retained counsel but was "still talking with a couple of attorneys about the possibility." (ECF No. 37, p. 1.) In the Notice, after voicing many of the same concerns he raises in the Motion to Stay, Respondent avowed: "*Subject to the aforesaid,* Respondent will be prepared to proceed with or without counsel on May 23, 2016." (*Id.,* p. 3, original emphasis.) In

the Motion to Stay, he stated that he has been consulting with attorney Joe Hill regarding this matter but that Mr. Hill's obligations to other clients do not permit him to represent Respondent at the May 23 merits hearing. Respondent did not state that he has retained Mr. Hill to represent him, nor did he submit a declaration from Mr. Hill as to the status of discussions with Respondent concerning whether to take on the representation. Mr. Hill has not entered an appearance in this matter.

At the start of the hearing on May 23, in response to questions from Judicial Panel members, Respondent stated that Mr. Hill is willing to represent him but is concerned about scheduling. The undersigned observed that Mr. Hill has not declared to the Court that he would represent Respondent if the Court would grant a continuance. Judge Naraja noted that Mr. Hill was not present in the courtroom to speak to the Court on this question. Respondent stated that he had not thought to ask Mr. Hill to attend. Judge Kim-Tenorio asked Respondent if Mr. Hill had told him how long of a continuance he would need, and Respondent replied that Mr. Hill has not given a specific time frame. The Court then had the deputy clerk telephone Mr. Hill. The undersigned asked Mr. Hill how much time he would need to decide whether to take Respondent's case and to tell the Court he could go forward with the merits hearing on a date certain. Mr. Hill responded that he would "need to think about it." Mr. Hill stated he could not commit to accepting the presentation until he consulted with his staff about his calendar, even if the Court were to offer him a 30-day continuance. Mr. Hill would not commit to how much time he would need to make that determination.

In a non-criminal matter such as this, Respondent's right to counsel is not guaranteed by the Sixth Amendment but emanates from his fundamental due-process rights to fair notice and an opportunity to be heard. *See In re Corrinet,* 645 F.3d 1141, 1145 (9th Cir. 2011); *Nicholson*

*v. Rushen,* 767 F.2d 1426, 1427 (9th Cir. 1985) (per curiam) (no right to counsel in civil case unless circumstances so require for due process). As a matter of due process, district judges "must adhere to their court's local rules." *Id.* at 1146. The Court's Local Disciplinary Rules do not grant a right of counsel to attorneys facing discipline.

In these circumstances, it is not fundamentally unfair to require Respondent to proceed on May 23 without assistance of counsel. Respondent has already had four months to retain counsel in a matter that the Local Disciplinary Rules contemplate should, absent good cause, be resolved within 90 days. LDR 10(c). The Court has twice continued the merits hearing to give him additional time to do so. And yet at the May 23 hearing, the attorney with whom Respondent has been consulting on this case was unable to say even how much time he would need to decide whether to accept the representation. The determination of this matter cannot be put off indefinitely. On May 9, Respondent told the Court he would be prepared to go forward on May 23 with or without counsel. The Court takes him at his word. The request for a stay to continue the search for counsel is denied.

## V.    STAY FOR INTERLOCUTORY APPEAL

Respondent complains that he has had only seven days to review the Court's Decision and Order Granting in Part and Denying in Part Respondent's Renewed Motion for Disclosure and Production ("Order on Disclosure," May 13, 2016, ECF No. 40), and needs more time to determine whether to take an interlocutory appeal from the order.

Respondent has had considerably more than seven days to explore his options. With one exception, the Order on Disclosure merely put in writing the Court's oral ruling on February 11 at the conclusion of the hearing on Respondent's Motion for Disclosure and Production (ECF No. 20). (Minute Entry, Feb. 11, 2016, ECF No. 30.) More important, Respondent's assertion

that he may be able to appeal the Order on Disclosure before a decision on the merits is meritless. The Order on Disclosure is not a final order over which the courts of appeals have jurisdiction to hear an interlocutory appeal. *See* 28 U.S.C. § 1292(a). The Court did not certify in the Order on Disclosure that it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion," 28 U.S.C. § 1292(b), a necessary condition to the appeal of otherwise nonfinal orders. Even if it had so certified, the application for an appeal would not automatically stay the proceedings in the district court. 28 U.S.C. § 1292(b).

