F I L E D
Clerk
District Court

MAY 23 2016

for the Northern Mariana Islands
By_____
(Deputy Clerk)

# MINUTES OF THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS
### SEALED CASE

1:13-mc-00061                                      May 23, 2016
                                                   9:15 a.m.

**IN RE:  DISCIPLINARY ACTION OF STEPHEN C. WOODRUFF**

PRESENT:  HON. RAMONA V. MANGLONA, CHIEF JUDGE  PRESIDING
          HON. ROBERT C, NARAJA, DESIGNATED JUDGE  PRESIDING
          HON. TERESA KIM-TENORIO, DESIGNATED JUDGE PRESIDING
          DANIEL ISAAC. P. BROWN, DEPUTY CLERK
          REXFORD KOSACK, DISCIPLINARY PROSECUTOR
          STEPHEN WOODRUFF, RESPONDENT

PROCEEDINGS:    MERITS HEARING

Rexford Kosack, Disciplinary Prosecuting Counsel, was present in court. Respondent Stephen Woodruff was also present in court.

Court stated it had reviewed and received the most recent filings including the Respondent's Motion to Stay Proceedings, ECF No. [42] and Respondent's Notice of Proposed Non-Hearing Disposition, ECF No. [43], and stated it was inclined to deny to motion to stay, but asked Mr. Woodruff to provide more information on the matter of finding counsel.

Respondent Woodruff was sworn. Respondent Woodruff discussed with the judicial panel his efforts in finding counsel.  Court suggested to contact Attorney Joe Hill to clarify what is his position on this matter.

**Court recessed at 9:35 a.m. and reconvened at 9:45 a.m.**

Attorney Joe Hill appeared telephonically. The judicial panel verified if Attorney Hill was willing to represent Mr. Woodruff in this matter.  Attorney Hill told the court he is not able to represent Mr. Woodruff in this matter. Court concluded call with Attorney Hill  at 9:54 a.m.

Court then heard from Attorney Kosack.  Attorney Kosack argued in opposition to the Respondent's Motion to Stay Proceedings. Mr. Woodruff argued in response.

Court addressed Respondent's issue as to possible conflicts with the judicial panel. Court heard from Attorney Kosack. Respondent Woodruff stated his concerns. After hearing from Counsel, each member of the judicial panel briefly stated their reasons for not needing to self-recuse. Respondent Woodruff stated further remarks. The panel then concurred that the Motion to Stay Proceedings, ECF No. [42], be DENIED and said a written order will be issued.

Court then addressed Respondent Woodruff's Notice of Proposed Non-Hearing Disposition, ECF No. [43]. Attorney Kosack stated his position on this matter and argued that the offer should be rejected. Respondent Woodruff argued in response. After hearing from counsel, the judicial panel concurred that the Proposed Non-Hearing Disposition, ECF No. [43] be rejected. Court asked Counsel if they were ready to proceed with the merits hearing and Counsel affirmed.

**Court recessed at 10:55 a.m. and reconvened at 11:05 a.m.**

Attorney Kosack gave opening statements and concluded at 11:20 a.m. Respondent Woodruff declined to give any opening statement.

Attorney Kosack called  **1st Witness** to the stand:
**Stephen C. Woodruff**, Respondent. DX.

Attorney Kosack conducted the direct-examination of Respondent Woodruff. Exhibits 1, 2, 3, 4, 5, 6, 7, 7.5, 8, 9, 10, 11, 12, and 13 were presented.

**Court recessed at 12:30 p.m. and reconvened at 1:30 p.m.**

Attorney Kosack continued the direct-examination of Respondent Woodruff. Exhibits 14, 15, 16, 17, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, and 30 were presented. At 2:53 p.m., Attorney Kosack moved for all of the exhibits presented today to be admitted into evidence. Mr. Woodruff did not object. Court ordered the exhibits presented be admitted into evidence. Attorney Kosack had no further questions. Woodruff had no further questions or additional information to present.

Attorney Kosack called **2ND Witness** to the stand:
**MURUGESAN SUBBAIAH**, Petitioner. DX.

Mr. Subbaiah was sworn. Attorney Kosack conducted his direct examination of Mr. Subbaiah at 2:57 p.m. Exhibits 26 and 27 were presented again during Mr. Subbaiah's testimony. Attorney Kosack concluded his direct examination of Mr Subbaiah at 3:04p.m. Respondent Woodruff had no further questions for Mr. Subbaiah.  Court discussed filing

dates of exhibits 26 and 27. The judicial panel had no further questions for Mr. Subbaiah and he was excused at 3:07 p.m.

Respondent Woodruff provided additional information about filing dates for exhibits 26 and 27. Attorney Kosack rested his case at 3:10 p.m. Respondent Woodruff had no further information to add.

**Court recessed at 3:15 p.m. and reconvened at 3:30 p.m.**

Court told counsel the judicial panel conferred, and based on their discussions and the evidence presented, the panel is ready to proceed to receive evidence for any arguments for possible disciplinary action.

Court heard Attorney Kosack. Attorney Kosack discussed with the panel how he'd like to proceed and what he intends to file. Respondent Woodruff responded and asked for the opportunity to also file a briefs in mitigation.

After hearing from Attorney Kosack and Respondent Woodruff, Court set a deadline for Attorney Kosack to file the initial briefs for arguments on disposition by May 31, 2016. Respondent Woodruff to file any briefs in mitigation by May 31, 2016. Attorney Kosack's reply is due by 12:00pm on June 14, 2016. Attorney Kosack gave notice he will be off-island on June 17, 2016.

Court set **a Hearing on the Arguments for Sanctions on June 15, 2016 at 3:30pm**. If the judicial panel finds that a hearing is not needed then the hearing will be vacated.

Adjourned at 4:20 p.m.

/s/ Daniel Isaac P. Brown, Deputy Clerk

---

### CERTIFICATE OF OFFICIAL COURT RECORDER

I, Daniel Isaac P. Brown, certify that I am a duly appointed Deputy Clerk for the United States District Court for the Northern Mariana Islands, and I was present in the courtroom of this court on May 23, 2016. On this date during the regular course of my profession, I made electronic sound recording(s) of the proceedings, for the above entitled case. I have played back the recording and certify that it is a true and correct record of the proceedings, that is sufficiently intelligible when played on the FTR Touch, that it can be transcribed without undue difficulty, and that I have filed the original recording with the Clerk of Court, as required by 28 U.S.C. § 753(b).

---