Stephen C. Woodruff
Attorney and Counselor at Law
P. O. Box 500770
Saipan, MP 96950
Tel.:   +1 (670) 989-2797
Fax:   +1 (808) 356-1349
Email: scwlaw.spn@gmail.com

*In Pro Per*

FILED
Clerk
District Court

MAY 3 1 2016

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

IN RE STEPHEN C. WOODRUFF,       )       Case No. 1:13-MC-00061
                                 )
                                 )
        Respondent.              )       RESPONDENT'S STATEMENT RE:
                                 )       MITIGATING CIRCUMSTANCES
                                 )
                                 )
                                 )
_____)

COMES NOW, Respondent, Stephen C. Woodruff, and submits the following Statement Re: Mitigating Circumstances in accordance with the Judicial Panel's direction at the conclusion of the May 23, 2016 merits hearing.

I am writing this statement in the first person as that seems the most appropriate at this stage of the case, which has been referred to as the "disposition phase." In the proceeding prior to the merits hearing, wherein I had the dual role of respondent and my own attorney, the third person seemed required by the forms of proceeding.

I offer the following points as mitigating factors relative to the disciplinary violation in the handling of Mr. Subbaiah's 9th Circuit appeal:

(1) My acts or omissions caused little or no material harm to Mr. Subbaiah;

(2) Mr. Subbaiah's own conduct at a minimum exacerbated the situation and over time created a procedural history with appearances incongruent with reality;

-1-

(3) Despite Mr. Subbaiah's multiple highly unusual and repeated actions in the 9th Circuit case, the 9th Circuit did not perceive the matter as calling for disciplinary proceedings against me;

(4) I effectively represented, and otherwise assisted, Mr. Subbaiah in multiple matters over the years beginning in 2007 and continuing even after his 9th Circuit appeal had been dismissed;

(5) Although I am aware of two complaints that had been made, one to the CNMI Bar Association and one in this Court, in both of which I was cleared of any attorney misconduct, prior to the proceedings in Commonwealth courts against me in 2013, in more than a dozen years of private practice and nearly 20 years of law practice, no disciplinary action had ever been taken against me;

(6) Prior to the abrupt action against me by the Commonwealth Supreme Court on February 1, 2013, I had a very active law practice (with over 100 active clients on that date) dedicated principally to serving the economically disadvantaged and politically disenfranchised, often in unpopular causes, putting into practice, with exceptional dedication, the ABA admonition that an attorney serve indigent or unpopular clients and causes; (7) throughout my legal career in private practice I have conducted my practice not so much for economic gain as to provide access to justice to many who otherwise would not be served, and in many years endured financial sacrifice as a result;

(8) I have provided highly competent legal representation and advice to a very large number of clients in over 15 years of private practice, with dedication and diligence, while the quality of my trial work has been complimented by more than one judge, and including a substantial number of court-appointments, especially in the Commonwealth Superior Court and also in this Court, for which cases I have paid, as of the present date, none;

-2-

(9)  For 18 years from 1996 to late 2013, I was a victim of spousal abuse and domestic violence that was especially acute in late 2009 and the first half of 2010.

## A.    Absence of Material Harm

Unbeknownst to me until after the appeal was dismissed, Mr. Subbaiah had the cure to his problem in his own hands all along, rendering the entire appeal unnecessary.  He merely had to find an attorney willing to take on the case and ask Judge Munson to reopen the matter.  Contrary to the argument of Prosecuting Counsel at the merits hearing, that information did not moot only one appellate issue.  It ran to the entire case because Judge Munson had explicitly stated that the summary judgment could be reopened, which would allow Mr. Subbaiah to address all issues with the assistance of counsel at the district court, without necessity for any appellate involvement.

## B.    Mr. Subbaiah's Own Conduct

After Mr. Subbaiah's appeal was dismissed, he ignored my advice and acted behind my back to make inappropriate and irregular filings in the 9th Circuit.  To pursue his case further notwithstanding my recommendation that doing so did not make sense, he should have retained another attorney and filed an appropriate motion in this Court.  Mr. Subbaiah's unauthorized "Motion for Reconsideration" to the 9th Circuit was a constructive discharge of me by Mr. Subbaiah, and the 9th Circuit recognized it as such.  After the 9th Circuit issued its order granting Mr. Subbaiah pro se status in that Court, I believed, correctly, I think, that I had no further responsibility to Mr. Subbaiah in that Court.  Prosecuting Counsel's belaboring in the merits hearing of the history of Mr. Subbaiah's appellate case beyond that point was solely for the purpose of negatively portraying me in a false light, but actually was wholly irrelevant to this matter.

### C.   History of Representation of Mr. Subbaiah

This information was supplied to the investigating attorney and should be taken as part of the record of this case.  I sought to have a copy of the investigating attorney's report to the Disciplinary Committee produced to me, but that motion was denied.

### D.   Domestic Difficulties

In the limited time between the merits hearing and the filing deadline for this statement, it has not been possible to marshal and present details on this issue.  I did testify on the subject to some degree at the merits hearing.  The situation did ultimately lead to our permanent and final separation in September of 2013, and, in November of 2013, resulted in criminal charges against my wife.

### E.   Professional Competence and Dedication to the Practice of Law

In the vast majority of the matters I have handled – for an exceptionally large number of clients – I have provided high quality legal services and met my client's needs.  One week is not sufficient to assemble evidence proving this point, however.

I, Stephen C. Woodruff, declare and state, under penalty of perjury under the laws of the United States of America, that all the statements of fact in the foregoing are based on my personal knowledge true and correct to the best of my understanding.

Executed this 31st day of May, 2016, on the islands of Saipan, Commonwealth of the Northern Mariana Islands.

STEPHEN C. WOODRUFF
Respondent

-4-