FILED
Clerk
District Court
JUN 14 2016
for the Northern Mariana Islands
By______________
(Deputy Clerk)

Stephen C. Woodruff
Attorney and Counselor at Law
P. O. Box 500770
Saipan, MP 96950
Tel.: +1 (670) 989-2797
Fax: +1 (808) 356-1349
Email: scwlaw.spn@gmail.com

*In Pro Per*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **IN RE STEPHEN C. WOODRUFF,**<br><br>**Respondent.** | **Case No. 1:13-MC-00061** |

# RESPONDENT'S EXHIBITS

**VOLUME 3**

INDEX


| No. | Document | Bates Number |
|---|---|---|
| 1. | March 4, 2009 to April 24, 2009 Email exchange with Janet King, Esq. regarding Baing complaint (2008-12) | 001 |
| 2. | May 30, 2009 to June 5, 2009 Email exchange with Janet King, Esq. regarding Baing and Warfle (2008-08) complaints | 005 |
| 3. | April 27, 2009 Email exchange with Janet King, Esq. regarding Baing complaint | 012 |
| 4. | JHK June 5, 2009 meeting memo regarding Warfle complaint | 016 |
| 5. | July 2, 2008 Ken Warfle email | 018 |
| 6. | July 2, 2008 SCW response to Ken Warfle email | 019 |
| 7. | SCW May 2008 phone bill showing call to USCIS Guam to reschedule interview | 021 |
| 8. | May 9, 2008 SCW letter to USCIS Guam re need to reschedule interview | 022 |
| 9. | March 9, 2009 biometrics notice for Ken Warfle's wife | 023 |
| 10. | January 21, 2012 adverse DC report by JHK against SCW re Warfle complaint written shortly before JHK left the DC and nearly three years after SCW responded | 024 |
| 11. | November 5, 2009 Superior Court judgment in favor of SCW on facts of Feliciano complaint (2009-01) | 029 |
| 12. | October 15, 2009 to February 5, 2010 Email exchange with JHK supposedly to "wrap up" the investigations assigned to Ms. King (Baing, Warfle, Feliciano, Cambronero) | 030 |
| 13. | January 27, 2012 secret report of DC chairman Timothy H. Bellas, Esq. against "Stephen R. Woodruff" regarding Ana Reyes complaint (2011-13) | 033 |
| 14. | January 27, 2012 secret report of DC chairman Timothy H. Bellas, Esq. against "Stephen R. Woodruff" regarding Esperanza Ellis complaint (2011-14) | 036 |
| 15. | Emily Garde Decree of Divorce (entered April 9, 2012) | 040 |

# INDEX


| No. | Document | Bates Number |
|---|---|---|
| 16. | January 31, 2010 Kim Chang Sook complaint to the Disciplinary Committee | 043 |
| 17. | October 11, 2012 report of DC member Adam Harwicke regarding Kim Chang Sook complaint (2012-04) | 044 |
| 18. | March 18, 2009 Secretary's Order on Appeal in Ambrosio V. Baing Labor Case (2008-12) | 050 |

Gmail

# DISCIPLINARY COMMITTEE, BAR ASSOCIATION - 2008-12

Janet King <janethanking@gmail.com> Wed, Mar 4, 2009 at 5:48 PM
To: scwlaw.spn@gmail.com

March 2, 2009 CONFIDENTIAL COMMUNICATIONS
VIA E-MAIL: scwlaw.spn@gmail.com

Stephen C. Woodruff, Esq.
Attorney at Law
P.O. Box 500770
Saipan, MP 96950

Dear Mr. Woodruff:

I am a member of the CNMI Bar Association's Disciplinary Committee. I have been assigned to investigate a complaint against you filed in November 2008 for failing to file an appeal for Ambrocio Baing, who is the complainant.

Have you received a copy of the complaint?

Please provide me with any information that would be helpful to your case. Please contact me by e-mail at JanetHanKing@gmail.com or by calling 483-1268. Thank you.

Sincerely,

/S/
JANET H. KING

--

---

KING LAW OFFICE
Janet H. King
Attorney at Law
1 San Jose Village #30
Tinian, MP 96952
T: (670) 433-0419
E-mail: JanetHanKing@gmail.com

Licensed to practice law in
Hawaii, Guam, & the Northern Mariana Islands (CNMI)

2008-12 Letter to Woodruff.pdf
9K

Stephen Woodruff <scwlaw.spn@gmail.com> Thu, Mar 5, 2009 at 12:23 AM
To: Janet King <janethanking@gmail.com>

Thanks, Janet.

No, I have not seen a copy of the complaint and was not aware until now that Mr. Baing had filed a complaint against me. I can assure you he has no valid grounds for a complaint against me. The appeal was filed, and no action was ever taken by the Secretary of Labor. I have attempted to assist Mr. Baing on numerous occasions since then. He is quite a difficult client. He does not follow instructions, does not show up for scheduled appointments, and shows up without an appointment demanding attention. He has consumed substantial amounts of my time without paying for (or even being billed for) it.

His principal concern has been obtaining temporary work authorization, something Colin Thompson had for him based on his representation of Mr. Baing in Federal Court on a FLSA claim. Labor at some point stopped recognizing his District Court case as a basis for work authorization. Why, I am not sure. I reviewed the file in the Federal Court case and found that Colin obtained an entry of default on behalf of Mr. Baing and the other plaintiffs. However, no default judgment was ever entered. Accordingly, the case is still open and Mr. Baing should still qualify for work authorization. But Colin did not ever do any thing to help Mr. Baing with this problem. Instead, he kept pointing Mr. Baing, incorrectly and inappropriately, to me for a remedy -- and apparently misled Mr. Baing into thinking his remedy should come from me.

Mr. Baing only came to me for assistance with his appeal because Colin referred him to me on grounds that he (Colin) did not believe he had any valid basis to appeal but "another lawyer" (me) might take a different view. As I recall, Colin also thought he had a potential conflict in the Labor case.

What is particularly troubling about this is that the complaint appears to arise out of Colin's intermeddling in my representation of Mr. Baing when I never authorized Mr. Thompson to talk to my client (Mr. Baing) about the matter in which I represented Mr. Baing. Colin's office made several requests to my office for a copy of the appeal and we provided them with evidence the appeal was filed. They apparently wanted more, which I think would have been a breach of client confidentiality and puncturing of attorney-client privilege. Nothing in my handling of the appeal of Mr. Baing has prejudiced Mr. Baing in any way. To the contrary, he still has status to remain in the Commonwealth because of it.

On the other hand, Colin's failure to do anything to help Mr. Baing preserve his work authorization has prejudiced Mr. Baing. Mr. Baing cannot get work authorization based on his appeal for two reasons: (1) it is Labor's strict position that appeals do not provide a basis for a memorandum to seek temporary employment, and (2) this is especially the case where, as it is in Mr. Baing's case, the appeal runs from a hearing officer's finding/decision that the worker should not be allowed to transfer to a new employer (i.e. expressly not to be allowed to continue to work in the CNMI).

The lesson here is don't do pro bono work (or work one perceives to be public interest or helping the disadvantaged).

Regards,

Steve

[Quoted text hidden]

--

If you have not already done so, please update your contacts list / address book to this new email address: scwlaw.spn@gmail.com. My old email address, scwlaw@itecnmi.com, will be discontinued in the near future. Thank you.

Janet King <janethanking@gmail.com> Thu, Mar 5, 2009 at 7:12 AM
Reply-To: janethanking@gmail.com
To: Stephen Woodruff <scwlaw.spn@gmail.com>

Mr. Woodruff:

Thank you for your prompt reply.

You do not have a complaint copy. Therefore, I'll send you the complaint copy today. (Sometime later in the afternoon. I'm traveling between Tinian & Saipan. Thank you for your patience.)

I may have follow-up questions for you. I'll send them along shortly.

Sincerely,

Janet King.

Sent from my BlackBerry® wireless device

---

From: Stephen Woodruff
Date: Thu, 5 Mar 2009 00:23:25 +1000
To: Janet King<janethanking@gmail.com>
Subject: Re: DISCIPLINARY COMMITTEE, BAR ASSOCIATION - 2008-12

[Quoted text hidden]

---

Janet King <janethanking@gmail.com> Fri, Apr 24, 2009 at 7:11 AM
To: Stephen Woodruff <scwlaw.spn@gmail.com>

Good morning, Mr. Woodruff:

I have looked at my e-mail files and nothing indicates that I sent you a copy of the complaint. I wanted to verify whether you received a copy.

If not, this is an opportune time to meet briefly and discuss the details of your defense. I will be on Saipan today, Friday. I am available anytime after lunch. Please reply to this e-mail, and I'll get the message immediately. Or you may call me at 483-1268. Thanks.

I apologize in advance for not providing you with a copy of the complaint when I said I would back in early March. I am sorry for the oversight.

Please contact me and let's meet today if possible.
Thanks.

Janet King.
[Quoted text hidden]

---

Stephen Woodruff <scwlaw.spn@gmail.com> Fri, Apr 24, 2009 at 11:03 AM
To: Janet King <janethanking@gmail.com>

Janet -

No, I did not get a copy. Okay after lunch. Do you want to come by my office or meet somewhere else?

Regards,

Steve

[Quoted text hidden]

--

Law Office of Stephen C. Woodruff
Suite 202, Golden Bird Plaza Bldg.
Beach Road, Susupe
P.O. Box 500770
Saipan, MP 96950
Tel.: 1 (670) 235-3872
Fax: 1 (670) 235-3873

If you have not already done so, please update your contacts list / address book to this new email address: scwlaw.spn@gmail.com. My old email address, scwlaw@itecnmi.com, has been discontinued. Thank you.

