FILED
Clerk
District Court

SEP - 4 2018

for the Northern Mariana Islands
By _____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| In Re:<br><br>STEPHEN C. WOODRUFF,<br><br>Respondent. | DISCIPLINARY CASE: FOR PUBLICATION<br><br>1:13-MC-00061<br><br>DECISION AND ORDER |

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

On May 23, 2016, a panel comprising the three undersigned judges held a merits hearing in the above-captioned disciplinary case involving Respondent Stephen C. Woodruff, a member of this Court's bar. Present were Prosecuting Counsel Rexford C. Kosack and Respondent, who appeared pro se. (Minute entry, ECF No. 45.) The Complaint for Ethical Violations (ECF No. 10) charged violations of Rules 1.1 and 1.3 of the Model Rules of Professional Conduct ("MPRC"), made applicable in this Court by Local Disciplinary Rule ("LDR") 2(h), for conduct during his representation of Murugesan S. Subbaiah on appeal of a civil judgment against him to the Court of Appeals for the Ninth Circuit. The Complaint alleged that Respondent missed the deadline for filing his client's opening brief without having requested an extension of time, and failed to follow up effectively on transcript requests with the district court reporter. Three

months after the filing deadline had passed, appellee filed a motion to dismiss. Respondent failed to file a response to the motion or to request an extension of time. When the Ninth Circuit dismissed for failure to prosecute, Subbaiah himself filed a motion to reinstate the case. The Ninth Circuit denied it without prejudice and gave appellant leave to refile it within 28 days along with an opening brief. Respondent, who had never withdrawn from the representation, did not refile the motion or file an opening brief. Three years later, the Circuit Clerk informed Subbaiah that the case would remain closed because of the failure to file an opening brief.

The panel took evidence and heard from witnesses, including the complainant. Subbaiah testified that he had paid Respondent a total of $1,850 to pursue the appeal – $850 in installments and a lump sum payment of $1,000 from a settlement. After hearing the arguments of Prosecuting Counsel and Respondent, the panel found that Prosecuting Counsel had proved by clear and convincing evidence the facts alleged, and that Respondent had violated his duties of competence and diligence as charged. The panel then set a separate hearing for the penalty phase of the proceeding and invited briefs from the parties.

On May 31, 2016, Prosecuting Counsel filed a Disposition Memorandum: Factors in Aggravation (ECF No. 46), and two exhibits, and Respondent filed a Statement Re: Mitigating Circumstances (ECF No. 47). Prosecuting Counsel urged the panel to consider more than a dozen other allegations of similar ethical misconduct by Respondent in cases before this and other courts, especially nine disciplinary complaints that formed the basis for Respondent's disbarment in the Commonwealth of the Northern Mariana Islands. Respondent asserted that Subbaiah suffered little or no material harm, that Subbaiah's own conduct was not beyond reproach, that during the period of the representation he was experiencing serious domestic

difficulties leading to a marital separation, and that over a long legal career in the CNMI he has generally provided competent and diligent representation to clients.

On June 14, 2016, the parties filed responses: Response to Prosecuting Counsel's Disposition Memorandum (ECF No. 48), Declaration of Stephen C. Woodruff (ECF No. 49); Respondent's three volumes of exhibits (ECF Nos. 50, 51, and 52); and Prosecuting Counsel's Reply Memorandum (ECF No. 53). Respondent objected to consideration of any of the disciplinary charges that formed the basis of his CNMI disbarment, on grounds that the CNMI courts procedurally defaulted him, he did not have the opportunity to confront the evidence against him, and he was denied due process. Prosecuting Counsel disputed that the client bore any responsibility for the failure of the appeal, and stressed that the client was materially harmed at least in the loss of the $1,850 he paid Respondent to pursue the appeal.

On June 15, 2016, the panel held a sanctions hearing. The panel heard a recording of Subbaiah's testimony as to the $1,850 loss, and then heard argument from both counsel. The panel indicated that it was inclined not to consider evidence from the CNMI court cases that formed the basis of Respondent's disbarment and would restrict itself to the record from representations in this District and the Ninth Circuit. After argument from Respondent and Prosecuting Counsel, the Court took the matter under advisement.

