Stephen C. Woodruff
Attorney and Counselor at Law
P. O. Box 500770
Saipan, MP 96950
Tel.: +1 (670) 989-2797
Email: scwlaw.spn@gmail.com

*In Pro Per*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **IN RE STEPHEN C. WOODRUFF,**<br><br>**Respondent.** | **Case No. 1:13-MC-00004** |
| **IN RE STEPHEN C. WOODRUFF,**<br><br>**Respondent.** | **Case No. 1:13-MC-00061** |

**PETITION FOR REINSTATEMENT TO PRACTICE**

COMES NOW, Respondent, Stephen C. Woodruff, and hereby petitions the Court pursuant to Local Disciplinary Rule 18 for an Order reinstating Respondent to practice of law before this Court.

Respondent was ordered disbarred in Case No. 1:13-MC-00004 on March 9, 2017. On March 28, 2018, discipline in that case was amended to suspension of practice for a period of one year, beginning the date of the order and running through March 27, 2019.

On September 4, 2018, in Case No. 1:13-MC-00061, Respondent was suspended from practice for a period of one year running concurrently with his suspension in Case No. 1:13-MC-00004. Accordingly, Respondent's term of suspension in both cases expired on March 27, 2019,

and Respondent is eligible for reinstatement to practice before this Honorable Court. *See* LDR 18(b).

Local Disciplinary Rule 18(c) provides:

> Petitions for reinstatement by a disbarred or suspended attorney shall be filed with the Chief Judge. Upon receipt of the petition the Chief Judge shall set the matter for hearing. At such hearing the petitioner shall have the burden of demonstrating that he or she is qualified to practice law in the district and is worthy of the Court's trust and confidence. At the conclusion of the hearing the Court shall enter an appropriate order within a reasonable time.

LDR 18(c).

In support of this petition, Respondent offers the accompanying declaration and the following information:

During the past three years, Respondent completed his representation of plaintiff in *Ramsey v. Muna*, Case No. 1:14-cv-00021, in this Court, and diligently prosecuted numerous cases in the Ninth Circuit, including:

*Ramsey v. Muna*, No. 19-15514, in which a memorandum decision issued on - July 13, 2020.

*Torres v. Barr*, No. 13-70653, in which a unanimous *en banc* decision in Ms. Torres favor was entered on September 24, 2020.

*Jin v. Barr*, No. 13-70415, petition for rehearing granted and case remanded to Board of Immigration Appeals on November 4, 2020.

*Liqiang Gu v. Barr*, No. 13-72936, combined petition for rehearing and for rehearing *en banc* pending. Government response due November 23, 2020.

*Erwin v. Barr*, No. 14-72325, petition for rehearing granted on November 4, 2020, and case remanded to Board of Immigration Appeals.

*Ligong Gu v. Barr*, No. 15-70927, in which supplemental briefs were ordered. Government Supplemental Brief filed October 23, 2020. Petitioner's Supplemental Brief filed October 27, 2020. Case remanded to Board of Immigration Appeals on November 4, 2020.

*Noble v. Barr*, No. 17-70026, in which supplemental briefs were ordered. Government filed a motion to remand on October 26, 2020. Petitioner's Supplemental Brief filed October 27, 2020. Case remanded to the Board of Immigration Appeals on November 4, 2020.

*Ellis v. Barr*, No. 18-71615, in which briefing is complete.

*United States v. Phan*, No. 18-10099, petition for rehearing denied August 6, 2019.

*Ali v. Sessions*, No. 15-71561, motion to withdraw as counsel granted July 9, 2018.

*De Guzman v. Sessions*, No. 14-73167, memorandum decision December 20, 2017.

Respondent took the Multistate Professional Responsibility Examination (MPRE) on August 10, 2019, obtaining a score of 92 – **Exhibit "1"**

Respondent was restored to unrestricted practice of law in the United States Court of Appeals for the Ninth Circuit on November 12, 2020, after being in probationary status from November 15, 2017 to that date[1] – **Exhibit "2"**

---

[1] Respondent's term of probation was 18 months; however, Respondent did not apply for reinstatement to unrestricted practice until this month, thus he remained subject to probation for just 3 days less than three years.