Respondent asserts that the Order on Disclosure may be appealable under the collateral order doctrine. (Motion to Stay, p. 7.) The collateral order doctrine permits an interlocutory appeal in a small class of nonfinal orders which affect substantial rights that would effectively be lost if review were delayed until after the final judgment in the case. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 143 (1993). For example, states may invoke the doctrine to appeal orders denying them Eleventh Amendment immunity. *Id.* The test is whether the order (1) conclusively determined the disputed question, (2) resolved an important issue "completely separately from the merits of the action," and (3) was "effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468 (1978). The Order on Disclosure is not subject to appeal under the collateral order doctrine, as it is susceptible to review on appeal from a final judgment. Respondent suspects that procedural safeguards specified in the Local Disciplinary Rules have not been followed, and believes that without the disclosures that the Court denied, he is unable to determine whether he has received all the process which is his due. (Motion to Stay, p. 7.) If that is so, he will not be denied relief by having to wait until a final judgment to appeal the Order on Disclosure. If he is

found to have violated his ethical duties and is disciplined, he can notice an appeal immediately and can apply to stay the discipline pending appeal. The analogy that Respondent makes between his case and immunity cases like *Puerto Rico Aqueduct* is unsound. The right to immunity from suit is effectively lost if the suit is permitted to proceed. The right to due process is not, because the right of appeal from a final order is part of the process that is due.

## VI.    RECUSAL AND PANEL COMPOSITION

Respondent suggests that the undersigned should disqualify herself from this matter because her husband, John A. Manglona, an Associate Justice of the Commonwealth Supreme Court, signed the opinion that affirmed Respondent's disbarment from the practice of law in the CNMI. *See In Re Woodruff,* No. 3013-SCC-0030-CIV, 2015 MP 11 (N. Mar. I. Dec. 9, 2015). This District's case No. 1:13-MC-00004 will determine whether to give reciprocal effect to that judgment in this Court. The undersigned has recused herself from No. 1:13-MC-00004. (Order of Self-Recusal, Dec. 14, 2015, ECF No. 74.) In deciding whether to impose reciprocal discipline, the Court will have to examine the Commonwealth proceedings to determine whether they deprived Respondent of due process, whether sufficient proof of misconduct was presented, and whether reciprocal discipline would result in a grave injustice. *See Selling v. Radford,* 460 U.S. 46, 50–51 (1917); *In re Kramer,* 193 F.3d 1131, 1132–33 (9th Cir. 1999). A reasonable person might question whether the undersigned could impartially assess the sufficiency of legal proceedings in which her husband participated. *See* 28 U.S.C. § 455(a).

However, the original-discipline case now before the Court does not call on the Judicial Panel to review the findings and conclusions of the Commonwealth Supreme Court in *In Re Woodruff* or to opine on the sufficiency of process that Respondent received in that case.

Therefore, a reasonable question of undersigned's ability to render an impartial judgment does not arise. The suggestion of the undersigned's recusal is declined.

At the hearing, Judge Naraja addressed Respondent's suggestion that he recuse himself because of his participation in the CNMI disciplinary proceedings. Judge Naraja stated that his only involvement was to assign the matter, pursuant to his duties as Presiding Judge of the Commonwealth Superior Court, to Associate Judge David A. Wiseman, and that he did not consider that this administrative act created a reasonable question of his impartiality. He declined to recuse himself.

Respondent has not suggested that Judge Kim-Tenorio recuse herself. However, he has raised a concern that the Judicial Panel's composition did not reflect an adequate "diversity of perspectives," in part because all three panel members "are of Northern Marianas Descent[.]" (Motion to Stay, p. 12.) On the record, Judge Kim-Tenorio stated that she is not of Northern Marianas Descent. She stated that she is handling a number of small-claims matters in which Respondent is the defendant, and that they are all in the post-judgment phase. She affirmed that she has not been involved in any disciplinary case concerning Respondent in the Commonwealth Superior Court, and declared that she does not find cause to recuse herself.

Respondent is entitled to whatever subjective "concerns" he has about the composition of the three-judge Judicial Panel. But unless he can show cause for a judge to disqualify herself or himself, his concerns are no basis for a legal challenge. Disciplinary matters are tried to the bench – albeit a bench of three judges – not a jury. There is no requirement that a panel of judges be a cross-section of the community or reflect some level of "diversity of perspectives." The Court declines to accompany Respondent down this path.

//

## VII.    CONCLUSION

For the aforestated reasons, the Court DENIES the Motion to Stay Proceedings. The suggestion that the undersigned recuse herself is DENIED.

Judges Naraja and Kim-Tenorio have reviewed this Order and concur in it.

SO ORDERED this 23rd day of May, 2016.

_____

RAMONA V. MANGLONA
Chief Judge