---

Janet King <janethanking@gmail.com> Fri, Apr 24, 2009 at 1:21 PM
To: Stephen Woodruff <scwlaw.spn@gmail.com>

Steve,

I am at Robert Torres' office if you want to meet here. I'll be here til 4 p.m. I don't have my car available until after 4:30 p.m. today. Please call me here at 234 7859. We can also meet this evening, though it's a lot better to meet –if your schedule is amenable – between now and 4 p.m. I apologize for not being able to go to your office for lack of a car between now and 4 p.m.

Please call me.

Thank you.

Janet King.
[Quoted text hidden]

Gmail

# Fw: Good morning / please call me

Janet King <janethanking@gmail.com> Sat, May 30, 2009 at 8:55 AM
Reply-To: janethanking@gmail.com
To: Steve Woodruff <scwlaw.spn@gmail.com>

-----Original Message-----
From: JanetHanKing@gmail.com
To: Stephen Woodruff
ReplyTo: JanetHanKing@gmail.com
Sent: May 29, 2009 2:13 PM
Subject: Fw: Good morning / please call me

-----Original Message-----
From: JanetHanKing@gmail.com
To: Stephen Woodruff
ReplyTo: JanetHanKing@gmail.com
Sent: May 29, 2009 9:11 AM
Subject: Good morning / please call me

Good morning, Mr. Woodruff, how are you?
Please call me today at 483 1268 & we can set up a time today or next week to further discuss the DC case. There are more complainants as you may be aware. I am also handling those matters. Are you familiar with a Mr. Ken Warfle?

Thank you. Janet King.

Sent from my BlackBerry® wireless device

Sent from my BlackBerry® wireless device

Sent from my BlackBerry® wireless device

Janet King <janethanking@gmail.com> Sat, May 30, 2009 at 9:00 AM
Reply-To: janethanking@gmail.com
To: Steve Woodruff <scwlaw.spn@gmail.com>

Sorry about the mix-up.
I'd like to set up a time with you sometime next week to discuss the ongoing DC case with Mr. Baing, as well as other new complaints. You may have already received those through the DC.

I'll be on Saipan next week & am free the mornings of 6/3-6/5. Please let me know if any of those dates work for you. Thank you.

Please send a reply e-mail. Thank you.

Janet King.

-----Original Message-----
From: JanetHanKing@gmail.com
To: Steve Woodruff
ReplyTo: JanetHanKing@gmail.com
[Quoted text hidden]

---

Stephen Woodruff <scwlaw.spn@gmail.com> Sun, May 31, 2009 at 12:01 AM
To: janethanking@gmail.com

Janet -

Sometime in the morning on the 3rd is fine. I have depositions in the mornings on the other four days of next week.

Regards,

Steve

[Quoted text hidden]
--
Law Office of Stephen C. Woodruff
Suite 202, Golden Bird Plaza Bldg.
Beach Road, Susupe
P.O. Box 500770
Saipan, MP 96950
Tel.: 1 (670) 235-3872
Fax: 1 (670) 235-3873

If you have not already done so, please update your contacts list / address book to this new email address: scwlaw.spn@gmail.com. My old email address, scwlaw@itecnmi.com, has been discontinued. Thank you.

---

Stephen Woodruff <scwlaw.spn@gmail.com> Sun, May 31, 2009 at 12:49 AM
To: janethanking@gmail.com

Janet -

Yes, I am familiar with Ken Warfle – a complete idiot hothead (at least he is an idiot because he is a hothead and a hothead because he is an hair-trigger-shoot-from-the-hip idiot).

He and his wife also filed a small claims action against me in which I will be asking for Rule 11 sanctions at the end.

Mrs. Warfle has her green card already. I did the work I was contracted to do. The small claim is for $1665, apparently (based on what Mrs. Warfle said in the prejudgement hearing) the sum of the the I-130 fee, the I-485 fee (inclusive of biometrics) and the cost of her medical exam ($300). Absurd. Those costs have nothing to do with me, and she has her green card, based mostly (at least) on my work.

The problem in their case arose when they missed their interview on Guam because USCIS gave them only very short notice and Mr. Warfle was in Indonesia. They sought my assistance for rescheduling the interview and I called Guam. Guam told me "no problem" I just needed to send a letter, which I did. Apparently Guam never got the letter, lost it, or misplaced or misfiled it -- or something -- because USCIS then issued a denial of the adjustment of status (I-485) on ground they had "abandoned" the application by not showing up for the interview.

I would have been happy to help them solve the problem, but Mr. Warfle was too busy wanting to be a jerk (and

blame me for a problem I did not create) to cooperate. He sent me a flaming email, I responded telling him he owed me an apology, and he (and his wife) cut off communication. Based on what Mrs. Warfle said in the prejudgment hearing, it appears Mr. Warfle called Guam and got things straighted out. In any event, Mrs. Warfle got her green card.

The bottom line is I did my job 100%.

Regards,

Steve

P.S. Although I learned of the complaint from Tim Bellas, I never did get a copy of the complaint. I do not know whether his wife complained to the bar or only he. Strictly speaking, Mr. Warfle was my client only for the petition (I-130) and his wife my client for the adjustment of status (I-485). Strictly speaking, therefore, Mr. Wafle does not have standing to complain about the I-485 denial (which in any event was not my fault and only temporary to boot).

[Quoted text hidden]

[Quoted text hidden]

---

Janet King <janethanking@gmail.com> Sun, May 31, 2009 at 6:34 AM
Reply-To: janethanking@gmail.com
To: Steve Woodruff <scwlaw.spn@gmail.com>

I'll be sure to provide you with a copy of the complaint by Mr. Warfle from the DC.

Please provide a copy of that letter with any evidence of its being sent/faxed/e-mailed and/or received/acknowledged by USCIS & any follow-ups.

Thank you for your continued cooperation.

Janet.

Sent from my BlackBerry® wireless device

---

From: Stephen Woodruff
Date: Sun, 31 May 2009 00:49:38 +1000
To: <janethanking@gmail.com>
Subject: Re: Fw: Good morning / please call me

[Quoted text hidden]

---

Janet King <janethanking@gmail.com> Mon, Jun 1, 2009 at 4:08 PM
Reply-To: janethanking@gmail.com
To: Steve Woodruff <scwlaw.spn@gmail.com>

Hello Mr. Woodruff,

Would Thursday or Friday morning be a good time to meet briefly? Thank you.

Janet King.

Sent from my BlackBerry® wireless device

---

007

From: "Janet King"
Date: Sat, 30 May 2009 20:34:20 +0000
To: Steve Woodruff<scwlaw.spn@gmail.com>
[Quoted text hidden]

[Quoted text hidden]

---

Stephen Woodruff <scwlaw.spn@gmail.com> Mon, Jun 1, 2009 at 4:44 PM
To: janethanking@gmail.com

Janet -

At 9 am either day is okay. I have to be at Colin Thompson's office for depositions beginning at 10 am on both days.

Regards,

Steve

[Quoted text hidden]

---

Janet King <janethanking@gmail.com> Tue, Jun 2, 2009 at 1:13 PM
Reply-To: janethanking@gmail.com
To: Steve Woodruff <scwlaw.spn@gmail.com>

Is Friday at 9am okay with you?
Thank you.

Sent from my BlackBerry® wireless device

---

From: Stephen Woodruff
Date: Mon, 1 Jun 2009 16:44:19 +1000
[Quoted text hidden]

[Quoted text hidden]

---

Stephen Woodruff <scwlaw.spn@gmail.com> Tue, Jun 2, 2009 at 1:53 PM
To: janethanking@gmail.com

Yes, subject to my need to be at Colin's office at 10 AM.

On 6/2/09, Janet King <janethanking@gmail.com> wrote:
> Is Friday at 9am okay with you?
> Thank you.
>
>
>
>
>
> Sent from my BlackBerry® wireless device
>
> -----Original Message-----

> From: Stephen Woodruff <scwlaw.spn@gmail.com>
>
> Date: Mon, 1 Jun 2009 16:44:19
> To: <janethanking@gmail.com>
> Subject: Re: Fw: Good morning / please call me
>
>
> Janet -
>
> At 9 am either day is okay. I have to be at Colin Thompson's office for
> depositions beginning at 10 am on both days.
>
> Regards,
>
> Steve
>
> On Mon, Jun 1, 2009 at 4:08 PM, Janet King <janethanking@gmail.com> wrote:
>
>> Hello Mr. Woodruff,
>>
>> Would Thursday or Friday morning be a good time to meet briefly? Thank
>> you.
>>
>>
>> Janet King.
>>
>> Sent from my BlackBerry® wireless device
>>
>> ------------------------------
>> *From*: "Janet King"
>> *Date*: Sat, 30 May 2009 20:34:20 +0000
>> *To*: Steve Woodruff<scwlaw.spn@gmail.com>
>>
>> *Subject*: Re: Fw: Good morning / please call me
>>
>> I'll be sure to provide you with a copy of the complaint by Mr. Warfle
>> from the DC.
>>
>> Please provide a copy of that letter with any evidence of its being
>> sent/faxed/e-mailed and/or received/acknowledged by USCIS & any
>> follow-ups.
>>
>> Thank you for your continued cooperation.
>>
>> Janet.
>>
>>
>> Sent from my BlackBerry® wireless device
>>
>> ------------------------------
>> *From*: Stephen Woodruff
>> *Date*: Sun, 31 May 2009 00:49:38 +1000
>> *To*: <janethanking@gmail.com>
>> *Subject*: Re: Fw: Good morning / please call me
[Quoted text hidden]

Janet King <janethanking@gmail.com> Tue, Jun 2, 2009 at 1:56 PM
Reply-To: janethanking@gmail.com
To: Steve Woodruff <scwlaw.spn@gmail.com>

Mr. Woodruff, no problem. We'll keep it short. You can also call me at 483 1268 if you can't make it at the last minute.