Since then, more than two years have passed, and only now is the Court issuing its decision and order. The Court is mindful of the irony of judging one of its own lawyers for failure to attend promptly to his client's matters when it has failed to promptly tend to this one. That failure is a disservice to Respondent, Complainant, and Prosecuting Counsel, who worked long hours pro bono on the case. In the meantime, other disciplinary cases involving Respondent have made their way through the Commonwealth and federal courts. It is against

that background that this panel must decide how best to fairly bring the instant matter to a conclusion.

## II. RECIPROCAL DISCIPLINE CASES

On June 7, 2013, Respondent was disbarred by the Commonwealth Superior Court. *See* Disciplinary Action: Disbarment, *In the Matter of Woodruff*, Civil Case No. 13-0017 (Commw. Super. Ct. June 7, 2013), *available at* https://www.cnmilaw.org/pdf/superior/13-06-07-CV13-0017.pdf. The disbarment order was affirmed by the Commonwealth Supreme Court on December 9, 2015. *In the Matter of Woodruff*, 2013-SCC-0030-CIV, 2015 MP 11, 2015 WL 8488972, 2015 N. Mar. I. LEXIS 12 (N. Mar. I. 2015). On December 24, 2015, this Court issued to Respondent a Notice of Intent to Impose Reciprocal Discipline and Order to Show Cause (Case No. 13-CV-00004, ECF No. 75 ).[1] On January 22, 2016, the Commonwealth Supreme Court denied Respondent's petition for rehearing and ordered the mandate to issue on January 26. (No. 13-CV-00004, ECF No. 87-3.) On February 10, Respondent filed an Update (ECF No. 87) notifying the Court of his intention to petition for certiorari to the United States Supreme Court.

When the Court became aware that no petition had ever been filed, it lifted its stay on reciprocal discipline proceedings (Order, Dec. 8, 2016, ECF No. 88). After a hearing, the Court found that reciprocal discipline was warranted and, under LDR 17, disbarred Respondent from the practice of law in this district (Order Imposing Reciprocal Discipline of Disbarment, Mar. 9, 2017, ECF No. 104). After an independent review of the Commonwealth record, the Court found that in the CNMI disciplinary proceedings deserved a presumption of correctness because (1) respondent was not deprived of due process, (2) there was sufficient proof of misconduct,

---

[1] The reciprocal discipline case was assigned to Hon. Frances Tydingco-Gatewood, Chief Judge, District of Guam.

4

and (3) no grave injustice would result from the imposition of reciprocal discipline. *See Selling v. Kramer,* 243 U.S. 46, 50–51 (1917); *In re Kramer,* 193 F.3d 1131, 1132 (9th Cir. 1999).

Also in 2017, the Ninth Circuit was considering whether to reciprocate the discipline imposed by the CNMI courts and disbar Woodruff from federal appellate practice. On October 13, 2017, the Ninth Circuit's Appellate Commissioner issued a report finding that the CNMI disciplinary proceedings against Woodruff did not offer Woodruff fair notice and an opportunity to be heard, that evidence was improperly considered, and that disbarment would do a grave injustice. (Report and Recommendation, No. 13-80077, Oct. 13, 2017, docketed in D. N. Mar. I. No. 13-MC-00004, ECF No. 116-1.) Although he found that none of the *Selling* factors had been met, the Appellate Commissioner recognized that Woodruff had a history of difficulty meeting deadlines in Ninth Circuit cases, sometimes with the result that an appeal was dismissed. He recommended 18 months' probation, allowing Woodruff to complete pending appeals but not take on new appeals during the probationary period.