The following declarations were submitted in Respondent's support in Respondent's reciprocal discipline case in the Ninth Circuit and are similarly offered here in support of Respondent's petition for reinstatement:

- Declaration of Margery S. Bronster (March 22, 2017) – **Exhibit "3"**.
- Declaration of Robert M. Hatch (March 22, 2017) – **Exhibit "4"**.
- Declaration of Joseph E. Horey (March 26, 2017) – **Exhibit "5"**.

WHEREFORE, Respondent respectfully requests reinstatement to practice before this Honorable Court.

Dated this 16th day of November, 2020.

Respectfully submitted,

STEPHEN C. WOODRUFF
Respondent

## MPRE Score

Name: STEPHEN WOODRUFF
NCBE Number: N10437494
Date of Birth: 11/19/1951

Your score on the Multistate Professional Responsibility Examination (MPRE) administered on 08/10/2019 is as follows:

Scaled Score: 92

The score shown above has been reported to NORTHERN MARIANA ISLANDS as you requested when you registered for the MPRE.

**Your MPRE score will be available on your NCBE account only until the next MPRE test date. If you want to obtain your score after that, you will need to request a score transcript, and pay the required fee. Therefore, we recommend that you save this page and/or print it for your records.**

Each jurisdiction determines its own passing score on the MPRE. You may find a jurisdiction's passing score, as well as contact information for its bar admission agency, by selecting the jurisdiction from the interactive map. Any questions about admission requirements pertaining to MPRE scores should be directed to the bar admission agency in the jurisdiction to which you are applying.

The MPRE scaled score is a standard score. Standard scaled scores range from 50 (low) to 150 (high).

**MPRE Score Services: All MPRE score services listed below must be requested under the Score Services tab or from the File Cabinet of your NCBE account.**

- MPRE Score Report: If you would like to have your MPRE score sent to another jurisdiction, you must submit a request to NCBE for a score report. Score reports are sent to jurisdictions by secure transfer.
- MPRE Score Verification: If you would like to have the scoring of your MPRE answer sheet rechecked by hand, you must request a score verification. **Score verification requests must be submitted to NCBE within two months of the original test date.**
  Note: See link in File Cabinet to request a MPRE Score Verification. This link is only visible when the service is available.
- MPRE Unofficial Score Transcript: If you would like a replacement copy of your MPRE score after it is no longer available on this page, you must submit a request to NCBE for an MPRE Unofficial Score Transcript. The transcript will include all the MPRE scores you earned from 1999 to the present. All scores on the MPRE Unofficial Score Transcript are duplicative of score information provided following the exam. MPRE Unofficial Score Transcripts will be available in the File Cabinet of your NCBE account, and are not sent by mail.

**EXHIBIT "1"**

FILED

NOV 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re:

STEPHEN CARL WOODRUFF, Esq.,
Admitted to the bar of the Ninth Circuit:
September 9, 1998,

Respondent.

No. 13-80077

ORDER

Before: Peter L. Shaw, Appellate Commissioner.

On November 15, 2017, the court imposed an 18-month period of probation, based on respondent's conduct in the Ninth Circuit, which included multiple dismissals for failure to prosecute, and difficulty meeting deadlines.

The purpose of probation is to allow the court the opportunity to determine whether a practitioner has addressed the problems identified in his practice. For the most part, Woodruff has done so. Woodruff has at times required multiple extensions of time to meet some filing deadlines, but the court expects to see significant improvement in this regard.

Accordingly, Woodruff's motion (Docket No. 60) to be restored to unrestricted practice in this court is granted. The Clerk's Office is authorized to issue a certificate of good standing to respondent Woodruff.