Let's meet at Mr. Nutting's office at 9am on Friday.

Thank you.

Sent from my BlackBerry® wireless device

-----Original Message-----
From: Stephen Woodruff <scwlaw.spn@gmail.com>

Date: Tue, 2 Jun 2009 13:53:02
[Quoted text hidden]

---

Stephen Woodruff <scwlaw.spn@gmail.com> Tue, Jun 2, 2009 at 2:02 PM
To: janethanking@gmail.com

Okay, thanks.
[Quoted text hidden]

---

Janet King <janethanking@gmail.com> Fri, Jun 5, 2009 at 8:02 AM
Reply-To: janethanking@gmail.com
To: Steve Woodruff <scwlaw.spn@gmail.com>

Just a friendly reminder- 9am at Steve Nutting's office. Please call me at 483 1268 if you are having scheduling issues. Thank you.

Sent from my BlackBerry® wireless device

-----Original Message-----
From: Stephen Woodruff <scwlaw.spn@gmail.com>

Date: Tue, 2 Jun 2009 14:02:45
[Quoted text hidden]

---

Stephen Woodruff <scwlaw.spn@gmail.com> Fri, Jun 5, 2009 at 11:33 AM
To: janethanking@gmail.com

Janet -

Thanks. Attached are documents pertaining to the Warfle matter.

- May 08 phone billing showing calls to USCIS Guam (first call connected only to the automated system, second attempt got me through to a human being)
- My letter to USCIS Guam
- Ken Warfle email to me
- My email response

- USCIS notice for Mrs. Warfle's biometrics appt on Saipan

Regards,

Steve Woodruff

[Quoted text hidden]

5 attachments

May08phone_bill.pdf
15K

ltr resched interview.pdf
23K

email_1pdf.pdf
10K

email_2pdf.pdf
12K

biometrics notice.pdf
36K

---

Janet King <janethanking@gmail.com> Fri, Jun 5, 2009 at 4:17 PM
To: Steve Woodruff <scwlaw.spn@gmail.com>
Cc: Timothy Bellas <tim@bellaslaw.net>

[Quoted text hidden]
--

---

KING LAW OFFICE
Janet H. King
Attorney at Law
1 San Jose Village #30
Tinian, MP 96952
T: (670) 433-0419
E-mail: JanetHanKing@gmail.com

Licensed to practice law in
Hawaii, Guam, & the Northern Mariana Islands (CNMI)

WOODRUFF - June 5, 2009 meeting memo.pdf
28K

Gmail

From BAR ASSOCIATION / DISCIPLINARY CMTE / Fwd: SA 2007-109 & L.C. 07-236 Baing, Am brocio V . vs. Kinship Ents.

Janet King <janethanking@gmail.com> Mon, Apr 27, 2009 at 7:39 AM
To: Stephen Woodruff <scwlaw.spn@gmail.com>
Cc: Cinta Kaipat <depsec2@gmail.com>, Eli Golob <eligolob.aag.cnmi@gmail.com>, Timothy Bellas <tim@bellaslaw.net>, Jerry Cody <JCody@cnmi-gov.net>

Mr. Woodruff:

If you can, please verify the statements below from the Department of Labor:

>Respondent Kinship
> Enterprises was represented by Steve Woodruff.

>Kinship Enterprises appealed the administrative order to the
> Secretary on December 17, 2007, and the Secretary Affirmed the
> administrative order this year. I believe this case is also pending in
> Superior Court before Judge Wiseman.

Thank you.

Janet King.

---------- Forwarded message ----------
From: Janet King <janethanking@gmail.com>
Date: Mon, Apr 27, 2009 at 7:32 AM
Subject: Re: SA 2007-109 & L.C. 07-236 Baing, Ambrocio V. vs. Kinship Ents.
To: Cinta Kaipat <depsec2@gmail.com>
Cc: Eli Golob <eligolob.aag.cnmi@gmail.com>, Jerry Cody <JCody@cnmi-gov.net>

Cinta:

Hope your weekend was good!

You state below that Respondent Kinship Enterprises was represented by Steve Woodruff. Is that correct?

Janet.

On Fri, Apr 24, 2009 at 1:47 PM, Cinta Kaipat <depsec2@gmail.com> wrote:
> [Please disregard my earlier transmission on this case this morning. This is
> the official communication from Labor on this matter.]
>
>

> Dear Janet:
>
> My sincere apologies for the delay in relaying this information to you. I
> did devote a good amount of time checking into this case when you first
> requested it.
>
> Attached are several documents pertaining to the above-captioned case.
>
> Complainant Baing was represented by Colin Thompson and Respondent Kinship
> Enterprises was represented by Steve Woodruff.
>
> The Administrative Hearing Office issued an order on December 3, 2007, and
> Baing filed a case in U.S. District Court on the same day. I do not know the
> disposition of the case in U.S. District Court, but we learned of the filing
> in U.S. District Court because Colin Thompson wrote a letter to the
> Department asking that a TWA be issued to Baing.
>
> Meanwhile, Kinship Enterprises appealed the administrative order to the
> Secretary on December 17, 2007, and the Secretary Affirmed the
> administrative order this year. I believe this case is also pending in
> Superior Court before Judge Wiseman.
>
> Regards,
>
> Cinta Kaipat
> Deputy Secretary of Labor
>
>
>
>

--

---

KING LAW OFFICE
Janet H. King
Attorney at Law
1 San Jose Village #30
Tinian, MP 96952
T: (670) 433-0419
E-mail: JanetHanKing@gmail.com

Licensed to practice law in
Hawaii, Guam, & the Northern Mariana Islands (CNMI)

--

---

KING LAW OFFICE
Janet H. King
Attorney at Law

1 San Jose Village #30
Tinian, MP 96952
T: (670) 433-0419
E-mail: JanetHanKing@gmail.com

Licensed to practice law in
Hawaii, Guam, & the Northern Mariana Islands (CNMI)

Baing--Secretary's Order.pdf
491K

Stephen Woodruff <scwlaw.spn@gmail.com> Mon, Apr 27, 2009 at 3:26 PM
To: Janet King <janethanking@gmail.com>

Dear Ms. King:

I have no idea who made that statement or where they got that idea. It is -- typical of the Department of Labor -- terribly confused.

As you know, Mr. Baing, through me, appealed the portion of the order adverse to him, on December 17, 2007. Prior to that (as shown by the Dec. 3, 2007 admin order) Mr. Baing was represented by Colin Thompson. Per the same admin order, Kinship Enterprises was represented at the hearing by one Fe Hidalgo.

In looking through Mr. Baing's file I find a Petition for Judicial Review of Agency Action filed by O'Connor Berman Dotts & Banes on behalf of one Sohel Ahmed on July 29, 2008 (CV-08-0294). Mr. Ahmed may have been similarly situated to Mr. Baing and the victim of an adverse order of the Secretary much earlier than the one with respect to Mr. Baing you have just supplied me.

Mr. Baing had authorization to seek temporary employment from DoL up until Sept. 11, 2008, based, apparently, on his FLSA action handled by Mr. Thompson (CV-07-0036, DNMI). That authorization referenced CAC No. 08-152-04-C. After Sept. 11, 2008, the DoL apparently refused to continue to give Mr. Baing work authorization (for reasons known and understood only by them). Mr. Baing and Mr. Thompson then attempted to shunt this problem off onto me, when it is entirely outside the scope of the matter for which I was retained (appeal of the adverse portions of the administrative order). Then and only then did Mr. Baing start to make problems for me. And even though I tried to help him determine what the problem was with his work authorization (which I had no obligation to do), he absolutely failed in every respect to cooperate with his attorney and then proceeded to file this absolutely unwarranted complaint against me.

Regards,

Steve
[Quoted text hidden]
--
Law Office of Stephen C. Woodruff
Suite 202, Golden Bird Plaza Bldg.
Beach Road, Susupe
P.O. Box 500770
Saipan, MP 96950
Tel.: 1 (670) 235-3872
Fax: 1 (670) 235-3873

If you have not already done so, please update your contacts list / address book to this new email address: scwlaw.spn@gmail.com. My old email address, scwlaw@itecnmi.com, has been discontinued. Thank you.

Stephen Woodruff <scwlaw.spn@gmail.com> Mon, Apr 27, 2009 at 3:28 PM

To: Janet King <janethanking@gmail.com>

Dear Ms. King:

Opps, I see you had forwarded the entire message from Cinta Kaipat, so I do know who said it. But it is, as I noted, terribly confused.

Regards,

Steve Woodruff

On Mon, Apr 27, 2009 at 7:39 AM, Janet King <janethanking@gmail.com> wrote:
[Quoted text hidden]

[Quoted text hidden]

CNMI BAR ASSOCIATION
DISCIPLINARY COMMITTEE

June 5, 2009

Stephen Woodruff
Saipan, MP 96950
BY E-MAIL: scwlaw.spn@gmail.com

**RE: DISCIPLINARY COMPLAINT - KEN WARFLE**

Dear Mr. Woodruff:

Thank you for taking the time to see me briefly today at 9:00 a.m. I write to memorialize the facts we reviewed in this matter.

I informed you briefly on May 30 by e-mail that there was a complaint submitted to the Disciplinary Committee by a Mr. Ken Warfle.[1] I will request that the DC send that complaint copy to you.