On October 26, Woodruff submitted the Appellate Commissioner's report as an exhibit supporting a motion for relief from this Court's judgment of reciprocal discipline. In the motion (ECF No. 116), he asked the Court to rescind his disbarment and impose the same discipline as the Ninth Circuit. While that motion was pending, on November 15, the Ninth Circuit issued an order adopting the Report and Recommendation in all respects, except for the prohibition on bringing new cases, which the Ninth Circuit declined to impose. (Order, Nov. 15, 2017, No. 13-80077, docketed D. N. Mar. I. No. 13-MC-00004, ECF No. 117.) On March 28, 2018, the Court heard the motion for relief from judgment and granted it in part, suspending Woodruff for one year (until March 28, 2019), permitting him to resume representation in cases that were pending at the time of his disbarment but forbidding him from taking new cases. (Order Modifying

Discipline, ECF No. 123.) The Court noted that it had a "firm conviction that reciprocal discipline was warranted" but deferred to the Ninth Circuit's determination that CNMI disciplinary proceedings did not comport with due process and therefore modified discipline. The Court gave Woodruff leave to apply for reinstatement after six months and one day, i.e., no earlier than September 29, 2018.

### III. DISCUSSION

In light of the Ninth Circuit's determination in its own reciprocal discipline case, the Court does not consider as aggravating factors the nine disciplinary charges on which the CNMI disbarment was based. Nor will it consider ten other complaints received by the CNMI Bar Disciplinary Committee and submitted by Prosecuting Counsel (*see* Dispo. Memo., ECF No. 46, p. 14 *et seq.*). The Court cannot ignore, however, a series of cases in this district where the previous Chief Judge issued orders taking note of Respondent's deficient performance. In *Prematilaka v. Camacho,* No. 05-CV-00045, the Court dismissed a Title VII complaint with prejudice when Respondent, representing the plaintiff, failed to prosecute the case for more than seven months. (Order, Aug. 10, 2006, ECF No. 3.) Failure to serve defendants or ask for additional time to effect service eventuated in a dismissal in *Santos v. Winner Corporation.* (Order, No. 08-CV-00023, Mar. 27, 2009, ECF No. 5.) In *Feliciano v. Eastern Hope Corporation,* No. 08-CV-00001, the Court dismissed a case with prejudice when Respondent failed to show up for trial. (Order, Dec. 1, 2008, ECF No. 17.) The Court noted a history of missed deadlines by Respondent and directed respondent "to notify his client in writing . . . that he may have a cause of action against Mr. Woodruff for failure to meet minimum professional standards in client representation . . ." (*Id.*) It is not only the former Chief Judge of this District who observed this tendency to miss deadlines and court dates. The Chief Judge of the District of

Guam, sitting here by designation, noted that Respondent had missed crucial deadlines in his own reciprocal discipline case and offered up weak excuses for doing so. She wrote, "Respondent's failure to attend to his own disciplinary cases mirrors the misconduct alleged in [the CNMI's disciplinary complaint]." (Order, No. 13-CV-00004, Mar. 9, 2017, ECF No. 104, at 8.)

The panel draws attention to this related conduct only to show why it does not give much credit to Respondent's protestations that he has a history of managing his case load competently and diligently. What the panel saw in the evidence was an attorney who, for whatever reasons, was taking on more than he could handle, not just for a short period of acute stress but over the course of many years.

## IV. DISCIPLINARY ACTION

Under LDR 3, attorney discipline in this District may consist of disbarment, suspension by a period of up to five years, public censure, or private reprimand. Were it still 2016, the Court would likely impose disbarment or a period of suspension starting 30 days from now, pursuant to LDR 17(c). Much time has passed, however. The Court recognizes that it would be unfair to make an attorney start serving a term of discipline in late 2018 that, but for the Court's inaction, might have already ended. For this reason, the Court hereby imposes on Respondent the same discipline that was imposed in Case No. 13-MC-00004: Respondent is suspended from practice in this District for a period of one year. The suspension shall run concurrently with the suspension in No. 13-MC-00004, i.e., from March 28, 2018, the date of the Order Modifying Discipline (ECF No. 123). Respondent may continue representing clients in any open cases, which the Court understands to be only the plaintiff in *Ramsey v. Muna*, No. 14-CV-00021. He is not permitted to enter appearances in new cases during the period of suspension. Pursuant to

LDR 18(b), he may apply for reinstatement after the expiration of at least one-half of the period of suspension.

SO ORDERED this 4th day of September, 2018.

_____
Ramona V. Manglona
Chief Judge

_____
Roberto C. Naraja
Designated Judge

_____
Teresa Kim-Tenorio
Designated Judge