ES/Appellate Commissioner

**EXHIBIT "2"**

Stephen C. Woodruff
Attorney and Counselor at Law
P. O. Box 500770
Saipan, MP 96950
Tel.: +1 (670) 989-2797
Fax: +1 (808) 356-1349
Email: scwlaw.spn@gmail.com
*In Pro Per*

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

| | |
|---|---|
| In Re:<br><br>STEPHEN CARL WOODRUFF, Esq.,<br>Admitted to the bar of the Ninth Circuit:<br>September 9, 1998<br><br>Respondent. | No. 13-80077<br><br><br>DECLARATION OF MARGERY S. BRONSTER |

**<u>DECLARATION OF MARGERY S. BRONSTER</u>**

I, Margery S. Bronster, hereby declare and affirm as follows:

1. I am the former Attorney General of the state of Hawai'i and the founding partner of Bronster Fujichaku Robbins, Attorneys at Law, located in Honolulu, Hawai'i.

2. I have practiced law since 1983.

3. In late 2011, I was asked to appear as co-counsel on behalf of the beneficiaries of the Northern Mariana Islands Retirement Fund in a federal class action against the Commonwealth of Northern Marian Islands ("CNMI") to try to protect the beneficiaries' retirement benefits. *Johnson et al. v. Inos et al.*, No. 1:09-cv-00023 (D.N.M.I.)

4. I agreed to represent the putative class and asked Robert M. Hatch an attorney at Bronster Fujichaku Robbins to assist me.



**EXHIBIT "3"**

5. We were required to find qualified local counsel residing in the Northern Mariana Islands.

6. Due to the political and other ramifications of representing the class of beneficiaries against the government of the CNMI, we had a very difficult time finding any able and willing lawyers to act as local counsel.

7. We eventually contacted Steve Woodruff, and he agreed to act as local counsel.

8. Steve proved to be an able and excellent part of the team, and with his help and assistance, we were able to reach a class settlement that was finally approved on September 30, 2013. The judgment of final approved was affirmed on October 19, 2015. *Johnson et al. v. v. Maratita et al.*, No. 13-17241 (9th Cir. Oct. 19, 2015).

9. The class settlement saved the beneficiaries from losing their retirement benefits and has been successfully implemented to the present.

10. During the four years that we were litigating the CNMI retirement fund case together, Steve was always a responsive, capable, and honest lawyer. He became an integral part of our team, and without his assistance we would not have been able to reach a successful outcome or protect the thousands of retirees who were depending on us to secure their financial survival.

I declare under penalty of perjury of the laws of the United States, that the foregoing is true and correct.

Dated: March 22, 2017

Margery S. Bronster

Stephen C. Woodruff
Attorney and Counselor at Law
P. O. Box 500770
Saipan, MP 96950
Tel.: +1 (670) 989-2797
Fax: +1 (808) 356-1349
Email: scwlaw.spn@gmail.com
*In Pro Per*

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| In Re:<br><br>STEPHEN CARL WOODRUFF, Esq.,<br>Admitted to the bar of the Ninth Circuit:<br>September 9, 1998<br><br>Respondent. | No. 13-80077<br><br>DECLARATION OF ROBERT M. HATCH |

## DECLARATION OF ROBERT M. HATCH

I, Robert M. Hatch, hereby declare and affirm as follows:

1. I am a lawyer licensed in Illinois, Michigan, and Hawai'i.

2. I have practiced law since 1990 and concentrate on plaintiff's class actions.

3. In late 2011 Margery S. Bronster and I were asked to appear as co-counsel on behalf of the beneficiaries of the Northern Mariana Islands Retirment Fund in a federal class action against the Commonwealth of Northern Marian Islands ("CNMI") to try to protect the beneficiaries' retirement benefits. *Johnson et al. v. Inos et al.*, No. 1:09-cv-00023 (D.N.M.I.)

4. We agreed to represent the putative class, but we were required to find qualified local counsel residing in the Northern Mariana Islands.



**EXHIBIT "4"**

5. Due to the political and other ramifications of representing the class of beneficiaries against the government of the CNMI, we had a very difficult time finding any able and willing lawyers to act as local counsel.