The facts that we went over today are:

(1) That Mr. Warfle and his wife retained you to assist them with their green card application (for Mrs. Warfle) sometime in January 2007;

(2) That the completed application was sent to USCIS in July 2007;

(3) That an interview was scheduled for the Warfles in May 2008;

(4) That the Warfles asked you to reschedule this interview;

(5) That you did reschedule the interview by (a) writing to USCIS (Guam) and (b) calling USCIS (Guam).

You also stated that the Warfles cut off communication with you completely after the rescheduling matter and that a (1) Small Claim matter was filed against you by the Warfles, and (2) the Disciplinary Complaint was filed also against you by the Warfles.

You stated that you did everything you could to reschedule the interview on Guam.

Please provide the documents to show Item (5) (above) (rescheduling). Thank you in advance.

---

[1] I also informed you about the ongoing Disciplinary Complaint matter involving Mr. Baing.

Please write back and reference the meeting date of June 5, 2009 or this letter if there are any corrections or additions to be noted. Thank you for your cooperation. I'll contact you should there be further questions.

Sincerely,

/S/
JANET H. KING

**Subject:** Visa
**From:** ken warfle <kwarfle@hotmail.com>
**Date:** Wed, 2 Jul 2008 06:38:30 +0000
**To:** <scwlaw@itecnmi.com>

Stephen,

I received a denial letter yesterday from Walter L Haith, field director DHS, 108 Hernan Cortez, suite 100, Hagatna, Guam 96910. You were CC'd.

It states that I failed to GIVE IN ADVANCE a reasonable explanation for not appearing.

Working in a foreign country with a four day notice to appear is insufficient time to make it. That is why I paid you, because I work on ships overseas and foresaw problems like this.

My question is, did you even bother to contact the Guam office and attempt to reschedule my interview? I know other people who have done so. If you hadn't sat on my application for 6 months I would have had my interview in January when I was here. After receiving the previous denial, then reinstatement notice, I checked the website for a timeline. It stated that my application was placed at the end of the line and approximate processing time would be one year because of a backlog of applications. I can't afford to sit by my PO Box in Saipan for a year.

I am not happy with this and you need to fix it. I have come across three other couples who were also quite disappointed in your performance. My friend Eric tried to contact you in May without success and ended up using Mr. Yana. They are in the states now.

Sincerely,
Ken Warfle

235-0961 488-0163

Don't get caught with egg on your face. Play chicktionary!

018

**Subject:** Re: Visa
**From:** "Stephen C. Woodruff" <scwlaw@itecnmi.com>
**Date:** Wed, 02 Jul 2008 22:07:54 +1000
**To:** ken warfle <kwarfle@hotmail.com>

Ken -

Yes, I contacted Guam, as your wife knows. I have not received any notice such as you describe.

You say many things here with which I disagree and which absolutely are not warranted. I certainly did not sit on anything. Neither am I in any way responsible for DHS giving unreasonablely short notice, and it is completely ridiculous to suggest that I could somehow have prevented it.

I am aware that Mr. Rawlings has been maligning me, likewise for things that were not my fault or in any way within my control. DHS denied him supposedly because they did not get the Thai version of his wife's birth certificate. It had been sent to them twice. At the time he was giving me a hard time about his denial, he also FALSELY told me that you had been denied.

In your case, I had to wait for some of the documents, and I also had to do extra work as a result.

I have no idea who Eric is or why he was unable to contact me. But if he went elsewhere (because I was unavailable or for any other reason or no reason at all). Mr. Yana does such a great job that he is now in jail (but not for anything in connection with green card applications). If I was unavailable so I could not do the work Eric was considering offering me, so what? Where's the foul.

I think you owe me an apology for these remarks. That said, provide me with a copy of the notice, and, apology or no, I will determine what action we can take to remedy the situation. I agree this problem is really of Homeland Security's making.

Regards,

Steve Woodruff

ken warfle wrote:

> Stephen,
>
> I received a denial letter yesterday from Walter L Haith, field director DHS, 108 Hernan Cortez, suite 100, Hagatna, Guam 96910. You were CC'd.
>
> It states that I failed to GIVE IN ADVANCE a reasonable explanation for not appearing.
>
> Working in a foreign country with a four day notice to appear is insufficient time to make it. That is why I paid you, because I work on ships overseas and foresaw problems like this.
>
> My question is, did you even bother to contact the Guam office and attempt to reschedule my interview? I know other people who have done so. If you hadn't sat on my application for 6 months I would have had my interview in January when I was here. After receiving the previous denial, then reinstatement notice, I checked the website for a timeline. It stated that my application was placed at the end of the line and approximate processing time would be one year because of a backlog of applications. I can't afford to sit by my PO Box in Saipan for a year.

019

I am not happy with this and you need to fix it. I have come across three other couples who were also quite disappointed in your performance. My friend Eric tried to contact you in May without success and ended up using Mr. Yana. They are in the states now.

Sincerely,
Ken Warfle

235-0961 488-0163

Don't get caught with egg on your face. Play chicktionary!

PTI

Phone Number 670/235-8474
Account Number 0000057160
Billed Thru Date 05/31/2008

## Monthly Charges

MONTHLY CHGS/FEES FOR 670/194-2821 0 MAY 01 THRU MAY 31

| | | | |
|---|---|---|---|
| 1 | MODEM RENTAL FOR DSL | 10.00 | .00 |
| 1 | NITRO - 768K DSL | 25.00 | .00 |
| TOTAL CHARGES / ADJS | | 35.00 | .00 |

MONTHLY CHGS/FEES FOR 670/194-3061 0 MAY 01 THRU MAY 31

| | | | |
|---|---|---|---|
| 1 | MODEM RENTAL FOR DSL | 10.00 | .00 |
| 1 | DSL LITE - 384 KBPS | 14.95 | .00 |
| TOTAL CHARGES / ADJS | | 24.95 | .00 |

MONTHLY CHGS/FEES FOR 670/199-3367 0 MAY 01 THRU MAY 31

| | | | |
|---|---|---|---|
| 1 | INTERNET ACCESS | 25.00 | .00 |
| TOTAL CHARGES / ADJS | | 25.00 | .00 |

MONTHLY CHGS/FEES FOR 670/199-7775 0 MAY 01 THRU MAY 31

| | | | |
|---|---|---|---|
| 1 | INTERNET ACCESS | 25.00 | .00 |
| TOTAL CHARGES / ADJS | | 25.00 | .00 |

MONTHLY CHGS/FEES FOR 670/235-3872 0 MAY 01 THRU MAY 31

| | | | |
|---|---|---|---|
| 1 | USF/PRIMARY RES/BUS-SINGL | .66 | .00 |
| 1 | BUSINESS LINE CHARGE | 40.00 | .00 |
| 1 | ACCESS CHARGE | 9.20 | .00 |
| 1 | CALL FORWARDING | 2.00 | .00 |
| 1 | CALLER ID/NAME & NUMBER | 10.95 | .00 |
| 1 | WP XTRA BUSINESS | .00 | .00 |
| 1 | AUTOMATIC PAYMENT | .00 | .00 |
| TOTAL CHARGES / ADJS | | 62.81 | .00 |

MONTHLY CHGS/FEES FOR 670/235-3873 0 MAY 01 THRU MAY 31

| | | | |
|---|---|---|---|
| 1 | USF/PRIMARY RES/BUS-SINGL | .66 | .00 |
| 1 | BUSINESS LINE CHARGE | 40.00 | .00 |
| 1 | ACCESS CHARGE | 9.20 | .00 |
| 1 | WP XTRA BUSINESS | .00 | .00 |
| 1 | AUTOMATIC PAYMENT | .00 | .00 |
| TOTAL CHARGES / ADJS | | 49.86 | .00 |

MONTHLY CHGS/FEES FOR 670/235-8474 0 MAY 01 THRU MAY 31

| | | | |
|---|---|---|---|
| 1 | USF/RES NON-PRIMARY | .71 | .00 |
| 1 | RESIDENCE LINE CHARGE | 19.00 | .00 |
| 1 | ADDNL LINE ACCESS CHARGE | 7.00 | .00 |
| 1 | CALLER ID/NAME & NUMBER | 8.95 | .00 |
| 1 | NONPUBLISHED | 2.00 | .00 |
| 1 | AUTOMATIC PAYMENT | .00 | .00 |
| 1 | WPASS EXTRA RESIDENTIAL | .00 | .00 |
| TOTAL CHARGES / ADJS | | 37.66 | .00 |

## Long Distance

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 05-09 | AGANA | GU | 671/472-7349 | 1 | 411 | X | 350PM | .20 |
| 05-09 | AGANA | GU | 671/472-7349 | 4 | 411 | X | 351PM | .80 |
| TOTAL LONG DISTANCE FOR 670/235-3872 0 * | | | | | | | | 1.00 |

TOTAL LONG DISTANCE CHARGES 1.00

**Stephen C. Woodruff**
***Attorney and Counselor at Law***
2nd Flr., Hill Law Office Bldg., Susupe
Tokcha Avenue at Lulai Way
P. O. Box 500770
Saipan, MP 96950

May 9, 2008

U.S. Citizenship and Immigration Services
108 Hernan Cortez Avenue
Sirena Plaza, Suite 100
Room 1
Hagatña, GU 96910

**Re: Wanlapha Theekhieo, A 086 999 001, MSC0733121128**
**Need to Reschedule Initial Interview**

To Whom It May Concern:

I represent Ms. Wanlapha Theekhieo and her husband Mr. Kenneth Warfle in connection with her application to adjust status to lawful permanent resident.