6. We eventually contacted Steve Woodruff, and he agreed to act as local counsel.

7. Steve proved to be an able and excellent part of the team, and with his help and assistance, we were able to reach a class settlement that was finally approved on September 30, 2013. The judgment of final approved was affirmed on October 19, 2015. *Johnson et al. v. v. Maratita et al.*, No. 13-17241 (9th Cir. Oct. 19, 2015).

8. The class settlement saved the beneficiaries from losing their retirement benefits and has been successfully implemented to the present.

9. During the four years that we were litigating the CNMI retirement fund case together, Steve was always a responsive, capable, and honest lawyer. He became an integral part of our team, and without his assistance we would not have been able to reach a successful outcome or protect the thousands of retirees who were depending on us to secure their financial survival.

I declare under penalty of perjury of the laws of the United States, that the foregoing is true and correct.

Dated: March 22, 2017

Robert M. Hatch

Stephen C. Woodruff
Attorney and Counselor at Law
P. O. Box 500770
Saipan, MP 96950
Tel.: +1 (670) 989-2797
Fax: +1 (808) 356-1349
Email: scwlaw.spn@gmail.com
*In Pro Per*

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

| | |
|---|---|
| In Re:<br><br>STEPHEN CARL WOODRUFF, Esq.,<br>Admitted to the bar of the Ninth Circuit:<br>September 9, 1998<br><br>Respondent. | No. 13-80077<br><br>DECLARATION OF<br>JOSEPH E. HOREY |

I, Joseph E. Horey, declare as follows:

1. I am an attorney on Saipan, CNMI. I am admitted to practice in the courts of the CNMI and also in this court. I make this declaration upon personal knowledge.

2. I have known Steve Woodruff for more than ten years. In 2008, we were co-counsel in a criminal case, and, in 2009, we worked together on the ad hoc committee for developing, first, the CNMI government's protocol for transition to federal immigration law, and then revisions of its own statutory law relating to immigration issues. On many occasions over the years, we have found ourselves working on cases involving similar or related issues, especially labor, immigration and constitutional issues, and have frequently shared thoughts and ideas about the issues involved.

3. Over that time, I have come to know Steve as a tireless advocate for the poorest and most underrepresented segments of the CNMI community, particularly foreign workers. Many of these people would have gone unrepresented – and done so in proceedings where linguistic and procedural barriers put them at a uniquely sharp disadvantage – if not for his efforts on their behalf.



**EXHIBIT "5"**

Indeed, many more of them *do* go unrepresented since Steve has been suspended from practice. He filled a unique niche in this area, and no one has arisen to take his place.

4. I have also come to know Steve as an intelligent and creative legal thinker, with a keen interest in and understanding of the numerous important social, political and legal and constitutional issues facing the CNMI, especially in its relationship with the US. We have sometimes found ourselves on opposite sides of these issues, but, even in opposition, he has always been collegial and solution-oriented in his approach. In this area, too, few if any other members of the CNMI bar share his interest in such issues.

5. Likely as a consequence of his focus on assisting the all-too-numerous underrepresented of the CNMI, he has sometimes allowed himself to become overextended in his practice, a problem I understand to be at the root of his current disciplinary problems. While it is true that this can be a serious issue, it is also true that it is less of a problem, and one more easily managed, in the appellate context. His faults, such as they are, are greatly outweighed by the positive impact he has made and can continue to make on the overall state of legal practice in the CNMI. The CNMI needs someone like Steve Woodruff, and there is no one else like him. Both the opportunity for representation before this Court for persons in need of it, and the range and quality of important issues raised, would be diminished without him.

6. I therefore urge the Court to retain Steve Woodruff as an active member of its bar.

I declare upon penalty of perjury under the laws of the United States that this declaration is true and correct.

Executed at Saipan, CNMI, this 26th day of March, 2017.

*/s/ Joseph E. Horey*

JOSEPH E. HOREY