Ms. Theekhieo (Mrs. Warfle) recently received her appointment for initial interview on Tuesday, May 13, 2008. Unfortunately, this notice is too short for Mr. and Mrs. Warfle to be able to make it to Guam for the scheduled interview. Mr. Warfle presently is in Bali on work assignment and is not scheduled to return to Saipan until Friday, May 16, 2008. The notice of the interview schedule was too short for him to be able to get an available flight in time to make it to the interview.

Please reschedule the interview. Anytime within the next 30 days would be convenient to the couple. If the date is later than that, they will need longer notice, as Mr. Warfle's work requires extensive travel outside the CNMI, and he thus needs sufficient lead time to make travel arrangements to return for the interview if he is not already to be on Saipan at the time.

Thank you for your understanding and assistance. We look forward to notice of the rescheduled interview.

Sincerely,

Stephen C. Woodruff

Tel.: (670) 235-3872 Fax: (670) 235-3873 Email: scwlaw@itecnmi.com

THE UNITED STATES OF AMERICA

| ASC Appointment Notice | APPLICATION NUMBER MSC0733121128 | | NOTICE DATE 3/9/2009 |
|---|---|---|---|
| CASE TYPE I485 Application to Register Permanent Resident or Adjust Status | SOCIAL SECURITY NUMBER | USCIS A# A086999001 | CODE 3 |
| | TCR | SERVICE CENTER MSC | PAGE 1 of 1 |

WANLAPHA THEEKHIEO
c/o WOODRUFF WOODRUFF
PO BOX 500770
SAIPAN, MP 96950

To process your application, the U. S. Citizenship & Immigration Services (USCIS) must capture your biometrics.
**PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER AT THE DATE AND TIME SPECIFIED.**
**IF YOU FAIL TO APPEAR AS SCHEDULED, YOUR APPLICATION WILL BE CONSIDERED ABANDONED.**

**APPLICATION SUPPORT CENTER**
USCIS SAIPAN
TSL PLAZA BUILDING
BEACH ROAD SOUTH
GARAPAN, SAIPAN, MP 96950

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY.**

**DATE AND TIME OF APPOINTMENT**
04/03/2009
10:00 AM

**WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR BIOMETRICS TAKEN, YOU MUST BRING:**
1. **THIS APPOINTMENT NOTICE** and
2. **PHOTO IDENTIFICATION.** Naturalization applicants must bring their Alien Registration Card. All other applicants must bring a passport, driver's license, national ID, military ID, or State-issued photo ID. If you appear without proper identification, your biometrics may not be taken.

**CELL PHONES, CAMERAS, OR OTHER RECORDING DEVICES ARE NOT PERMITTED.**

**REQUEST FOR RESCHEDULING**

☐ Please reschedule my appointment. Upon receipt of your request, you will be provided a new appointment notice. Make a copy of this notice for your records, then mail the original with your request to USCIS SAIPAN, TSL PLAZA BUILDING, BEACH ROAD SOUTH, GARAPAN, SAIPAN, MP 96950

APPLICATION NUMBER 1
I485 - MSC0733121128

If you have any questions regarding this notice, please call 1-800-375-5283.

**WARNING!**

*Due to limited seating availability in our lobby area, only persons who are necessary to assist with transportation or completing the biometrics worksheet should accompany you.*

*If you have open wounds or bandages/casts when you appear, the USCIS may reschedule your appointment if it is determined your injuries will interfere with taking your biometrics.*

**DISCIPLINARY COMMITTEE REPORT**
**CASE NO. 2008-08**
**COMPLAINANT: KENNETH R. WARFLE**
**ATTORNEY: STEPHEN C. WOODRUFF**

**Summary:** Discussed are Rule 1.3 and Rule 1.4 of the ABA Model Rules of Professional Conduct.[1] Both Rules were violated by the attorney.

**Facts:** On July 30, 2008, the Disciplinary Committee (DC) received a complaint against attorney Stephen C. Woodruff (attorney) by Kenneth G. Warfle (complainant). The DC member assigned to gather facts and provide a report to the DC is Janet King (investigator).

On January 23, 2007. the complainant paid the attorney $600.00 and retained him to concurrently file[2] Forms I-130[3] and I-485[4]. The complainant alleges he filled out (completed) and signed both Forms I-130 and I-485, and provided the checks with the appropriate filing fees.

In September, 2007, the complainant, whose job takes him off island often, returned to Saipan and discovered that the receipt of the I-130 showed a receipt date of July, 2007. He alleged that this is evidence that the attorney sent out the documents in July, 2007, which is six months after he provided the completed documents to the attorney.

In December, 2007, the complainant received a notice that his petition was deficient. The RFE asked him to update his financial information. The complainant complied with the RFE and submitted the requested documents.

On February 11, 2008, the complainant received a letter that his check (dated January 23, 2007) was returned (NSF) on January 30, 2008. On that day, February 11, 2008, he sent another check. The due date, however, was February 13, 2008, according to the letter.

---

[1] The Commonwealth Supreme Court Disciplinary Rules and Procedures Rule 2 provides that "[t]he Model Rules of Professional Conduct adopted by the American Bar Association are applicable in the Commonwealth of the Northern Mariana Islands. The ABA Model Rules of Professional Conduct are found here:
*http://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct.html.*

[2] Concurrent filing is when an immigrant petition and the adjustment application (application for a green card, Form I-485, Application to Register Permanent Residence or Adjust Status) are filed at the same time and mailed together with all the required filing fees and supporting documentation to the same filing location. This type of filing is allowed when immediate relatives of U.S. citizens are living in the United States (the CNMI). It *may* be a speedier process, because USCIS will generally consider the adjustment application at the same time instead of a two-step process of filing the I-485 with the I-797 to show that the I-130 is filed (pending or approved).

[3] Petition for Alien Relative

[4] Application to Register Permanent Residence or Adjust Status

On March 5, 2008, the complainant received another notice rejecting his petition on February 26, 2008, because his payment was not received on time.

In April, 2008, the complainant received notice that the petition was reinstated, because the payment was received.

On May 8, 2008, the complainant's spouse received a notice for an interview on May 13, 2008 on Guam. The spouse and a friend visited the attorney at his office, and the attorney placed a call to the complainant. The complainant was in Indonesia at the time. He asked the attorney to reschedule the interview date. The complainant alleged the attorney said he would reschedule the interview date. Another friend of the complainant, a Frank Gordon, contacted the attorney after a few days. The attorney assured this individual that he had rescheduled the interview date.

On June 27, 2008, the complainant received a notice that his petition was canceled because he and his spouse missed the interview on May 13, 2008.

The complainant alleges he tried to communicate with the attorney numerous time: in late February, 2008; upon receiving the cancellation notice on May 8, 2008; and many times after that. The complainant stated he generally received no responses from the attorney. The attorney claims he would communicate with the complainant. Evidence of this is that on July 8, 2008, the attorney replied to the complainant by e-mail stating he ahd "contacted Guam, as your wife knows" and "I have not received any notice such as you describe [referring to a denial letter by Walter Haith dated June 25, 2008, cc: the attorney]" and asked the complainant to "provide [him] with a copy of the notice [referring to the June 25, 2008 letter], and apology or no, I will determine what action we can take to remedy the situation." It is not clear what the attorney did after July 8, 2008.

When the undersigned investigator initially contacted the attorney in May, 2009, the attonrey stated that as of May 31, 2009, the complainant's spouse "has her green card already."[5] Furthermore, the attorney claims he had "called Guam" and "Guam told me 'no problem' [to reschedule the interview date]." He further claimed he wrote a letter, which they instructed him to write, but that "[a]pparently Guam never got the letter, lost it, or misplaced or misfiled it -- or something."[6] Ultimately, he could not provide the investigator with a copy of the letter he claimed he sent to Guam, although he claims he did send one.

**Discussion:** The complainant alleges the attorney did a very poor job overall. He also alleges the attorney is ultimately responsible for the cancellation of the petition, because he failed to reschedule the interview on Guam as he was instructed. But the facts show that ultimately the spouse obtained her "green card"—permanent resident status.

[5] *See* E-mail from Stephen C. Woodruff to Janet King (May 31, 2009).

[6] *See* E-mail from Stephen C. Woodruff to Janet King (May 31, 2009).

The attorney's actions violated the attorney's duty of diligence and promptness (Rule 1.3). Furthermore, the complainant alleges the attorney did not communicate with him, especially after May, 2008. This is a violation of the duty to communicate with the client (Rule 1.4).

Rule 1.3 states: "A lawyer shall act with reasonable diligence and promptness in representing a client."[7] Comment [1] to Rule 1.3 states: "A lawyer should pursue a matter on behalf of a client despite opposition, obstruction or personal inconvenience to the lawyer, and take whatever lawful and ethical measures are required to vindicate a client's cause or endeavor. A lawyer must also act with commitment and dedication to the interests of the client and with zeal in advocacy upon the client's behalf…" Comment [3] states: "Perhaps no professional shortcoming is more widely resented than procrastination. A client's interests often can be adversely affected by the passage of time or the change of conditions… Even when the client's interests are not affected in substance, however, unreasonable delay can cause a client needless anxiety and undermine confidence in the lawyer's trustworthiness. A lawyer's duty to act with reasonable promptness, however, does not preclude the lawyer from agreeing to a reasonable request for a postponement that will not prejudice the lawyer's client." Here, the attorney claims he submitted all documents and the letter rescheduling the interview. However, all receipt dates show the documents were received six months after they were first given to the attorney to send out. In addition, the six-month delay caused the petitioner (the complainant herein) to provide updated financial information and the check he wrote on January 23, 2007 was returned received a year later, on January 30, 2008, and rejected.[8]

The complainant, understandably vexed, attempted to follow up with the attorney through e-mails and some calls to his office, to no avail. The failure to communicate with his client violated Rule 1.4(a). Rule 1.4(a) states: "A lawyer shall (3) keep the client reasonably informed about the status of the matter."[9] Comment [1] to Rule 1.4 states: "Reasonable communication between the lawyer and the client is necessary for the client effectively to participate in the representation." Here, the facts show the complainant and attorney did not communicate well.[10]

---

[7] For the terms of Rule 1.3, ABA Model Rules of Professional Conduct, go to: *http://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_1_3_diligence.html.*

[8] Under the UCC, "[a] bank is under no obligation to a customer having a checking account to pay a check, other than a certified check, which is presented more than six months after its date, but it may charge its customer's account for a payment thereafter in good faith." *See* § 4-404, U.C.C. Article 4.

[9] For the terms of Rule 1.4, ABA Model Rules of Professional Conduct, go to: *http://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_1_4_communications.html.*

[10] Eventually, their regard for each other, especially from the time of the events in May, 2008, deteriorated significantly. There was no open communication between lawyer and client thereafter to the extent that they could work things out between them. In an e-mail to the investigator acknowledging the complainant,

The investigator notes that all original notices and letters were sent to the attorney, and copies were sent to the complainant, except the June 25, 2008 letter. This letter was addressed and mailed to the complainant, and a copy was sent to the attorney.

The attorney also challenges the disciplinary complainant herein because the complainant "does not have standing." He states: "Although I learned of the complaint from Tim Bellas, I never did get a copy of the complaint. I do not know whether his wife complained to the bar or only he. Strictly speaking, Mr. Warfle was my client only for the petition (I-130) and his wife my client for the adjustment of status (I-485). Strictly speaking, therefore, Mr. Wafle does not have standing to complain about the I-485 denial (which in any event was not my fault and only temporary to boot)."[11] This challenge is erroneous. The attorney here was retained to concurrently file Forms I-130 and I-485, and that means he represented both the complainant and his spouse in the immigration law matter. The ABA Model Rules regulate the professional conduct of attorneys in the CNMI.[12] The Rules state: "The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies."[13] Anyone can file a complaint against an attorney in the CNMI Bar – there is no "standing" requirement.

---

the attorney stated: "Yes, I am familiar with Ken Warfle -- a complete idiot hothead (at least he is an idiot because he is a hothead and a hothead because he is an hair-trigger-shoot-from-the-hip idiot)... I would have been happy to help them solve the problem, but Mr. Warfle was too busy wanting to be a jerk (and blame me for a problem I did not create) to cooperate." *See* E-mail from Stephen C. Woodruff to Janet King (May 31, 2009). In his complaint to the DC, the complainant stated: "I e-mailed Mr. Woodruff with my complaint and told him he needed to fix it... As is his trademark he does not reply because this would be admission to incompetence... My experience with Mr. Woodruff lead me to suspect that he doesn't even have the proper credentials to practice law... Must I accept this sort of third world service in the CNMI?" *See* Complaint from Kenneth R.Warfle to the CNMI Bar Association (July 22, 2008).

[11] *See* E-mail from Stephen C. Woodruff to Janet King (May 31, 2009).

[12] The attorney filled out, signed and submitted Form G-28. Individuals appearing as attorneys are subject to the rules of Professional Conduct for Practitioners found in 8 C.F.R. § 292.3. Section 292.3(d) states: "Complaints of criminal, unethical, or unprofessional conduct, or of frivolous behavior by a practitioner before DHS must be filed with the DHS disciplinary counsel..." Any attorney filling Form G-28 has a duty to disclose disciplinary actions or other restrictions on his practice of law in the bars of courts in jurisdictions other than those in which he claims to be in good standing. There is no information in this disciplinary complaint about complaints, if any, filed with DHS disciplinary counsel.

[13] *See* "Playing By the Rules: Violations of Ethics Rules as Evidence of Legal Malpractice," Sluga, Gena L. and Douglas L. Christian (citing Scope of the Model Rules of Professional Conduct (1995)).

**Recommendation:** There is probable cause that the attorney engaged in ethical misconduct. The attorney exhibited a lack of diligence and promptness in violation of Rule 1.3. The attorney's failure to communicate with his client evidences a violation of Rule 1.4. The attorney's violation of the Rules caused injury or could have caused potential injury to the complainant and his spouse. The recommendation is a finding that there is probable cause to refer the matter for disciplinary proceedings against the attorney.

Submitted this 21st day of January, 2012.

/S/ *Janet H. King*
JANET H. KING

**IN THE SUPERIOR COURT**
**OF THE**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | | |
|---|---|---|
| INVICTUS TORRES FELICIANO, Plaintiff, vs. STEPHEN C. WOODRUFF, Defendant. | ) | SMALL CLAIMS NO. 09-0065 **JUDGMENT ORDER** |

ENTERED DATE:

**THIS MATTER** came before the court on September 17, 2009, at 1:30 p.m. in Courtroom 217A for the Court to announce its ruling on the case after trial. Both Plaintiff and Defendant appeared *Pro Se.*

***Based on the matters evidence presented in trial and for good cause shown,*** the Court finds judgment that the Defendant acquitted in all allegations in this matter. Plaintiff is not awarded for any claims.

**SO ORDERED** this 5th day of ~~September~~ Nov., 2009.

for **PERRY B. INOS, Associate Judge**

Gmail by Google

# DISCIPLINARY CMTE INVESTIGATION: Follow up, w rap up

Janet King <janethanking@gmail.com> Thu, Oct 15, 2009 at 10:07 AM
To: Stephen Woodruff <scwlaw.spn@gmail.com>

Do you have time to meet between now and October 22 to wrap up the Disciplinary investigation I am assigned to do? Thank you so much.

If you are going to be at the bar luncheon, we can bring our calendars and find a date to meet. Thanks.
Janet.

---

Stephen Woodruff <scwlaw.spn@gmail.com> Fri, Oct 16, 2009 at 9:41 AM
To: Janet King <janethanking@gmail.com>

Janet -

Is there a time convenient for you today?

Regads,

Steve

[Quoted text hidden]
--
Law Office of Stephen C. Woodruff
Suite 202, Golden Bird Plaza Bldg.
Beach Road, Susupe
P.O. Box 500770
Saipan, MP 96950
Tel.: 1 (670) 235-3872
Fax: 1 (670) 235-3873
website: http://wwww.scwlaw.homestead.com

If you have not already done so, please update your contacts list / address book to this new email address: scwlaw.spn@gmail.com. My old email address, scwlaw@itecnmi.com, has been discontinued. Thank you.

---

Janet King <janethanking@gmail.com> Fri, Oct 16, 2009 at 1:35 PM
Reply-To: janethanking@gmail.com
To: Steve Woodruff <scwlaw.spn@gmail.com>

Hi,

I'm on Tinian all day today in court. How about a date next week except Monday?

Thank you

Sent from my BlackBerry® wireless device

E-FILED
CNMI SUPREME COURT
E-filed: Jan 04 2013 05:05PM
Clerk Review: Jan 04 2013 05:08PM
Filing ID: 48743174
Case No.: 2013-SLD-0001-ADA
Deanna M Manglona

# Disciplinary Committee

OF THE

## CNMI Bar Association

P.O. Box 502845
Saipan, MP 96950

Timothy H. Bellas
*Chairman*
Robert T. Torres
*Vice Chair*
Bruce Mailman
*Secretary*
Janet H. King
*Member*
Sean Frink
*Member*

Telephone: (670) 323-2115
Facsimile: (670) 323-2116
Email: tim@bellaslaw.net

January 27, 2012

<u>CONFIDENTIAL COMMUNICATION</u>

**Members of Disciplinary Committee**

Subject: <u>First Amended Investigative Report of Complaint Filed Against Stephen R. Woodruff.</u>
(Case no. 2011-14)

*Procedural Summary*:

On November 15, 2011 Ms. Esperanza Ellis came into my office and verbally made a complaint against the above named attorney.

On December 2, 2011, Notice was sent to Mr. Woodruff ("Attorney") about the filing of the Complaint, via registered mail.

On December 12, 2011, based on the notes from my interview of Ms. Ellis, a letter was sent to Mr. Woodruff advising him of the specific factual allegations and the Rules that were implicated by those factual allegations. The letter specified that Attorney should provide any response to the investigation by December 30th, 2011, or the investigation would be concluded based on the only information available to me.

No response or request for an extension of time was received from Attorney until the date of this Report.

On January 27, 2012, Ms. Ellis came in to see me. She indicated that she went to USCIS and the employee she spoke to advised her that Attorney had refiled her forms in mid December, 2011 but that he

had requested fee waivers for both forms. USCIS instructed to make this fact known to DC.

*Factual Basis:*

Ms Ellis originally hired Attorney in July 2008, to obtain Immediate Relative status for her, when such matters were still under the control of CNMI Immigration. She states that in order to perform this service Attorney requested $400 in fees and an additional $50 for the cost of the Alien ID Card.

Ms. Ellis stated that there was a lack of diligence in pursuing this matter on her behalf and Attorney failed to keep her advised of the status of the matter. Eventually, Ms. Ellis went to CNMI Immigration herself and was told that the $50 for the Alien ID card had never been paid and that her application was not being processed for that reason. Therefore, she paid the $50 herself in spite of already having paid that amount to Attorney for that purpose. On December 15th, 2008, her CNMI Immediate Relative status was granted and her I.D. card obtained shortly thereafter

Ms. Ellis next retained Attorney's services on August 25, 2009, when she paid and obtained a receipt from Attorney for the amount of $3,000. This receipt, No T-687905, states that the services to be rendered to the client were:

a) applying for a green card, and

b) filing a paternity action.

The receipt further indicates that the $3,000 represents fees and costs. (a copy is attached)

Ms. Ellis remembered that Attorney told her that:

a) His legal fees would be $900 and that the rest of the money was for costs; and

b) The processing of her green card would take three (3) months.

She stated that Attorney never asked her to fill out or sign any forms at the time the money was paid to him. She returned to Attorney's office in November, 2009 to inquire as to the status of her matters. At that time, she was told that she needed to go to Pacific Medical Center for a medical examination. In order to accomplish this requirement she had to pay an additional $400, directly to PMC.

Since she was again not being asked to sign any forms, Ms. Ellis inquired as to how her application for her green card would be processed without any forms being signed. She recalls Attorney telling her that she should not worry because "I will take care of you".

In January of 2010, she was finally asked to return to Attorney's office and that was when she signed both an I-485 and I-360 immigration forms. Apparently, Attorney indicated that her green card would be processed on the basis of her being a battered spouse, since there were issues of her being abused by the

husband.

After waiting to hear from Attorney for quite some time, without any communication from Attorney, Ms. Ellis began calling Attorney's office once a week for the status of her matters. She was always told that the Attorney was busy and there was never a return call. When the calls proved ineffective, she began visiting Attorney's office once a week and would wait an average of three (3) hours, without Attorney seeing her. This went on for numerous months. Finally, on October 2, 2011, she went to Attorney's office and Attorney threatened to call the police to have her removed, if she did not stop coming to Attorney's office. However, she indicates that this was also the time that Attorney first provided her with a receipt from the US Post Office indicating that Attorney had mailed her green card application to the Chicago, IL office of the USCIS.

Apparently, Ms. Ellis used the tracking number from that receipt and thru use of the internet was able to determine that this receipt is for an envelope which was mailed on April 14th, 2011 and received on April 26th, 2011 by USCIS. She indicates that Attorney has never provided her with any copies of any documents filed on her behalf. She further indicates that other persons have told her that green card applications for battered spouses are processed by the Vermont USCIS office and therefore she does not even know if this envelope contained her application or not.

She has never to this day been advised of the status of her application. Nor has Attorney ever filed any pleading in connection with the paternity of her daughter.

Apparently after receiving notice of her complaint to the DC, which pointed out that the VAWA applications were sent to the wrong service center, Attorney resubmitted the applications but failed to pay the filing fees which were already paid to him by the client and which were apparently forfeited due to his failure to diligently or competently pursue the application procedure the first time.

*Findings*:

Therefore, based on the unrefutted facts provided by the complainant, there are sufficient allegations to find probable cause that Attorney has violated:

1. (Rule 1.3[1]) a failure to diligently pursue matters on the client's behalf.

2. [Rule 1.4(a)(3)] a failure to keep the client informed about the status of her matters.

3. [Rule 1.15(a)] possible misappropriation or failure to properly account for the client's funds from/in your trust account on more than one occasion.

---

1 All references to Rules are to the 2011 ABA Model Rules.

As such it is suggested that this matter be referred to Superior Court with a recommendation that further action is warranted by this complaint.

Sincerely,

/s/

Timothy H. Bellas
DC Case Investigator

cc: File

By order of the court, **GRANTED** *Judge Perry B. Inos*

C. Woodruff (F0190)
y and Counselor at Law
Second Floor, Marg's Kitchen Bldg.
Chalan Hagoi at Mt. Carmel
P. O. Box 500770
Saipan, MP 96950
Tel.: (670) 235-3872
Fax: (670) 235-3873

Attorney for Petitioner

E-FILED
CNMI SUPERIOR COURT
E-filed: Apr 9 2012 2:51PM
Clerk Review: N/A
Filing ID: 43540904
Case Number: 10-0559-FCD
N/A

**IN THE SUPERIOR COURT**
**OF THE**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **EMILY BAMBA GARDE,**<br>**Petitioner,**<br>**-v-**<br>**MARLON ORILLY GARDE,**<br>**Respondent.** | **FCD-DI Civil Action No. 10-0559**<br><br>**DECREE OF DIVORCE** |

**THIS MATTER** came on for hearing on Petitioner's complaint for divorce and the parties request for judgment on the pleadings, on May 23, 2011, at 1:30 p.m. Petitioner, Emily Bamba Garde, appeared personally and through counsel, Stephen C. Woodruff. Respondent, Marlon Orilly Garde, did not appear. Petitioner sought divorce from Respondent, Marlon Orilly Garde, and restoration of her maiden name, Emily Bamba Santos.

On November 9, 2010, Petitioner filed her complaint seeking divorce from Respondent Marlon Orilly Garde. On January 6, 2011, Respondent signed a Stipulation to Divorce, which Petitioner filed with the Court on April 15, 2011, together with a Motion for Hearing and Judgment.

No other pleading has been filed by Respondent, who had notice of the hearing and did not appear. The Court thus proceeded to judgment.

Therefore, upon hearing testimony of Petitioner and reviewing the documents on file herein, the Court, being fully advised in the premises, made the following findings of fact, granted divorce and restoration of maiden name, and hereby enters this decree of divorce:

**FINDINGS OF FACT**

1. Respondent has resided in the Commonwealth of the Northern Mariana Islands for a period of more than two (2) years next preceding the filing of the Complaint, and this Court has jurisdiction to entertain this action for divorce.
2. Respondent, Marlon Orilly Garde, acknowledged service, admitted all allegations of the complaint, and signed a stipulation to divorce on January 6, 2011. Respondent therein requested adjudication by the Court that he is not the father of any children born to Petitioner during the marriage.
3. Based on the confirming testimony of Petitioner, Respondent is not the father of any children born to Petitioner during the marriage. Respondent has no parental relationship with any such children and accordingly no parental rights or obligations with respect to any children of Petitioner.
4. The parties were married on October 26, 2007, and separated in November of the same year.
5. Petitioner bases her request for divorce from Respondent pursuant to 8 CMC § 1331 (b), (c), (i), and (h). Respondent has stipulated to divorce based on 8 CMC § 1331(h). The parties have been separated, living apart without cohabitation, for more than two years. Accordingly, the Court finds grounds for divorce based on 8 CMC § 1331(h).
6. There are no marital assets or obligations subject to distribution by the Court.

**DECREE OF DIVORCE**

**THEREFORE**, with good cause appearing, it is hereby **ORDERED, ADJUDGED AND DECREED:**

1. The bonds of Matrimony heretofore existing between the Petitioner and the Respondent are hereby dissolved, and the parties are awarded an absolute divorce from the other and are free to live apart as unmarried persons.
2. Respondent is not the father of any child born to Petitioner during the marriage and has no duty of support and no parental rights or obligations with respect to any such child.
3. There are no property issues between the parties to be resolved by the Court.
4. Petitioner is restored to her former name of Emily Bamba Santos.

ENTERED this _____ day of April, 2012.

PERRY B. INOS
Associate Judge

Kim Chang Sook
P.O. Box 501850
Saipan, MP 96950

January 31, 2010

The Bar Association of CNMI
Capitol Hill
Saipan, MP 96950

RE: COMPLAINT TO MEMBER LAWYER

Dear President:

This is to complain the inaction of one of your members, Atty. Stephen C. Woodruff for a legal advice and design of remedy in connection with the USCIS records concerning my natural son, Michael Kim of a possible remedy to set aside the adoption decree.

We tried to contact him and set an appointment but apparently the good attorney ignores our effort, he does not even return our call to give us information for the services he accepted and we have no idea of what have happened to our service agreement to give legal advice and possible remedy for that matter.

Please, help us to collect back the money we paid him since he has not done anything for our case.

Very truly yours,

Kim CHANG SOOK

Kim Chang Sook
Mother

To: Disciplinary Committee of the CNMI Bar Association
From: Adam Hardwicke
Date: October 11, 2012
RE: Disciplinary Complaint 2012-04 Against Stephen Woodruff by Kim Chang Sook

**I. Background**

The current matter involves a complaint against attorney Steven Woodruff by Kim Chang Sook. Specifically, Ms. Sook alleges that she retained Mr. Woodruff by paying him $1000 on or about July 22, 2009 and that Mr. Woodruff accepted such retainer and agreed to perform two tasks: (1) to help Ms. Kim process paper work with USCIS and (2) to set aside the adoption of her son Michael Kim in FCD-AD Case No. 00-0202 (NMI Super.Ct.). (See Attached "COMPLAINT TO MEMBER LAWYER).

This Investigator sent a letter to Mr. Woodruff on June 4, 2012 outlining the complaint against him including the letter from Ms. Sook to the Disciplinary Committee. (See Attached "CONFIDENTIAL COMMUNICATION"). As of the writing of this report, Mr. Woodruff has neither responded to this investigator nor acknowledged the complaint.

**II. Findings**

Commonwealth attorneys are bound by the ethics rules, both in and out of court, pursuant to the Commonwealth Disciplinary Rules and Procedures. 1 CMC § 3403; NMI R. Disc.1. The Commonwealth Disciplinary Rules and Procedures adopt the American Bar Association's Model Rules of Professional Conduct ("MRPC"). Thus, any attorney in the Commonwealth may be disciplined for violating provisions of the MRPC. NMI R. Disc. 1. The purpose of a disciplinary action against an attorney is not to punish the attorney, but rather to guard the administration of justice, maintain the dignity of the court and the integrity of the profession, and to protect the public. Saipan Lau Lau Dev., Inc., v. Superior Court (San Nicolas), 2001 MP 2 ¶ 38.

This investigator finds that Mr. Woodruff accepted representation of Ms. Sook to perform the services described above and that subsequently, Mr. Woodruff took no further action in the matter. According to Ms. Sook, Mr. Woodruff has ignored her attempts at reconciling the situation or apprising Ms. Sook of the status of his representation. Mr. Woodruff similarly ignored this investigator's invitation to discuss

these allegations as well by failing to respond to my June 4, 2012 letter. The receipt given to Ms. Sook by Mr. Woodruff, which memorializes the representation agreement, says the money received is nonrefundable for legal "services relating to research, advice, and the possible design of a remedy in connection with USCIS records concerning her natural child, Michael Kim and possible setting aside of adoption decree entered in FCD-AD Case No. 00-0202 (Nor.Mar.I.Super.Ct.)." (See Attached "RECEIPT"). Presently, it appears that Mr. Woodruff accepted $1000 for the representation of Ms. Sook, retained the money, but failed to provide any representation of any kind to Ms. Sook. These acts are in direct conflict with multiple Rules of Professional Conduct.[1] Specifically:

1. <u>Model Rule 1: Competence, Diligence, Communication, and Fees</u>

"A lawyer shall provide competent representation to a client." Model Rule 1.1. Further, a "lawyer shall act with reasonable diligence and promptness in representing a client." Model Rule 1.3. Lastly, Mr. Woodruff is required to "promptly inform the client of any decision,. . . reasonably consult with the client about the means by which the client's objectives are to be accomplished,. . .keep the client reasonably informed about the status of the matter;. . . promptly comply with reasonable requests for information. . . ." Model Rule 1.4(a)(1-4).

Mr. Woodruff appears to have violated these rules in that he did not provide any representation, let alone competent representation. Mr. Woodruff has not been diligent, he has ignored Ms. Sook's attempts to communicate, and he has not kept his client reasonably informed on any matters.

Model Rule 1.5 governs fees and requires fees to be reasonable, among other things. Mr. Woodruff appears to have accepted $1,000 and in return, provided Ms. Sook with nothing. This violates Rule 1.5.

2. <u>Model Rule 3.2</u>

"A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client." Model Rule 3.2. As discussed above, it appears no effort has been

---

[1] If the allegations as presented are true and complete, multiple sections of the ABA Model Rule addressing: the lawyer/client relationship (Rule 1), the attorney as a counselor (Rule 2), the attorney as an advocate (Rule3), and the integrity of the profession (Rule 8), have been violated. As such, only a select few are highlighted herein. Additionally, as discusses herein, these acts may constitute an act of dishonest and moral turpitude thereby forming an additional basis for discipline pursuant to Disciplinary Rule 2(b) and (d).

made to litigate or otherwise resolve the matter for which he was retained and the client's interests have been entirely disregarded and ignored.

3. Model Rule 8.4

Model Rule 8.4 states in relevant part:

> It is professional misconduct for a lawyer to:
>
> (a) violate or attempt to violate the Rules of Professional Conduct. . .;
> (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
> (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
> (d) engage in conduct that is prejudicial to the administration of justice. . . .

It appears that all of the above sections appear to have been violated. As for subsection (b), if the allegations as stated are true and complete, Mr. Woodruff's conduct may constitute a crime of Theft whereby he accepted money and then essentially never spoke to the client again.

**III. Conclusion and Recommendation**

Pursuant to Rule 3 of the Disciplinary Rules this investigator can foresee discipline ranging from private reprimand to potentially disbarment and/or other sanctions deemed appropriate by the Superior Court. This investigator can further foresee the Superior Court Ordering Mr. Woodruff to return the $1000 with interest to Ms. Sook. The following facts weigh heavy on my recommendation for further action: (1) Mr. Woodruff has ignored this Committee's attempts to communicate; (2) this complaint is similar to another pending complaint; (3) Mr. Woodruff appears to have taken $1,000 from a person, made promises of service, and given them nothing in return. This is not a case where the attorney made an error in skill or judgment, rather – if the allegations are accurate and complete – this attorney simply took money and never spoke to the client again. For these reasons, I recommend this complaint be promptly forwarded to the Presiding Judge for further action.

Kim Chang Sook
P.O. Box [illegible]
Saipan, MP 96950

January 31, 2010

The Bar Association of CNMI
Capitol Hill
Saipan, MP 96950

RE: COMPLAINT TO MEMBER LAWYER

Dear President:

This is to complain the inaction of one of your members, Atty. Stephen C. Woodruff for a legal advice and design of remedy in connection with the USCIS records concerning my natural son, Michael Kim of a possible remedy to set aside the adoption decree.

We tried to contact him and set an appointment but apparently the good attorney ignores our effort, he does not even return our call to give us information for the services he accepted and we have no idea of what have happened to our service agreement to give legal advice and possible remedy for that matter.

Please, help us to collect back the money we paid him since he has not done anything for our case.

Very truly yours,

Kim Chang Sook

Kim Chang Sook
Mother

# *Disciplinary Committee*
## CNMI Bar Association

Timothy H. Bellas
*Chairman*
Robert T. Torres
*Vice Chair*
**Adam Hardwicke**
*Member/Secretary*
Bruce L. Mailman
*Member*
Stephen Pixley
*Member*

Telephone: (670) 234-6503
Facsimile: (670) 234-1009
Email:adamhardwicke@gmail.com

P.O. Box 506197
Saipan, MP 96950

June 4, 2012:

CONFIDENTIAL COMMUNICATION

Subject: Complaint Filed with the Disciplinary Committee of the CNMI Bar Association

Dear Mr. Woodruff:

I have been assigned to investigate a disciplinary complaint filed against you by KIM CHANG SOOK in complaint 2012-04. Specifically, Ms. Sook alleges that sometime in 2009 Ms. Sook retained you as her attorney and paid you $1000, 00 to help her process paper work with USCIS and to possibly set aside an adoption of her son Michael Kim in FCD-AD Case No. 00-0202 (Nor. Mar. I. Super. Ct.).

Ms. Sook alleges that you have ignored her attempts to follow up on the legal services you were retained to provide and as such, filed this complaint against you through the CNMI Bar Association Disciplinary Committee.

Attached to this letter is the letter from Ms. Sook which will serve as the complaint against you as well as what appears to be your signed receipt for the $1000 paid to you on July 22, 2009 by Ms. Sook.

Please respond to this letter within 30 days so that I may determine whether or not there is any validity to these claims and what recommendation(s) I need to make to the Disciplinary Committee regarding these allegations.

Sincerely,

AH

Adam Hardwicke
*Member/Secretary*
cc: File

양수 v. 영수

**Stephen C. Woodruff**
Attorney and Counselor at Law
Suite 202, Golden [illegible]
Beach Road, [illegible]
P. O. Box [illegible]
Saipan, MP [illegible]

No. T-687902

RECEIPT

RECEIVED FROM Kim Chang Sook the sum of ONE THOUSAND ONLY Dollars. Amount Received: $1,000.00. Received as nonrefundable fixed fee payment for legal services relating to research, advice, and possible design of a remedy in connection with USCIS records concerning her natural child, Michael Kim, and possible setting aside of adoption decree entered in FCD-AD Case No. 00-0202 (Nor. Mar. I. Super. Ct.).

Balance due: -0-

Received by: [signature]

July 22, 2009.

234- 1977

DATE 7-22-09 NO. 687902
RECEIVED OF Kim Chang Sook
DOLLARS [illegible]
One thousand only, [illegible]
FOR DEBT FOR Atty Fee
HOW PAID Cash | BALANCE DUE -0-
BY [signature]

1st receipt

Tel.: (670) 235-3872 Fax: (670) 235-3873 Email: scwlaw.spn@gmail.com

# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
# DEPARTMENT OF LABOR
# OFFICE OF THE SECRETARY

| | |
|---|---|
| In the Matter of:<br><br>Kinship Enterprise (ER),<br><br>Appellant,<br><br>v.<br><br>Ambrosio V. Baing (EE),<br><br>Appellee. | SA 2007-109 appeal from<br>L.C. 07-236<br><br>**SECRETARY'S ORDER ON APPEAL** |

This is an appeal filed on December 18, 2007, from an Order issued by a hearing officer on December 3, 2007. The appeal was timely filed.

The Secretary takes judicial notice of Appellant's note which indicated that "full papers" would be filed the day after the appeal was filed. However, as of the date that this appeal has been decided, no such papers were filed. In the absence of the filing of "full papers" indicating the issues on appeal, the Secretary adopts the view that the Appellant appealed the entire order. This case arose out of an employment contract that expired and was followed by an arrangement that the hearing officer found to be an illegal sponsorship.

Reviewing the hearing officer's opinion for any potential error, none is found. The grounds for the hearing officer's findings of fact and conclusions of law in this matter, made after full hearing on the record, are stated in a written five-page opinion. The hearing officer's findings of fact are supported by a preponderance of the evidence and the conclusions of law are properly drawn from the findings of fact. The hearing officer made clear findings based on the record and testimony before him, the matter was correctly decided, and the decision and order are affirmed.

**IT IS HEREBY ORDERED**: The decision and order of the hearing officer are AFFIRMED and all provisions of the administrative order shall be enforced by the Department.

Kinship Enterprises, Inc. shall pay Ambrosio Baing the amount of $2,765 within 15 days of the date of service of this order.

Kinship Enterprises, Inc. shall pay fines in the amount of $1,778.24 at the CNMI Treasury booth located within the Department of Labor within 15 days of the date of service of this order.

Ambrosio V. Baing shall report to Labor Enforcement within seven (7) days of the date of service of this order and shall depart the Commonwealth within 15 days after the repatriation ticket is available at Labor Enforcement.

DATED 3/19/09

Gil M. San Nicolas/gek
Gil M. San Nicolas
Secretary of Labor