**E-FILED**
**CNMI SUPREME COURT**
E-filed: Jan 21 2021 04:03PM
Clerk Review: Jan 22 2021 07:22AM
Filing ID: 66271681
Case No.: 2021-SCC-0001-PET
NoraV Borja

IN THE
**SUPREME COURT**
OF THE
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

IN THE MATTER OF STEPHEN C. WOODRUFF,

Petitioner

Supreme Court No. 2021-SCC-0001-PET

# PETITION FOR REINSTATEMENT

COMES NOW, Stephen C. Woodruff, legacy CNMI Bar No. F0190, pursuant to Rule 19 of the NMI Rules of Attorney Discipline and Procedure, and petitions this Honorable Court for reinstatement to the practice of law before the Courts of the Commonwealth.

1. Petitioner's name is Stephen Carl Woodruff. Petitioner resides at Nasa Place, Susupe, Saipan, MP, in a house rented from Paul and Maria Pangelinan adjacent to Susupe Terrace Apartments. His mailing address is P.O. Box 500770, Saipan, MP 96950, and his telephone number is (670) 989-2797.

2. Petitioner's disbarment was based on complaints that he failed to handle nine client matters with sufficient diligence. The same conduct was deemed by the Superior Court to also implicate the duties of competence and communication, among others, in some instances. The conduct upon which the Superior Court based the disbarment – as laid out in Exhibit 1, the Superior Court's disbarment order – was established not by presentation of evidence but by deeming the charges in the complaint admitted on account of procedural default (which petitioner unsuccessfully sought to have set aside).

3. Petitioner was ordered disbarred by Judge David A. Wiseman of the Commonwealth Superior Court on June 7, 2013. A copy of the disbarment order is annexed hereto as Exhibit 1.

4. Although differing with the disbarment order in many respects, Petitioner acknowledges that his performance as an attorney was deficient and discipline was appropriate.

5. During the course of the disciplinary proceedings in the Superior Court, petitioner deposited sufficient funds in trust to cover both the costs of prosecution and any restitution due aggrieved clients. After entry of the disbarment order, the Court ordered disbursement of the restitution specified in the disbarment order, and the following individuals were paid by the Clerk of Court in the following amounts from the trust account:

| | |
|---|---|
| Kenneth and Wanlapa Warfle<br>425 Neptune Avenue<br>Encinitas, CA 92024 | $ 600.00 |
| Ambrosio V. Baing<br>PMB 1634 P.O. Box 10005<br>Saipan, MP 96950 | $ 50.00 |
| Invictus T. Feliciano<br>P.O. Box 504279<br>Saipan, MP 96950 | $ 300.00 |
| Honorio G. Cambronero<br>P.O. Box 504279<br>Saipan, MP 96950 | $ 100.00 |
| Emily Santos Garde<br>P.O. Box 503250<br>Saipan, MP 96950 | $ 300.00 |
| Ana E. Reyes<br>P.O. Box 502286<br>Saipan, MP 96950 | $ 500.00 |
| Frank Herman Cepeda<br>P.O. Box 5623<br>Saipan, MP 96950 | $ 3,000.00 |

Additionally, the following payment was made directly by petitioner at an earlier date:

| | |
|---|---|
| Kazinori Nakamura<br>c/o Eileen Escudero Wisor<br>P.O. Box 506500<br>Saipan, MP 96950 | $ 200.00 |

All restitution ordered by the Superior Court thus has been paid.

6. Costs of prosecution were also assessed by the Superior Court and paid out of the trust account by the Clerk of Court pursuant to court order. On January 23, 2018, the Superior Court issued an accounting of the trust funds. *See* Exhibit 2. On April 5, 2019, the Superior Court closed petitioner's disciplinary case and directed return of the remaining balance in the trust account to petitioner. *See* Exhibit 3. Thus petitioner has paid all fines or costs imposed in conjunction with the disciplinary hearing that led to disbarment.

7. A true copy of petitioner's fitness and character application[1] as filed with the National Conference of Bar Examiners is attached hereto as Exhibit 4. A true copy of the receipt for the $500.00 fee for the character assessment by the NCBE is attached hereto as Exhibit 5. Copies of the supporting documents submitted to the NCBE are being submitted as a separate appendix.

8. Petitioner took the Multistate Professional Responsibility Examination on August 10, 2019 and received a scaled score of 92. A true copy of petitioner's MPRE score report is attached hereto as Exhibit 6.

9. Additional evidence of petitioner's qualification and fitness to practice law in the Commonwealth will be supplied at or before the hearing of this petition.

---

[1] The Application indicates it is for pro hac vice admission. This is because the drop-down menu for admission type did not include Reinstatement to Practice, and pro hac vice appeared to be the closest available choice.

WHEREFORE, petitioner respectfully prays for reinstatement by this Honorable Court to the practice of law before the Courts of the Commonwealth.

Dated this 20th day of January, 2021.

Respectfully submitted,

STEPHEN C. WOODRUFF
Petitioner

**VERIFICATION**

I, Stephen C. Woodruff, declare and state, under penalty of perjury, that the statements in the aforegoing Petition for Reinstatement are true and correct to the best of my knowledge and this verification is executed this 20th day of January, 2021, in Saipan, Commonwealth of the Northern Mariana Islands.

STEPHEN C. WOODRUFF

# EXHIBIT "1"

By the order of the court, Judge David A Wiseman

CLERK OF COURT SUPERIOR COURT

2013 JUN -7 PM 3: 06

BY ... DEPUTY CLERK OF COURT

**FOR PUBLICATION**

**IN THE SUPERIOR COURT
OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **IN RE THE MATTER OF:**<br><br>**STEPHEN C. WOODRUFF,**<br><br>**Respondent.** | **CIVIL CASE NO. 13-0017**<br>**Disciplinary Cases**<br>**1) 2008-008; 2) 2008-12; 3) 2009-001; 4) 2009-05; 5) 2011-012; 6) 2011-013; 7) 2011-014; 8) 2012-001; 9) 2012-004**<br><br>**DISCIPLINARY ACTION: DISBARMENT** |

## I. INTRODUCTION

**THIS MATTER** came on for a hearing for a Default Judgment on May 15, 2013, at 2:30 p.m. in Courtroom 223A, pursuant to Thomas E. Clifford ("Disciplinary Counsel")'s motion for default judgment on each of the nine cases cited above. Respondent Stephen C. Woodruff ("Mr. Woodruff") was duly served with the complaint but failed to respond, which resulted in an Entry of Default being entered on March 6, 2013.

The hearing was sealed and Thomas E. Clifford appeared as the attorney appointed to prosecute this matter. Mr. Woodruff was given a courtesy notice and did appear.[1] After taking into account oral and written arguments, the Court finds Mr. Woodruff in violation of Model Rules of Professional Conduct ("MRPC") 1.1, 1.3, 1.4, 1.5, 3.1, 3.2, 3.3, 8.1, and 8.4 for the following reasons.

## II. PROCEDURAL BACKGROUND

A First Amended Complaint in this matter was served on February 19, 2013, with a footnote indicating that

[1]Said notice is not required for a defaulting party pursuant to the Rules of Civil Procedure and the Disciplinary Rules of Procedures; however, notwithstanding Respondent's default, he was noticed with all hearings as a courtesy.

the response was due on March 5, 2013.[2] Disciplinary Counsel did this to clarify any possible confusion with the answer due date of the original Complaint and the subsequent First Amended Complaint.

An Entry of Default was entered on March 6, 2013, and two days later Mr.Woodruff e-mailed Disciplinary Counsel inquiring when the answer was due.

The Court scheduled a hearing on the Default Judgment on March 14, 2013. Upon entry to the courtroom, the Clerk handed the judge an envelope which contained Mr. Woodruff's filed motion, asking the Court to set aside the entry of default.

The Court, notwithstanding the improprieties with Mr. Woodruff's motion, and over the objection of Disciplinary Counsel, deferred the scheduled default judgment hearing and allowed Mr. Woodruff to argue his motion. The Court denied said motion in its order of April 4, 2013, and reset the default judgment hearing for May 8, 2013, which for good cause was rescheduled to May 14, 2013.

On April 18, 2013, Respondent filed a motion for reconsideration on the order denying the motion for reconsideration and requested additional time to brief the points he stated in his two page motion. Disciplinary Counsel opposed the motion, and the Court, in a written Order issued April 24, 2013, denied the motion on the basis that it was untimely, did not have a memorandum of law supporting the motion, and lacked the requisite grounds for a motion for reconsideration to succeed.

## III. <u>LEGAL STANDARDS AND CONCLUSIONS OF LAW</u>

Professional responsibility is the basic requirement for all attorneys, trial assistants and other officers and administrators of the court in order to maintain the highest possible level of morality in the judicial system. *In re the Matter Villanueva*, 1 CR 952, 956 (Dist. Ct. App. Div. 1984).

The Commonwealth courts have the inherent power and duty to regulate the practice of law, both in and out of court pursuant to the Commonwealth Disciplinary Rules and Procedures. 1 CMC § 3403; NMI Disc. R. 1; *Matsunaga v. Matsunaga*, 2001 MP 11 ¶ 19. The standard of proof for establishing allegations of attorney

---

[2]This First Amended Complaint adds three additional disciplinary cases Disciplinary Counsel was recently appointed to prosecute: a) 2009-001; b) 2012-001; and c) 2012-004.

misconduct is clear and convincing evidence. NMI Disc. R. 9(g); *In re Disciplinary Proceedings of Rhodes*, 2002 MP 2 ¶ 3; *Saipan Lau Lau Dev., Inc. v. Superior Court (San Nicolas)*, 2001 MP 2 ¶ 30.

The purpose of a disciplinary action against an attorney is not to punish the attorney, but rather to guard the administration of justice, maintain the dignity of the court and the integrity of the profession, and to protect the public. *Saipan Lau Lau Dev., Inc.*, 2001 MP 2 ¶ 38. In determining the appropriate sanction, the court considers the nature of the misconduct, the cumulative weight of the violations, and the harm to the public and the profession. *Id.* The Court has set forth disciplinary rules and procedures for persons practicing law in the Courts of the CNMI, and like most States, has adopted the MRPC of the American Bar Association.[3]

As stated in the Preamble to the MRPC, "[t]he legal profession's relative autonomy carries with it special responsibilities of self-government. The profession has a responsibility to assure that its regulations are conceived in the public interest and not in furtherance of parochial or self-interested concerns of the bar." MODEL RULES OF PROF'L CONDUCT Preamble (2012). This view of the professional relationship places the burden on lawyers to observe the ethical requirements that are set out in the MRPC and makes it essential that lawyers themselves maintain the integrity of the profession.

MRPC 1.1, Competence, requires a lawyer to provide competent representation to his client, which necessitates "the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." MODEL RULES OF PROF'L CONDUCT R. 1.1. Competence requires adequate preparation. *See id.* at cmt. 5. "Evidence of a failure to apply the requisite thoroughness and/or preparation in representing a client is sufficient alone to support a violation of *Rule 1.1.*" *Att'y Griev. Comm'n v. Guida*, 391 Md. 33, 54 (2006). MRPC 1.1 is violated when "an attorney fails to act or acts in an untimely manner, resulting in harm to his or her client." *Att'y Griev. Comm'n*

[3]The Court would like to note that the purpose of a disciplinary proceeding is not punitive in nature, but instead is to inquire into the fitness of the lawyer to continue in his/her capacity for the protection of the public, the courts, and the legal profession. In addition to the duties owed to clients, the lawyer also owes a duty to the general public. Members of the public are entitled to be able to trust lawyers to protect their property, liberty, and their lives. The community expects lawyers to exhibit the highest standard of honesty and integrity, and lawyers have a duty not to engage in conduct involving dishonesty, fraud, or interference with the administration of justice. Lawyers also owe duties to the legal system. Lawyers are Officers of the Court, and must abide by the rules of substance and procedure which shape the administration of justice.

*v. Brown*, 426 Md. 298, 315 (2012); *see, e.g. Att'y Griev. Comm'n v. De La Paz*, 418 Md. 534, 553-54 (2011) (failure to appear at a hearing was a violation of MRPC 1.1); *Guida*, 391 Md. at 54 (failure to take action, including filing a petition, was a violation of MRPC 1.1). In all nine matters below, Mr. Woodruff failed to take action in a timely manner, which resulted in harm to his clients, including failing to timely file responses, failure to file anything at all, and failing to appear at a trial. Mr. Woodruff, therefore, violated MRPC 1.1 in all nine matters below.

MRPC 1.3, Diligence, requires a lawyer to "act with reasonable diligence and promptness in representing a client." MODEL RULES OF PROF'L CONDUCT R. 1.3. An attorney's failure "to take fundamental steps in furthering a client's matter qualifies as neglect and inattentiveness to a client's interest, and thereby is a violation of [MRPC] 1.3." *Att'y Griev. Comm'n v. Gisriel*, 409 Md. 331, 371 (2009) (failure to file a response and failure to attend a court hearing constituted a violation of MRPC 1.3). In all nine matters below, Mr. Woodruff failed to take any steps in furthering his clients' cases, including failing to file timely responses, failing to file anything at all, and failing to appear at a trial. Mr. Woodruff, therefore, violated MRPC 1.3 in all nine matters.

MRPC 1.4, Communication, requires a lawyer to promptly communicate with his client, to keep his client reasonably informed about the matter, and to comply with a client's reasonable request for information. *See* MODEL RULES OF PROF'L CONDUCT R. 1.4. "It is beyond cavil that an attorney violates [MRPC] 1.4 when he or she ignores client requests for information and communicates nothing to the client regarding the status of the case." *Att'y Griev. Comm'n v. Garrett*, 427 Md. 209, 225 (2012). In all nine matters below, Mr. Woodruff either ignored client requests for status updates or totally failed to communicate with his clients, thereby violating MRPC 1.4 in all nine instances.

MRPC 1.5, Fees, prohibits a lawyer from collecting an unreasonable fee. *See* MODEL RULES OF PROF'L CONDUCT R. 1.5. "[A]n otherwise-reasonable fee can become unreasonable if the lawyer fails to earn it." *Garrett*, 427 Md. at 225. Mr. Woodruff collected a sum of money for a fee in four of the matters below in which he failed to take any meaningful steps in pursuit of his clients' objectives. Thus, Mr. Woodruff violated MRPC 1.5 in connection with four of the matters.

MRPC 3.1, Meritorious Claims and Contentions, prohibits a lawyer from bringing an action unless there is a basis in law and fact for doing so that is not frivolous. *See* MODEL RULES OF PROF'L CONDUCT R. 3.1. In one of

the matters below, Mr. Woodruff admitted he brought an appeal not for the purpose of appealing the case, but to enable his client to remain in the Commonwealth of the Northern Mariana Islands, which was a consequence of filing the appeal. Thus, Mr. Woodruff violated MRPC 3.1 in connection with one of the matters.

MRPC 3.2, Expediting Litigation, mandates a lawyer to "make reasonable efforts to expedite litigation consistent with the interests of the client." MODEL RULES OF PROF'L CONDUCT R. 3.2; *see, e.g. Garrett*, 427 Md. at 226 (finding failure to appear for a scheduling conference and a hearing constituted a failure to take reasonable steps to expedite litigation). In one of the matters below, Mr. Woodruff failed to appear at a trial, which resulted in the lawsuit being dismissed with prejudice. Thus, Mr. Woodruff, violated MRPC 3.2 in connection with one of the matters.

MRPC 3.3, Candor Toward the Tribunal, prohibits a lawyer from knowingly making a false statement of law or fact to a tribunal. *See* MODEL RULES OF PROF'L CONDUCT R. 3.3. In one of the matters below, Mr. Woodruff admitted he filed an appeal for a client for the sole and improper purpose of enabling his client to remain in the Commonwealth of the Northern Mariana Islands by filing an appeal. Therefore, Mr. Woodruff violated MRPC 3.3 in connection with one of the matters.

MRPC 8.1, Bar Admission and Disciplinary Matters, makes it a violation for a lawyer to knowingly fail to respond to a lawful demand for information from a disciplinary authority. *See* MODEL RULES OF PROF'L CONDUCT R. 8.1. Mr. Woodruff failed to respond to requests for information from the CNMI Bar Association Disciplinary Committee ("DC") in connection with one of the matters below. Mr. Woodruff, therefore, violated MRPC 8.1 in at least one instance.

Finally, MRPC 8.4(a)(c) and (d) prohibit misconduct by a lawyer. *See* MODEL RULES OF PROF'L CONDUCT R. 8.4. Subsection (a) defines misconduct as a violation, or an attempt to violate, any of the MRPC. *Id.* Subsection (c) defines misconduct as "engag[ing] in conduct involving dishonesty, fraud, deceit, or misrepresentation." *Id.* Subsection (d) defines misconduct as "engag[ing] in conduct that is prejudicial to the administration of justice." *Id.* Conduct that reflects negatively on the legal profession and sets a bad example for the public at large is prejudicial to the administration of justice. *See Garrett*, 427 Md. at 227. Mr. Woodruff violated MRPC 8.4(a) in all nine

matters, having violated numerous rules of professional conduct in connection with each representation. Mr. Woodruff also violated MRPC 8.4(c) in connection with one of the matters when he misrepresented the purpose of an appeal to a tribunal. Finally, Mr. Woodruff violated MRPC 8.4(d) in all nine matters when he acted in a way that reflected negatively on the legal profession and set a bad example for the public at large.

## IV. FACTUAL FINDINGS

In view of the default in this matter, the Court finds the following facts to be admitted as true pursuant to Rule 9(c) of the Disciplinary Rules and Procedures for Persons Practicing Law in the Courts of the Commonwealth:

1. This Court has jurisdiction over this matter pursuant to 1 CMC § 3401 and the Disciplinary Rules and Procedures for Persons Practicing Law in the Courts of the Commonwealth, which rules were duly promulgated by the Commonwealth Supreme Court, and which rules lawfully govern the professional conduct of lawyers practicing before the Commonwealth courts.

2. Mr. Woodruff was at all times relevant to the conduct made the basis of this complaint an attorney licensed to practice law before the Courts of the Commonwealth of the Northern Mariana Islands.

3. This single First Amended Complaint is brought with respect to, and includes, nine separate disciplinary complaints against Mr. Woodruff because all nine matters involve a common pattern of failing to competently and diligently represent clients, as well as the failure to keep clients reasonably informed of the status of their matters.

### A. CIVIL ACTION NO. 2008-008

4. On or about January 23, 2007, Kenneth and Wantapha Warfle retained Mr. Woodruff to represent them in the process of obtaining a resident alien card for Wantapha. The Warfles gave Mr. Woodruff a $165.00 processing fee, and an additional $600.00 in attorney's fees. The attorney's fees were paid in the form of a check that cleared on or about January 25, 2007.

5. During the period of March to September 2007, the Warfles repeatedly and unsuccessfully attempted to contact Mr. Woodruff regarding the status of their application.

6. On or about September 18, 2007, the Warfles received notice from the United States Citizenship and Immigration Service ("USCIS") that various application documents had been received, but only as of July 2007.

7. In December 2007, the Warfles received notice from USCIS that their application was deficient in that additional, current financial information was required. Mr. Warfle provided this information.

8. On or about February 11, 2008, the Warfles received notice from USCIS that the check dated January 23, 2007 could not be cashed, and so a money order was sent via express mail.

9. In March 2008, the Warfles received notice that the application had been rejected for non-payment.

10. On or about May 9, 2008, the Warfles received notice from USCIS that their interview was scheduled to take place while Mr. Warfle would be away on work (he is a chief engineer in the U.S. maritime industry) and/or for medical treatment (spine surgery in Indonesia). Mrs. Warfle then met with Mr. Woodruff to move the appointment, and Mr. Woodruff assured Mr. Warfle via Mrs. Warfle's cellular telephone during that meeting that Mr. Woodruff would contact the Guam office of USCIS to reschedule the interview.

11. On or about May 12, 2008, Clyde Gordon spoke with Mr. Woodruff and Mr. Woodruff assured Mr. Gordon that Mr. Woodruff had rescheduled the interview.

12. In June 2008, the Warfles received notice that their application had been denied for failure to attend the interview.

13. Mr. Woodruff also failed to be reasonably responsive to the Warfles' inquiries and to keep his clients reasonably informed of the status of their application.

14. In sum, eighteen months into the process, the Warfles' application for a resident alien card was not only not processed in a timely, diligent and competent fashion, but the application was denied.

15. The Warfles filed a complaint with the DC.

16. The DC determined that Mr. Woodruff had violated the Model Rules of Professional Conduct ("MRPC"), and they referred the matter to the Superior Court for disciplinary proceedings against Mr. Woodruff.

17. Mr. Woodruff's conduct as set forth above in Paragraphs 4 through 14 was a violation of MRPC 1.1, Competence, and 1.3, Diligence, in that the application should not have taken so long to process, nor should it have still been in a "denied" status after eighteen months. Although the clients paid Mr. Woodruff for the application and interview in February 2008, in March 2008, the clients were informed by USCIS that their application was rejected

for nonpayment.

18. Mr. Woodruff's conduct as set forth above in Paragraphs 4 through 14 also violated MRPC 1.4, Communications, in that Mr. Woodruff failed to be reasonably responsive to client inquiries and to keep his clients reasonably informed of the status of their application notwithstanding the clients' persistent attempts to contact Mr. Woodruff. This was over an approximate seven month period. The clients were also not informed of an interview with USCIS and their application was denied for failure to attend the interview.

**B. CIVIL ACTION NO. 2008-012**

19. Sometime in late 2007, Ambrosio V. Baing ("Mr. Baing") retained Mr. Woodruff to represent him in an appeal from a Labor case, Labor Case No. 07-236.

20. At most, Mr. Woodruff filed a hand written appeal that indicated that additional documents would be submitted. However, no such additional documents were ever submitted, and Mr. Woodruff never took any further actions in the appeal.

21. Mr. Baing repeatedly attempted to communicate with Mr. Woodruff during the period from December 2007 through September 2008, and was largely unsuccessful in being able to communicate with Mr. Woodruff directly or in obtaining any meaningful response regarding the status of his appeal.

22. Mr. Woodruff subsequently admitted to the DC investigating attorney that he had not filed anything beyond the initial handwritten filing, and that the true purpose of the appeal was so that Mr. Baing could remain in the CNMI during the pendency of his appeal.

23. Mr. Baing filed a complaint with the DC.

24. The DC determined that Mr. Woodruff had violated the MRPC, and they referred the matter to the Superior Court for disciplinary proceedings against Mr. Woodruff.

25. Mr. Woodruff's conduct as set forth above in Paragraphs 19 through 22 was a violation of MRPC 1.1, Competence, and 1.3, Diligence, in that the appeal, if properly undertaken in the first place, should have been pursued with appropriate factual and legal positions submitted and then argued, and then otherwise competently and diligently pursued until a decision was obtained.

26. Mr. Woodruff's conduct as set forth above in Paragraphs 19 through 22 also violated MRPC 1.4, Communications, in that Mr. Woodruff failed to be reasonably responsive to client inquiries and to keep his client reasonably informed of the status of his appeal despite repeated attempts by the client to contact Mr. Woodruff over an approximate eight to nine month period.

27. Mr. Woodruff's conduct as set forth above in Paragraphs 20 through 23 also violated MRPC 3.1, Meritorious Claims and Contentions, and 3.3, Candor Toward the Tribunal, in that the appeal should never have been filed in the first place since Mr. Woodruff knew that the true purpose of the appeal was improper in that it was merely to prolong the ability of Mr. Baing to remain in the CNMI, and as such, the appeal was an abuse of process and also a lack of candor toward the tribunal, the Labor hearing office.

**C. CIVIL ACTION NO. 2009-001**

28. Mr. Woodruff represented Invictus T. Feliciano ("Mr. Feliciano") in Invictus T. Feliciano v. Eastern Hope Corporation; U.S. District Court for the Northern Mariana Islands, Civil Action No. 08-0001.

29. The court, Chief Judge Alex R. Munson presiding, dismissed the lawsuit with prejudice when Mr. Woodruff and his client failed to appear for the trial on the date scheduled.

30. As a result, Mr. Feliciano recovered nothing from his employer, the defendant in the lawsuit, and at the time of his complaint against Mr. Woodruff, Mr. Feliciano had not recovered the $300.00 he paid Mr. Woodruff to represent him in the lawsuit.

31. On or about January 26, 2009, Mr. Feliciano filed a complaint with the DC.

32. The DC determined Mr. Woodruff had violated the MRPC, and referred the matter to the Superior Court for disciplinary proceedings against Mr. Woodruff.

33. Mr. Woodruff's conduct as set forth above in paragraphs 28 through 30 was a violation of MRPC 1.1, Competence, and 1.3, Diligence, in that he failed to competently and diligently represent Mr. Feliciano in the lawsuit.

34. Mr. Woodruff's conduct as set forth above in paragraphs 28 through 30 violated MRPC 1.4, Communications, in that Mr. Woodruff failed to keep his client reasonably informed of the status of the lawsuit.

35. Mr. Woodruff's conduct as set forth above in paragraphs 28 through 30 was also a violation of MRPC 3.2,

Expediting Litigation, in that Mr. Woodruff failed to appear at the scheduled trial.

**D. CIVIL ACTION NO. 2009-005**

36. Mr. Woodruff represented Honorio G. Cambronero ("Mr. Cambronero") in Honorio G. Cambronero v. RJCL Corporation, et al.; U.S. District Court for the Northern Mariana Islands, Civil Action No. 08-0033 (the "Federal case").

37. The defendants in the Federal case moved for summary judgment. Mr. Woodruff filed a response in which he conceded that the motion was well taken as to the federal causes of action, but he requested that the Commonwealth law claims be dismissed without prejudice. Mr. Woodruff did not, however, file any substantive opposition in support of the Commonwealth claims, nor did he attend the hearing on the motion.

38. As a result, the court in the Federal case deemed the entire motion for summary judgment unopposed, granted the motion in its entirety, entered judgment in favor of the defendants, and awarded them costs.

39. Mr. Woodruff also represented Mr. Cambronero in In the Matter of Honorio G. Cambronero v. RJCL Corporation; CNMI Labor Case No. 08-117 (the "Labor case").

40. The parties in the Labor case stipulated that Mr. Cambronero's response to RJCL Corporation's motion to dismiss could be filed not later than April 14, 2009.

41. Mr. Woodruff failed to file any response by April 14, 2009.

42. On April 24, 2009, RJCL Corporation noted that there was still no response and again moved to dismiss.

43. On April 27, 2009, the hearing officer dismissed the Labor case with prejudice because Mr. Woodruff had still not filed any response to RJCL Corporation's motion to dismiss.

44. Mr. Woodruff failed to communicate with Mr. Cambronero regarding his handling of the Federal case or the Labor case, and he never explained why he took, or failed to take, the actions that he did.

45. As a result, Mr. Cambronero filed a complaint with the DC.

46. The DC determined that Mr. Woodruff had violated the MRPC, and they referred the matter to the Superior Court for disciplinary proceedings against Mr. Woodruff.

47. Mr. Woodruff's conduct as set forth above in Paragraphs 36 through 44 was a violation of MRPC 1.1,

Competence, and 1.3, Diligence, in that he failed to competently and diligently prosecute both the Federal case and the Labor case. Indeed, the client's labor case was dismissed with prejudice as a result of Mr. Woodruff's not prosecuting the case competently and diligently. In this matter, there was one client who had one case at the U.S. District Court of the Northern Mariana Islands and one case at the Department of Labor that Respondent was supposed to handle for him and he did not do so competently nor diligently resulting in a loss of both matters for the client.

48. Mr. Woodruff's conduct as set forth above in Paragraphs 36 through 44 also violated MRPC 1.4, Communications, in that Mr. Woodruff failed to keep his client reasonably informed of the status of the two cases.

**E. CIVIL ACTION NO. 2011-012**

49. Mr. Woodruff represented Emily Santos Garde ("Ms. Garde") in her divorce. The representation began sometime in 2008. Ms. Garde paid Mr. Woodruff $1,200.00 to handle the case.

50. On or about May 26, 2011, Associate Judge Inos held a hearing in the case and verbally granted the divorce.

51. The divorce should have been completed within months, but instead lasted for years due to the lack of diligence by Mr. Woodruff.

52. Then, following the May 2011 hearing, Mr. Woodruff failed to submit a proposed divorce decree and/or failed to follow up with the court to obtain, within any reasonable time frame, the duly entered written decree of divorce.

53. Beginning about one month following the May 2011 hearing, Ms. Garde followed up repeatedly in an effort to obtain her decree of divorce. Mr. Woodruff told Ms. Garde to stop calling and going to his office because the proposed decree was with the court.

54. Ms. Garde contacted the court and was informed that the proposed decree had not been submitted by Mr. Woodruff.

55. Through the course of the representation, Ms. Garde became increasingly frustrated with the lack of communication from Mr. Woodruff and the lack of progress on her case.

56. In September 2011, Ms. Garde filed a complaint with the DC.

57. The DC determined Mr. Woodruff had violated the MRPC, and they referred the matter to the Superior Court

for disciplinary proceedings against Mr. Woodruff. The DC's investigating attorney's report is dated January 21, 2012, which notes that as of the date of the report, Ms. Garde still did not have a copy of her divorce decree.

58. Mr. Woodruff's conduct as set forth above in Paragraphs 49 through 55 was a violation of MRPC 1.1, Competence, and 1.3, Diligence, in that he failed to competently and diligently litigate the divorce to its completion.

59. Mr. Woodruff's conduct as set forth above in Paragraphs 49 through 55 also violated MRPC 1.4, Communications, in that Mr. Woodruff failed to keep his client reasonably informed of the status of her case. Specifically, Mr. Woodruff failed to inform Ms. Garde of the status of obtaining the written decree of divorce following the hearing, notwithstanding the client repeatedly trying to follow up on the matter.

**F. CIVIL ACTION NO. 2011-013**

60. Ana E. Reyes ("Ms. Reyes") retained Mr. Woodruff in 2009 to represent her in connection with her application for U.S. resident alien immigration status. Ms. Reyes paid Mr. Woodruff a total of $2,510.00 in the last three months of 2009 to provide this legal service.

61. Mr. Woodruff's office contacted Ms. Reyes in June 2010 to request she provide certain documentation in support of her application. Ms. Reyes provided that documentation to Mr. Woodruff's office within several weeks following the request.

62. Ms. Reyes heard nothing further from Mr. Woodruff or his office, and so in January 2011 she went to Mr. Woodruff's office to inquire about the status of her application. She was shown two receipts from USCIS, but was given no other information regarding the status of her application.

63. Ms. Reyes subsequently called Mr. Woodruff's office at least ten times but was never able to speak to Mr. Woodruff, nor did she ever receive a return call, nor did she otherwise receive any communication from anyone on Mr. Woodruff's behalf with any form of meaningful information regarding the status of her application.

64. Ms. Reyes then began going to Mr. Woodruff's office approximately three times a week in an effort to speak with him or obtain some kind of meaningful update on the status of her application. She would sometimes wait for as long as five hours, but was never able to get any meaningful update.

65. On or about November 15, 2011, Ms. Reyes filed a complaint with the DC.

66. The DC determined that Mr. Woodruff had violated the MRPC, and they referred the matter to the Superior Court for disciplinary proceedings against Mr. Woodruff. The DC's investigating attorney's report is dated January 27, 2012, and that attorney notes that as of the date of that report, Mr. Woodruff had not responded to his inquiries.

67. Mr. Woodruff's conduct as set forth above in Paragraphs 60 through 64 was a violation of MRPC 1.1, Competence, and 1.3, Diligence, in that he failed to competently and diligent pursue the application to its completion, whether a denial or an approval.

68. Mr. Woodruff's conduct as set forth above in Paragraphs 60 through 64 violated MRPC 1.4, Communications, in that Mr. Woodruff failed to keep his client reasonably informed of the status of her application, and in fact, appears to have actively avoided providing her any update.

69. Mr. Woodruff's conduct as set forth above in Paragraphs 60 through 64 violated MRPC 1.5, Fees, in that Mr. Woodruff charged and collected a fee for an immigration matter and then did not do the work, which makes his fee unreasonable.

70. Mr. Woodruff's conduct as set forth in Paragraph 66 also violated MRPC 8.1, Bar Admission and Disciplinary Matters, in that he failed to respond to requests for information from the DC.

**G. CIVIL ACTION NO. 2011-014**

71. Esperanza Ellis ("Ms. Ellis") retained Mr. Woodruff in 2008 to obtain Immediate Relative status for her under the then applicable CNMI Immigration laws. Ms. Ellis paid Mr. Woodruff $400.00 in attorney's fees and $50.00 for the processing cost.

72. Mr. Woodruff never processed the application.

73. Months later, in or about December 2008, Ms. Ellis went to CNMI Immigration and learned that no application had ever been submitted. She then paid the fee herself and obtained an Immediate Relative identification card.

74. Ms. Ellis again retained Mr. Woodruff on or about August 25, 2009, to represent her in applying for U.S. resident alien immigration status and in a paternity action. Ms. Ellis paid Mr. Woodruff a one-time flat fee of $3,000.00 to cover his fees and the costs in connection with both matters. Mr. Woodruff told Ms. Ellis that $900.00 was for fees and the balance of the $3,000.00 was for costs, and that the processing of the resident alien application would take

three months.

75. Mr. Woodruff never filed the paternity action.

76. With respect to the resident alien application, Ms. Ellis was not asked at the 2009 meeting to sign any forms.

77. Ms. Ellis followed up with Mr. Woodruff's office in November 2009 and was told she had to go to Pacific Medical Center for an examination. She paid an additional $400.00 to Pacific Medical Center for this examination.

78. Five months after the paid retainer, in January 2010, Mr. Woodruff's office asked Ms. Ellis to come to the office to sign the U.S. Immigration application forms. Over the ensuing months and on into 2011, Ms. Ellis attempted repeatedly and unsuccessfully to determine the status of her application. She first telephoned Mr. Woodruff once a week and when that was ineffective she began going to Mr. Woodruff's office once a week and waiting for up to three hours a visit in an unsuccessful effort to obtain a meaningful status report on her application.

79. On or about October 2, 2011, Mr. Woodruff threatened to call the police if Ms. Ellis continued to come to his office. On this date, Mr. Woodruff showed Ms. Ellis a receipt from the U.S. Post Office, and he told her that her application had been mailed to the USCIS Chicago office.

80. Ms. Ellis used the tracking number on the receipt to determine that the corresponding envelope had been mailed on April 14, 2011, and received on April 26, 2011.

81. Mr. Woodruff subsequently resubmitted the applications after learning that they had been sent to the wrong processing center, and his request for a fee waiver was denied due to a lack of diligence in processing the application in the first place.

82. At no time throughout the representation did Mr. Woodruff ever provide Ms. Ellis copies of the papers that had been submitted to USCIS, nor did he ever keep her reasonably informed of the status of her application.

83. On or about November 15, 2011, Ms. Ellis filed a complaint with the DC.

84. The DC determined that Mr. Woodruff had violated the MRPC, and they referred the matter to the Superior Court for disciplinary proceedings against Mr. Woodruff. The DC's investigating attorney's report is dated January 27, 2012, and that attorney notes that as of the date of that report, Ms. Ellis still not been informed of the status of her application.

85. Mr. Woodruff's conduct as set forth above in Paragraphs 71 through 82 was a violation of MRPC 1.1, Competence, and 1.3, Diligence, in that he failed to competently and diligently do anything regarding the paternity case, and he failed to competently and diligently handle the resident alien application.

86. Mr. Woodruff's conduct as set forth above in Paragraphs 71 through 82 also violated MRPC 1.4, Communications, in that Mr. Woodruff failed to keep his client reasonably informed of the status of her matters, and threatened to take aggressive action by calling the police if she came to his office in order to find out the status of her application.

87. Mr. Woodruff's conduct as set forth above in Paragraphs 71 through 82 violated MRPC 1.5, Fees, in that Mr. Woodruff charged and collected a fee for the first immigration matter and for the paternity action and then did not do the work, which makes his fee unreasonable.

**H. CIVIL ACTION NO. 2012-001**

88. In or about July 2011, Ms. Jihyun Lee ("Ms. Lee") retained Mr. Woodruff to apply for E2-C status for herself and her three dependent children.

89. Ms. Lee paid Mr. Woodruff $1,500.00 to provide these legal services.

90. Mr. Woodruff failed to complete the work that he was paid to perform.

91. On information and belief, Mr. Woodruff never completed the application, and he never submitted an application to the United States Citizenship and Immigration Service ("USCIS") for Ms. Lee.

92. After waiting seven months without any update from Mr. Woodruff, Ms. Lee submitted a complaint to USCIS, which forwarded the complaint to the Commonwealth of the Northern Mariana Islands Bar Association.

93. The DC determined Mr. Woodruff had violated the MRPC, and referred the matter to the Superior Court for disciplinary proceedings against Mr. Woodruff.

94. Mr. Woodruff's conduct as set forth above in Paragraphs 88 through 91 was a violation of MRPC 1.1, Competence, and 1.3, Diligence, in that he failed to competently and diligently handle the immigration work that he agreed to perform.

95. Mr. Woodruff's conduct as set forth above in Paragraphs 88 through 91 also violated MRPC 1.4,

Communications, in that Mr. Woodruff failed to keep his client reasonably informed of the status of the matter.

96. Mr. Woodruff's conduct as set forth above in Paragraphs 88-91 also violated MRPC 1.5, Fees, in that he charged and collected a fee for an immigration matter and then did not do the work, which makes his fee unreasonable.

**I. CIVIL ACTION NO. 2012-004**

97. On or about July 22, 2009, Ms. Kim, Chang Sook ("Ms. Kim") retained Mr. Woodruff to assist her with an immigration matter relating to her son, and the possible setting aside of an adoption decree.

98. Ms. Kim paid Mr. Woodruff a fixed fee of $1,000.00 to perform this work.

99. Ms. Kim was never able to determine what work Mr. Woodruff did, if any, because he never again communicated with her regarding the work that he was retained to do.

100. On or about January 31, 2010, Ms. Kim submitted a complaint to the Commonwealth of the Northern Mariana Islands Bar Association.

101. The DC determined Mr. Woodruff had violated the MRPC, and referred the matter to the Superior Court for disciplinary proceedings against Mr. Woodruff.

102. Mr. Woodruff's conduct as set forth above in Paragraphs 97 through 99 was a violation of MRPC 1.1, Competence, and 1.3, Diligence, in that he failed to competently and diligently handle the immigration work that he agreed to perform.

103. Mr. Woodruff's conduct as set forth above in Paragraphs 97 through 99 also violated MRPC 1.4, Communications, in that Mr. Woodruff failed to keep his client reasonably informed of the status of the matter.

104. Mr. Woodruff's conduct as set forth above in Paragraphs 97 through 99 also violated MRPC 1.5, Fees, in that he charged and collected a fee and then did not do the work, which makes his fee unreasonable.

**J. MRPC 8.1, BAR ADMISSION AND DISCIPLINARY MATTERS**

105. As of the date of the Complaint filed in this matter, Mr. Woodruff has failed to respond to inquiries for information regarding one of the above cases from the investigating attorney for the Commonwealth of the Northern Mariana Islands Bar Association. Such failure is in violation of MRPC 8.1, in that Mr. Woodruff knowingly failed to respond to a lawful demand for information from a disciplinary authority.

**K. MRPC 8.4, MISCONDUCT**

103. Based on the factual allegations underlying the nine disciplinary cases set forth above, Mr. Woodruff also violated MRPC 8.4(a), (c) and (d) in that the conduct above violated other Rules (8.4(a)), involved deceit and misrepresentations to his clients (8.4(c)) and given the series of violations, taken as a whole, has had a prejudicial effect on the administration of justice (8.4(d)).

## V. DISCUSSION

A court must be extremely diligent in protecting and upholding the integrity and decorum of the judicial system. The public's confidence in the judicial system depends upon it. A main factor in pursuing this constant diligence is to regulate the attorneys who practice law before a court and to assure that attorneys do not engage in conduct that disparages the administration of justice. The Court finds the foregoing facts in each of the nine complaints stated above to be found by clear and convincing evidence since they are deemed admitted by Mr. Woodruff pursuant to Rule 9(c) of the Disciplinary Rules and Procedures for Persons Practicing Law in the Courts of the Commonwealth.

Accordingly, the Court must make an initial determination what the appropriate sanction should be for Mr. Woodruff's misconduct. Disciplinary Counsel recommends disbarment, or, in the alternative, indefinite suspension.

**The Court finds Mr. Woodruff's conduct and the numerous violations totally inconsistent with the standard of competent and diligent representation of his clients. Indeed, the Court finds Mr. Woodruff violated MRPC 1.1, 1.3, 1.4, and 8.4(a)(c) and (d) nine times each, MRPC 1.5 four times each, MRPC 3.1, 3.2, and 3.3 once each, and MRPC 8.1 once, for a total of forty-four violations of the MRPC.**

Such numerous and significant violations according to a review of court disciplinary matters in this jurisdiction is a record high and even in other jurisdictions is considered an extreme high. Such violations should be sanctioned in a way that reasonably assures a strong deterrence and message for members of this bar that nothing even remotely close to this number and type of violations over a period of approximately six or more years will or can be tolerated to any degree in this jurisdiction.

**Mr. Woodruff has a history of failing to appear as ordered, of failing to observe rules of court, of**

**missing deadlines, of receiving attorney's fees and application fees and then filing the applications late, in the wrong place, or not at all, of not communicating with clients to keep them reasonably informed of the status of their matters between them, of taking aggressive action toward one of his clients by threatening to call the police if she kept appearing at his office to inquire as to the status of her legal matter, of misrepresenting facts to clients such as the divorce decree for Ms. Garde, not showing up for a trial and having the case dismissed with prejudice, and miscellaneous other professional shortcomings as detailed above.**

Attorneys found to be in violation of the MRPC should be disciplined appropriately by way of this Court imposing a disciplinary result that will assure the public's confidence in the judiciary's regulation of the attorneys practicing in the CNMI.

Accordingly, the Court makes an initial determination that the appropriate sanction is at the very least suspension of Mr. Woodruff for a term of years along with several conditions for readmission. The Court now considers any relevant aggravating or mitigating factors. The Court has not been presented with any mitigating factors.[4] The Court does, however, find aggravating factors that should alter this initial determination, which are considered substantial and indicate a callous and gross indifference and disrespect for the judiciary, the general public, and the clients Mr. Woodruff agreed to represent. The Court at this time finds it proper and necessary to take judicial notice of other courts, that had to take adverse action against Mr. Woodruff for his reproachable indifference in handling court cases and clients.

**In the U.S. District Court for the Northern Mariana Islands there are a total of twenty-five different types of adverse actions taken on Mr. Woodruff for his incompetence and non-diligence, including his failure to appear for a trial in District Court, resulting in dismissal with prejudice. Specifically, there are five money sanctions by U.S. District Court for the Northern Mariana Islands for failing to appear as ordered by the**

---

[4]Mr. Woodruff presented the Court with two declarations by two of the complainants in the above matters, purportedly as a meritorious defense that the charges lacked merit. Although the Court notes both complainants indicated in their declarations that they did not want to see the charges against Mr. Woodruff pursued, because the Court finds the charges were indeed meritorious, it declines to consider the declarations as mitigating factors. One declaration was filed on March 14, 2013 and the other on May 15, 2013.

**Court, eleven Orders to Show Cause why he should not be sanctioned for failure to comply with rules, for failure to prosecute, for failure to timely serve complaints, and for miscellaneous other violations of court rules and orders, and six court dismissals of cases because of failure to prosecute, in some cases three and four years after filing of complaint.**

**The Ninth Circuit of Appeals in three different cases, as detailed below, dismissed each of the cases for failure to file an opening brief.**

**The Commonwealth Supreme Court dismissed two appeals for untimely filings. This same Court during the proceedings of interim suspension had to threaten him with contempt of Court as he was not in compliance with their orders. The Commonwealth Supreme Court also noted eleven disciplinary pending complaints although this Court is proceeding on only nine of them.**

The following list is from the U.S. District Court for the Northern Mariana Islands, the Ninth Circuit Court of Appeals, and the Commonwealth Supreme Court.

**A. IN THE U.S. DISTRICT COURT FOR THE NORTHERN MARIANA ISLANDS**

1. Mr. Woodruff was sanctioned $225.00 for failing to appear at the appointed time for a scheduling conference.[5]
2. Mr. Woodruff was sanctioned $100.00 for failing to appear at an ordered status conference.[6]
3. Mr. Woodruff was sanctioned $50.00 for failing to appear at a settlement conference.[7]
4. Mr. Woodruff was sanctioned $175.00 for failing to appear at a settlement conference.[8]

---

[5] *See Md. Masum, et. al. v. Island Security Services, et. al.*, Civ. No. 07-0010 (U.S. Dist. Ct. NMI Oct. 10, 2007) (Order Sanctioning Plaintiff's Counsel).

[6] *See Soriano v. Jung A Enterprises, et. al,* Civ. No. 07-007 (U.S. Dist. Ct. NMI Apr. 9, 2008) (Order Sanctioning Plaintiff's Counsel for Failure to Appear; Granting Jung A's Motion to Withdrawn; and, Other Matters).

[7] *See Soriano v. Jung A Enterprises, et. al.*, Civ. No. 07-007 (U.S. Dist. Ct. NMI Jan. 23, 2008) (Order Imposing Monetary Sanctions on Plaintiff's Counsel and Defendant Jung A Enterprises' Counsel).

[8] *See Feliciano v. Eastern Hope Corp.*, Civ. No. 08-0001 (U.S. Dist. Ct. NMI Oct. 27, 2008) (Order Sanctioning Plaintiff's Counsel, Stephen C. Woodruff).

5. Mr. Woodruff was sanctioned $225.00 for failing to appear at a status conference.[9]

6. In one of the nine cases listed above, the Court in dismissing the case with prejudice, directed Mr. Woodruff to notify his client that his client may have a cause of action against him for failure to meet minimum professional standards.[10] Over a week's time prior to the trial, Mr. Woodruff contacted the court informally on several occasions in futile attempts to continue the trial because he was busy with other matters. *See id.* Finally, the night before the trial, Mr. Woodruff filed a notice that he would be unable to appear for trial because of medical reasons, and referenced an attached doctor's slip, which was not actually provided. *See id.* The court noted:

> As in almost all of his other lawsuits in this court, Mr. Woodruff has, in this matter, missed deadlines and conferences, almost always due to "unforeseen emergencies" of a personal or professional nature. (Citations omitted). . . .The court is left with the unmistakable impression that Mr. Woodruff has never given his client the level of representation required to practice law in this court and, put simply, that he was not prepared to proceed to trial today.

*Id.* at 2-3.

7. The court granted Mr. Woodruff's ex parte motion for leave to file a third amended complaint late, but admonished Mr. Woodruff that it expected "its orders to be read, its local rules to be complied with, and deadlines to be observed."[11] The court also noted again Mr. Woodruff's "ever-growing history of late filings, accompanied by unsatisfactory explanations," declaring:

> Once again, counsel has missed a deadline, and once again it's due to his "preoccupation" with other matters, his "inadvertence," and his failure to properly read, understand, and comply with an order of the court, which order included a specific time and date. Compounding these failures was counsel's decision not to obey the local rules and call opposing counsel for a stipulation prior to filing this ex parte motion, despite the court's instruction to him in its last order the he first seek such a stipulation in situations such as this.

*Id.*

8. Defendants were ordered to show cause why they should not be sanctioned for failure to comply with discovery

---

[9] *See Alcaraz v. Hansoll Textile, Ltd., et. al.*, Civ. No. 08-0003 (U.S. Dist. Ct. NMI Feb. 13, 2009) (Order Sanctioning Counsel for Failure to Appear Status Conference and Re-Setting Status Conference).

[10] *See Feliciano v. Eastern Hope Corp.*, Civ. No. 08-0001 (NMI Dist. Ct. Dec. 1, 2008) (Order Dismissing Lawsuit with Prejudice).

[11] *Agcaoili v. L&T Int'l Corp., et al.*, Civ. No. 06-0045 (U.S. Dist. Ct. NMI Sept. 19, 2007) (Order Granting Plaintiff's Counsel's Ex Parte Motion to File Late at 1-2).

rules by providing discovery.[12]

9. The Court granted the defendants' motion to dismiss without prejudice as Mr. Woodruff failed to timely file an opposition to the motion to dismiss, resulting in Mr. Woodruff's failure to file being deemed an admission.[13] The court noted:

> In the past two years, Plaintiff's Counsel of record frequently has missed deadlines or filed incomplete pleadings in cases before this court and the Ninth Circuit Court of Appeals. In so doing, he has caused the courts and opposing parties needlessly to expend resources on litigation that he initiated and then neglected.

*Id.* at 2.

10. Plaintiffs were ordered to show cause why their lawsuit should not be dismissed for failure to serve within 120 days or otherwise prosecute, as service still had not been effected seven months after the lawsuit was filed.[14]

11. Plaintiffs were ordered to show cause why their lawsuit should not be dismissed for failure to serve within 120 days or otherwise prosecute, as service had still not been effected seven months after the lawsuit was filed.[15]

12. Plaintiffs were ordered to show cause why their lawsuit should not be dismissed for failure to prosecute, as the matter had been pending for more than six months without any action taken by the parties during that period of time.[16]

13. The court dismissed a case without prejudice because the plaintiff failed to explain why service of process should have been deemed effected.[17]

---

[12] *See Orencia v. Hakshon Kang, et. al.*, Civ. No. 09-0002 (U.S. Dist. Ct. NMI May 2, 2009) (Order to Show Cause Why Sanctions Should Not be Imposed for Failure to Provide Discovery).

[13] *See Cada v. World Corp., et. al.*, Civ. No. 12-00023 (U.S. Dist. Ct. NMI Dec. 21, 2012) (Order of Dismissal without Prejudice).

[14] *See Alcaraz v. Hansoll Textile, Ltd., et. al.*, Civ. No. 08-0003 (U.S. Dist. Ct. NMI Aug. 22, 2008) (Order to Show Cause Why Lawsuit Should Not be Dismissed for Failure to Prosecute).

[15] *See Garcia v. Poong-In Saipan, Inc.*, Civ. No. 08-0017 (U.S. Dist. Ct. NMI Aug. 22, 2008) (Order to Show Cause Why Lawsuit Should Not be Dismissed for Failure to Prosecute).

[16] *See Garcia v. Poong-In Saipan, Inc.*, Civ. No. 08-0017 (U.S. Dist. Ct. NMI May 20, 2011) (Order Dismissing Case without Prejudice).

[17] *See Garcia v. Poong-In Saipan, Inc.*, Civ. No. 08-0017 (U.S. Dist. Ct. NMI June 20, 2011) (Order to Show Cause).

14. The Court dismissed a matter without prejudice for failure to serve and because no action had taken place, and plaintiff failed to show good cause for failure to service or to request additional time to effect service.[18]

15. The court dismissed a lawsuit with prejudice because service had not been effected for seven months since the lawsuit was filed, even though the plaintiffs were given an additional thirty days to accomplish service.[19]

16. Plaintiffs were ordered to show cause why their lawsuit should not be dismissed for failure to serve within 120 days or otherwise prosecute, as service had still not been effected five months after the lawsuit was filed.[20]

17. Plaintiffs were ordered to show cause why their lawsuit should not be dismissed for failure to serve within 120 days or otherwise prosecute, as service had still not been effected five months after the lawsuit was filed.[21]

18. Plaintiff was ordered to show cause why the lawsuit should not be dismissed for lack of prosecution given that the case had been pending for more than six months without any action taken by the parties during that period of time.[22]

19. Plaintiff was ordered to show cause why the lawsuit should not be dismissed for lack of prosecution given that the case had been pending for three years without any action taken by the parties since the lawsuit was filed.[23]

20. Plaintiffs were ordered to show cause why their lawsuit should not be dismissed with prejudice for lack of prosecution given that the case had been pending for four years without any activity on the docket since the complaint

---

[18] *See Santos v. Winners Corp.*, Civ. No. 08-0023 (U.S. Dist. Ct. NMI Mar. 27, 2009) (Order Dismissing without Prejudice for Failure to Serve).

[19] *See Africa v. Commonwealth Garment Manufacturing, Inc.*, Civ. No. 08-0014 (U.S. Dist. Ct. NMI Oct. 7, 2008) (Order of Dismissal with Prejudice).

[20] *See Lacbayo v. Wedding*, Civ. No. 08-0013 (U.S. Dist. Ct. NMI Aug. 22, 2008) (Order to Show Cause Why Lawsuit Should Not be Dismissed for Failure to Prosecute).

[21] *See Africa v. Commonwealth Garment Manufacturing, Inc.*, Civ. No. 08-0014 (U.S. Dist. Ct. NMI Aug. 22, 2008) (Order to Show Cause Why Lawsuit Should Not be Dismissed for Failure to Prosecute).

[22] *See Quitugua v. Micronesian Resort, Inc.*, Civ. No. 10-00011 (U.S. Dist. Ct. NMI July 6, 2011) (Order to Show Cause).

[23] *See Legaspi v. Neo Fashion, Inc.*, Civ. No. 08-00053 (U.S. Dist. Ct. NMI Dec. 30, 2011) (Order to Show Cause).

was filed.[24]

21. Plaintiffs were ordered to show cause why their lawsuit should not be dismissed with prejudice for lack of prosecution given that the case had been pending for almost four years without any activity on the docket since the complaint was filed.[25]

22. Plaintiffs were ordered to show cause why their lawsuit should not be dismissed with prejudice for lack of prosecution given that the case had been pending for three years without any activity on the docket since the complaint was filed.[26]

23. The Court dismissed a matter with prejudice for failure to prosecute because of the plaintiff's repeated failures to promptly pursue the matter, noting that the original complaint was not timely filed, "consistent with plaintiff's pattern of inaction in the present matter."[27]

24. The Court dismissed a matter without prejudice for lack of prosecution because the plaintiff failed to respond to a previously issued order to show cause why the case, which had been pending for three years, should not be dismissed for lack of prosecution.[28]

25. The court denied the plaintiff's motion for reconsideration, and declined to grant relief from its final order, finding Mr. Woodruff's submitted statement from his physician was insufficient given the history of the lawsuit.[29]

---

[24] *See Acunin, et. al. v. Sam Kwang Saipan Corp., et. al.*, Civ. No. 08-00040 (U.S. Dist. Ct. NMI Feb. 27, 2013) (Order to Show Cause).

[25] *Choi, Byung Joon v. Jung A. Enterprises, et. al.*, Civ. No. 08-00041 (U.S. Dist. Ct. NMI Feb. 26, 2013) (Order to Show Cause).

[26] *See Sadim v. Sam Kwang Saipan Corp., et. al.*, Civ. No. 09-00037 (U.S. Dist. Ct. NMI Feb. 26, 2013) (Order to Show Cause).

[27] *Prematilaka v. Camacho, et. al.*, Civ. No. 05-0045 (U.S. Dist. Ct. NMI Aug. 10, 2006) (Order of Dismissal with Prejudice at 1-2).

[28] *See Legaspi v. Neo Fashion, Inc.*, Civ. No. 08-00053 (U.S. Dist. Ct. NMI Jan. 18, 2012) (Order of Dismissal).

[29] *See Feliciano v. Eastern Hope Corp.*, Civ. No. 08-0001 (NMI Dist. Ct. Dec. 19, 2008) (Order Denying Motion for Reconsideration).

**B. U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT**

26. The U.S. Court of Appeals for the Ninth Circuit dismissed an appeal because of Mr. Woodruff's failure to file the opening brief.[30]

27. The U.S. Court of Appeals for the Ninth Circuit dismissed an appeal for failure to prosecute because of Mr. Woodruff's failure to file the opening brief.[31]

29. The U.S. Court of Appeals for the Ninth Circuit dismissed an appeal for failure to perfect the appeal because of Mr. Woodruff's failure to file the opening brief.[32]

**C. COMMONWEALTH SUPREME COURT**

30. The Supreme Court of the Commonwealth of the Northern Mariana Islands dismissed an appeal for failure to prosecute because Mr. Woodruff failed to timely certify and file with the Clerk of the Supreme Court the record and transcript of proceedings and no request for extension of time had been made.[33]

31. The Supreme Court of the Commonwealth of the Northern Mariana Islands dismissed an appeal for failure to prosecute because Mr. Woodruff failed to timely prepare and file the transcript of the proceedings below.[34]

32. The Supreme Court of the Northern Mariana Islands issued an interim suspension on Mr. Woodruff, finding in part that the public would suffer irreparable harm if he continued practicing law prior to resolution of the pending disciplinary proceedings. The Court noted Mr. Woodruff had eleven complaints against him for alleged conduct ranging from lying about filing a criminal appeal to allegations of a lack of diligence due to having several cases dismissed with prejudice. The Court also noted that even in response to the application for interim suspension, Mr.

---

[30] *See Feliciano v. Eastern Hope Corp.*, No. 09-15167, 2009 U.S. App. LEXIS 29778 (9th Cir. Oct. 6, 2009).

[31] *Murugesan v. L & T Group of Companies, Ltd.*, Civ. No. 09-16342 (U.S. Ct. of App. 9th Cir. Mar. 4, 2010) (Order).

[32] *Pariyar v. Hong Kong Entertainment (Overseas) Investment, Ltd.*, Civ. No. 10-15449, (U.S. Ct. of App. 9th Cir. May 27, 2011) (Order).

[33] *See Aguon v. Aguon*, 2007 MP 2.

[34] *County of Orange v. Bahillo*, Civ. No. 06-0033 (NMI Sup. Ct. Oct. 17, 2007) (Order Dismissing Appeal).

Woodruff filed his first response late. He then filed his second response late as well, even after the Court put him on notice about untimely filing responses.[35]

33. The Supreme Court of the Northern Mariana Islands, in connection with Mr. Woodruff's interim suspension, ordered him to provide the Court a list of his clients and warned him that failure to timely comply would lead to further sanctions. Mr. Woodruff failed to timely file and the Court directed him, under penalty of civil contempt, to timely file at a later date. The Court ordered that if he failed to timely comply, he would automatically be found in contempt of court and sentenced to thirty days in jail, of which twenty-seven days would be suspended.[36]

## VI. CONCLUSION

The Court finds its appropriate to summarize some of the general factors that determine its decision below:

- nine violations of MRPC 1.1
- nine violations of MRPC 1.3
- nine violations of MRPC 1.4
- four violations of MRPC 1.5
- one violation of MRPC 3.1
- one violation of MRPC 3.2
- one violation of MRPC 8.1
- nine violations of MRPC 8.4

The violations in the instant cases, again, total forty-four violations of the MRPC. The Court also notes the following aggravating factors as detailed herein:

- Twenty-five different types of adverse actions and/or sanctions taken against Mr. Woodruff in the U.S. District Court for the Northern Mariana Islands for Mr. Woodruff's incompetence and non-diligence;

---

[35] *In re Disciplinary Pleadings of Stephen C. Woodruff*, 2013 MP 1.

[36] *See In re Disciplinary Proceedings of Stephen C. Woodruff*, No. 2013-SLD-0001-ADA (NMI Sup. Ct. Mar. 11, 2013) (Contempt Order).

- Three dismissals of cases for failure to file an opening brief in the Ninth Circuit of Appeals;
- Two dismissals of appeals for failure to timely file by the Commonwealth Supreme Court; and

The Court reiterates Mr. Woodruff's history and pattern of failing to appear as ordered, of failing to observe rules of court, of missing deadlines, of receiving attorney's fees and application fees and then filing the application late, in the wrong place, or not at all, of not communicating with clients to keep them reasonably informed of the status of their matters between them, of taking aggressive action toward at least one client who kept inquiring about her legal matter, of misrepresenting facts to clients such as the divorce decree for Ms. Garde, of not showing up for a trial and having the case dismissed with prejudice, and miscellaneous other professional shortcomings.

The Court finds the foregoing list of cases constitute aggravating factors, which it considers to be conduct indicating a gross indifference and disrespect for the judiciary, the legal profession, the general public, and the many clients Mr. Woodruff agreed to represent. The above establishes a pattern spanning over at least the last six or more years, in three different courts, and in front of multiple judges, who have all found Mr. Woodruff fell below the minimum standard of competence and diligence required regarding timeliness and the professional prosecution of cases and client matters.

In view of the foregoing aggravating factors, the Court believes Mr. Woodruff's misconduct has resulted in serious injuries to the legal profession, his clients, the public, and the legal system in general through a continued disparagement of the administration of justice and such conduct cannot be allowed to continue.

Standard 4.41 of the American Bar Association's Standards for Imposing Lawyer Sanctions (2005), counsels: Disbarment is generally appropriate when:

> (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or (b) a lawyer fails to perform services for a client and causes serious or potentially serious injury to a client; or (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA STANDARDS FOR IMPOSING LAWYER SANCTIONS, STANDARD 4.41 (2005).

Mr. Woodruff in each of the nine cases in this action clearly falls deeply into categories (b) and (c) provided above, by failing to perform services for his clients, causing serious or potentially serious injury, and by engaging in a pattern of neglect regarding client matters, causing serious or potentially serious injuries to his clients.

Case law from other jurisdictions is replete with instances of disbarment for similar and even for far less egregious conduct. *See, e.g.*, *Garrett*, 427 Md. at 228-29 (disbarment appropriate where, in nine different cases, the attorney committed multiple violations of MRPC 1.1, 1.2(a), 1.3, 1.4, 1.5(a), 1.15(a) and (d), 1.16 (d), 3.2, 8.1, and 8.4(a), (c), and (d)); *Gadda v. Ashcroft*, 377 F.3d 934 (9th Cir. 2004) (disbarment appropriate based on an attorney's alleged acts of misconduct including failing to appear at court conferences, failing to keep clients apprised of the proceedings and providing ineffective assistance of counsel); *Att'y Griev. Comm'n v. Hodgson*, 396 Md. 1, 643-44 (2006) (disbarment appropriate for violations of MRPC 1.3, 1.4(a), 1.4(b), 8.1(b), and 8.4(d)).

The Court therefore finds that its initial determination of suspension for a period of years would undermine the appropriate standards of the practice of law in the CNMI that need to be maintained. Therefore, it is this Court's opinion that the appropriate discipline in view of the foregoing findings and factors detailed herein is disbarment of Mr. Woodruff for his forty-four violations of the MRPC in this case as well as his history of other adverse actions.

**IT IS HEREBY ORDERED:**

1. Mr. Woodruff is forthwith disbarred from the Commonwealth Northern Marianas Bar.

2. Mr. Woodruff shall pay any costs for the prosecution of this matter. This amount shall be paid to the Court.

3. Mr. Woodruff shall comply with all provisions of Rule 15 of the NMI Disciplinary Rules, which includes, among other things, notices to clients and others and certifications to the Court.

4. Mr. Woodruff shall submit a list of current and pending clients to the Commonwealth Superior Court within thirty days of the date of this order, and shall pay to any and all clients the sum of any unearned retainer fees.

5. The Court adopts some of the Disciplinary Counsel's recommendations as to reimbursement for the clients involved in the disciplinary cases above:

a. Action 2008-008: Kenneth and Wantapha Warfle shall be refunded $600.00 in attorney's fees.

b. Action 2008-012: Ambrosio v. Baing shall be refunded $50.00 in attorney's fees, plus $1,000.00 in liquidated damages.

c. Action No. 2009-001: Invictus T. Feliciano shall be refunded $300.00 in attorney's fees.

d. Action 2009-005: Honorio G. Cambronero shall be refunded $100.00 in attorney's fees[37] for the labor case that was dismissed with prejudice due to Mr. Woodruff's misconduct.

e. Action 2011-012: Emily Santos Garde shall be refunded $300.00 of the $1,200.00 in attorney's fees.

f. Action No. 2011-013: Ana E. Reyes shall be refunded $500.00 of the $2,510.00 in attorney's fees.

g. Action No. 2011-014: Esperanza Ellis shall not be compensated due to her signed declaration indicating she did not want to see Mr. Woodruff pursued.

h. Action No. 2012-001: Jihyun Lee shall not be compensated due to her signed declaration indicating she did not want to see Mr. Woodruff pursued.

5. Disciplinary Counsel in this matter shall submit his attorney's fees and costs of prosecution within fifteen days of this Order.

**SO ORDERED** this 7th day of June, 2013.

/s/
David A. Wiseman, Associate Judge

[37] Although the Disciplinary Counsel recommended $10,000.00 as potential damages for Mr. Cambronero's heart surgery, the Court decided not to include this payment.

# EXHIBIT "2"

E-FILED
CNMI SUPERIOR COURT
E-filed: Jan 23 2018 03:14PM
Clerk Review: N/A
Filing ID: 61598017
Case Number: 13-0017-CV
N/A

By order of the Court, Presiding Judge Roberto C. Naraja

**IN THE SUPERIOR COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

**IN RE MATTER OF STEPHEN C. WOODRUFF,**

**Respondent.**

**CIVIL ACTION NO. 13–0017**

**ORDER GRANTING REQUEST FOR INFORMATION ON STATUS OF FUNDS HELD IN TRUST**

On November 8, 2017, Respondent Stephen C. Woodruff ("Respondent") filed an ex parte request seeking an accounting of the funds being held in trust by the Superior Court. Respondent contends that he has not been provided information on the original $29,747.00, which was deposited with the Superior Court as security in this case as well as Civ. No. 13–0205. Moreover, Respondent requests to know whether the distributions ordered in the Court's prior orders have been made. *See In re Matter of Stephen C. Woodruff*, Civ. No. 13–0017 (Super. Ct. Mar. 9, 2016) (Order Re: Distribution of Monies Per Disciplinary Orders; Order Partially Granting Respondent's Requests for Relief); *In re Matter of Stephen C. Woodruff*, Civ. No. 13–0017 (Super. Ct. Mar. 14, 2016) (Amendments to Order Re: Distribution of Monies Per Disciplinary Orders). Those same orders are currently on appeal, but no stay is in effect. At this time, the Court **GRANTS** Respondent's request for information on the status of the funds that were deposited with the Court. Attached to this order is Exhibit A, which shows the current balance in the account holding the funds, $18,117.00, as well as a breakdown of the distributions that have been made, including the distribution that was withdrawn by a subsequent court order.

**IT IS SO ORDERED** this 23rd day of January, 2018.

/s/
**ROBERTO C. NARAJA**
Presiding Judge

E-FILED
CNMI SUPERIOR COURT
E-filed: Jan 23 2018 03:14PM
Clerk Review: Jan 23 2018 03:23PM
Filing ID: 61598017
Case Number: 13-0017-CV
Sabrina Dela Cruz

EXHIBIT A

**Woodruff, Stephen**

| Rec # | Date | Payment For | Case No./ Order | Amount | Date Iss. | Ck # | Paid To | Ck Amt. 1 | Ck Amt. 2 | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|
| 01100 | 05-05-14 | Deposit by CNMI Treasury | CV 13-0017 & CV 13-0205 | $29,747.00 | 3/10/2016 | 449-3458 | 1st Distribution to claimers | $11,630.00 | $0.00 | Bal. $18,117.00 |
| 01821 | 09-11-14 | Bail | SC 13-0262 | $150.00 | 10/10/2014 | 1447 | Michael A. White LLC | $150.00 | $0.00 | |

13-0017-CV

| DISCIPLINARY CASE NO. | AMOUNT | ADDRRESS |
|---|---|---|
| 2008-0008<br>(Order: 06/07/2013) | $600.00 ✓ | Kenneth & Wanlapa Warfle<br>425 Neptune Ave.<br>Encinitas, CA 92024 |
| 2008-012<br>(Order: 06/07/2013) | $50.00 ✓ | Ambrosio V. Baing<br>PMB 1634 PO BOX 10005<br>Saipan MP 96950 |
| 2009-001<br>(Order: 06/07/2013) | $300.00 ✓ | Incivtus T. Feliciano<br>P.O. Box 504279<br>Saipan MP 96950 |
| 2009-005<br>(Order: 06/07/2013) | $100 ✓ | Honorio G. Cambronero<br>P.O. Box 504279<br>Saipan MP 96950 |
| 2011-012<br>(Order: 06/07/2013) | $300 ✓ | Emily Santos Garde<br>P.O. Box 503250<br>Saipan Mp 96950 |
| 2008-012<br>(Order: 06/07/2013) | $500.00 ✓ | Ana E. Reyes<br>PO Box 502286<br>Saipan MP 96950 |
| Complaint of Kazinori Nakamura<br>(Order: 11/22/2013) | $200.00<br>VOIDED CHECK ✓ | Kazinori Nakamura c/o Eileen Escudero Wisor<br>PO Box 506500<br>Saipan MP 96950 |
| Frank Herman Cepeda<br>(Order: 11/22/2013) | $3,000.00 ✓ | Frank Herman Cepeda<br>PO Box 5623<br>Saipan MP 96950 |
| CNMI Bar Association<br>(Order: 10/25/2013) | $3,390.00 ✓ | PO Box 504539<br>Saipan MP 96950 |
| CNMI Superior Court<br>(Order: 10/25/2013) | $3,390.00 ✓ | P.O. Box 502165,<br>Saipan, MP, 96950 |

$11,830.00

5/5/14 CK# CA-01100 $29,797.00

CV13-0017 & CV13-0205

**OFFICE OF THE C' RK OF COURT**
**CIVIL**
PO BOX 500307
SAIPAN, MP 96950-0307
TEL:(670)236-9765

Saipan Branch
BANK OF [illegible]M
THE PEOPLE
P.O. Box 500678
Saipan, MP 96950

3455

101-511/1214
3

DATE March 10, 2016

PAY * * * * * * * * * * TWO HUNDRED & NO/100 * * * * * * * * * DOLLARS $ 200.00

VOID

TO THE ORDER OF

KAZINORI NAKAMURA
c/o EILEEN ESCUDERO WISOR
P. O. BOX 506500
SAIPAN, MP 96950

VOID

MP

Security Features Included. Details on Back.

⑈003455⑈ ⑆121405115⑆ 0103⑈185891⑈

OFFICE OF THE CLERK OF COURT
CIVIL
SAIPAN, MP 96950-0307

DETACH AND RETAIN THIS STATEMENT
THE ATTACHED CHECK IS IN PAYMENT OF ITEMS DESCRIBED BELOW. IF NOT CORRECT PLEASE NOTIFY US PROMPTLY. NO RECEIPT DESIRED

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 3/10/16 | RC#CA-01100 - Distribution per Order - CV 13-0017 | |
| | Stephen C. Woodruff | $200.00 |

VOID

A2

withhold payment to Mr. Kazinori Nakamura, effective immediately.

**SO ORDERED** this 14th day of March, 2016.

/ s/
David A. Wiseman, Associate Judge

By the order of the court, *Judge David A Wiseman*

**E-FILED**
**CNMI SUPERIOR COURT**
E-filed: Mar 14 2016 12:35PM
Clerk Review: N/A
Filing ID: 58711855
Case Number: 13-0017-CV
N/A

**IN THE SUPERIOR COURT**
**OF THE**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **IN RE THE MATTER OF:**<br><br>**STEPHEN C. WOODRUFF,**<br><br>**Respondent.** | **CIVIL CASE NO. 13-0017**<br>**Disciplinary Cases**<br>**1) 2008-008; 2) 2008-12; 3) 2009-001; 4) 2009-05; 5) 2011-012; 6) 2011-013; 7) 2011-014; 8) 2012-001; 9) 2012-004**<br><br>**AMENDMENT TO ORDER RE: DISTRIBUTION OF MONIES PER DISCIPLINARY ORDERS** |

**ORDER**

It has come to the Court's attention that Mr. Kazinori Nakamura has already been compensated in the amount of $200. Therefore, the Court's March 9, 2016 ORDER RE: DISTRIBUTION OF MONIES PER DISCIPLINARY ORDERS shall be amended accordingly. The Clerk of Court is hereby **ORDERED** to withhold payment to Mr. Kazinori Nakamura, effective immediately.

**SO ORDERED** this 14th day of March, 2016.

/ s/
David A. Wiseman, Associate Judge

# EXHIBIT "3"

By order of the court, **GRANTED** *Judge Robert C. Naraja*

E-FILED
CNMI SUPERIOR COURT
E-filed: Apr 05 2019 04:09PM
Clerk Review: N/A
Filing ID: 63135147
Case Number: 13-0017-CV
N/A

n C. Woodruff
3ox 500770
, MP 96950
Tel.: (670) 989-2797
Email: scwlaw.spn@gmail.com
*In Pro Per*
*In Forma Pauperis*

**IN THE SUPERIOR COURT**
**OF THE**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | | |
|---|---|---|
| **IN RE THE MATTER OF:**<br><br>**STEPHEN C. WOODRUFF,**<br><br>**Respondent.** | ) ) ) ) ) ) ) ) ) | **Civil Action No. 13-0017**<br><br>**ORDER CLOSING CASE AND DIRECTING RETURN OF SURPLUS TRUST FUNDS** |

This matter came before the Court for hearing on March 13, 2019, at 9:00 a.m. Respondent appeared *pro se*. Disciplinary Counsel George Hasselback did not appear and has not filed any written opposition to the motion.

Based on matters adduced at the hearing and the files and records of the case, good cause appearing, Respondent's motion to close this case and return to Respondent the surplus of the funds deposited in trust with the Court in this matter is GRANTED.

This case is hereby CLOSED.

The Clerk of Court shall forthwith prepare and release to Respondent a check in the sum of $18,117.00, payable to Respondent, constituting the remaining balance of the funds deposited with the Court by Mr. Woodruff to secure such obligations as were to arise in this case and Civil Action No. 13-0205.

SO ORDERED this ____ day of March, 2019.

______________________________
ROBERTO C. NARAJA
Presiding Judge

This document constitutes a ruling of the court and should be treated as such.

| | |
|---|---|
| **Judge:** | Unassigned |
| **Current Date:** | Apr 05, 2019 |
| **Case Number:** | 13-0017-CV |
| **Case Name:** | IRMO Stephen C Woodruff |
| **Court Authorizer:** | Naraja, Robert C |

**/s/ Judge Naraja, Robert C**

# EXHIBIT "4"

# Jurisdiction

| | |
|---|---|
| **Application to:** | NORTHERN MARIANA ISLANDS |
| **Applying As:** | Pro Hac Vice |

# Personal Information

## *Applicant Information*

**Provide your full name, including middle name, if applicable.**

**All auto-filled information below reflects current information in your NCBE Account. If you need to make any changes to your first name, last name, date of birth, email address, and/or Social Security number, you must do so by updating your NCBE Account Information.**

| | |
|---|---|
| **First Name:** | Stephen |
| **Middle Name:** | Carl |
| **Last Name:** | Woodruff |
| **NCBE Number:** | 10437494 |
| **Social Security Number:** | [redacted] |
| **Date of Birth:** | [redacted] |
| **Email Address:** | scwlaw.spn@gmail.com |
| **Sex:** | MALE |
| **City of Birth:** | New Haven |
| **State of Birth:** | CT |
| **Country of Birth:** | UNITED STATES |
| **Country of Citizenship:** | United States of America |

## *Names*

Have you ever used or been known by a different name?

**Note:** Your name(s) will be used for identification in correspondence sent to schools, employers, courts, references, etc.

**No**

## *Contact Information*

Please provide the mailing address and telephone numbers at which you can be reached during the next six months.

| | |
|---|---|
| **Address Type:** | Residence |
| **Address/P.O. Box:** | P.O. Box 500770 |
| **Line 2:** | Nasa Place, Susupe Village |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Mobile Phone:** | 6709892797 |
| **Other Phone:** | 6702351913 |

# Applications, Authorizations and Conduct

## *Law Student Registration*

1. Have you ever submitted an application to register as a law student?

   **Note:** This question refers to jurisdiction sponsored law student registration programs (not law school applications).

**No**

## *Bar Exam*

2. Have you ever applied to take a bar exam, including the Uniform Bar Exam (UBE)?

   **Note:** Report all exams for which you have applied or registered, even if you did not sit for the exam. Report all exams even if you did not apply for admission to that jurisdiction and regardless of admission status. Omit the MPRE and First-Year Law Student Examinations.

**Yes**

| | |
|---|---|
| **Name of U.S. Jurisdiction:** | HAWAII |
| **Date Application Made:** | 03/1994 |
| **Date Exam Taken:** | 06/1994 |
| **Admission Status:** | Admitted |
| **Admission or Readmission Date:** | 11/28/1994 |
| **Bar Number:** | 006365 |
| **Explanation:** | Do not have records showing date of application to take the Hawaii bar; accordingly, month of application was estimated. Likewise uncertain of month the examination was taken. |

| | |
|---|---|
| **Name of U.S. Jurisdiction:** | NORTHERN MARIANA ISLANDS |
| **Date Application Made:** | 12/1994 |
| **Date Exam Taken:** | 01/1995 |
| **Admission Status:** | Admitted |
| **Admission or Readmission Date:** | 04/28/1995 |
| **Bar Number:** | F0190 |
| **Explanation:** | Do not have records showing date of application to take the CNMI bar; accordingly, month and year of application was estimated. It was late 1994 or early 1995. Likewise uncertain of month and year the examination was taken. Again, it was either late 1994 or early 1995. |

## *Transferred UBE Score*

3. Have you ever applied for admission by transferred Uniform Bar Examination (UBE) Score?

**No**

## *Motion*

4. Have you ever applied for admission on motion?

   **Note:** Do not list U.S. federal court or pro hac vice admissions in response to this question.

**No**

## *Diploma Privilege*

5. Have you ever applied for admission by diploma privilege?

**No**

## *Foreign Legal Consultant*

6. Have you ever registered as a foreign legal consultant?

**No**

## *In-House Counsel*

7. Have you ever registered as in-house counsel?

**No**

## *Other*

8. Have you ever otherwise submitted an application to, or been authorized to practice law in, any U.S. or foreign jurisdiction or tribal court?

   **Note:** In this context, "otherwise" means other than reported in response to questions 1 to 7. Do not list U.S. federal court or pro hac vice admissions in response to this question.

**No**

## *Bar Association Membership*

9. List the full name and address of each mandatory or voluntary bar association which you have been or are currently a member.

| | |
|---|---|
| **Name of Bar Association:** | Hawaii State Bar Association |
| **From Date:** | 11/1994 |
| **To Date:** | 11/2016 |
| **Address:** | 1100 Alakea Street |
| **City:** | Honolulu |
| **State:** | HI |
| **ZIP:** | 96813 |

| | |
|---|---|
| **Name of Bar Association:** | CNMI Bar Association |
| **From Date:** | 11/1994 |
| **To Date:** | 06/2013 |
| **Address:** | P.O. Box 504539 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |

## *Attorney Discipline*

10. Have you ever been disbarred, suspended, censured, or otherwise reprimanded or disqualified as an attorney?

    **If Yes**, upload a copy of the associated action or complaint.

| | Yes |
|---|---|
| **Name of Regulatory Agency:** | Supreme Court of the Commonwealth of the Northern Mariana Islands |
| **Address:** | Guma Hustisia, Beach Road, Susupe |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 2013-SCC-0030-CIV |
| **Action Taken:** | Affirmed Disbarment Ordered by the Superior Court |
| **Action Date:** | 12/2015 |
| **Explanation:** | Disciplinary charges arose out of nine client complaints between 2008 and 2012 alleging lack of diligence by counsel. I was defaulted in the Superior Court and denied the opportunity to present a defense. The Ninth Circuit Court of Appeals ultimately declined to impose reciprocal discipline on account of the due process deficiencies. |
| **Name of Regulatory Agency:** | United States District Court for the Northern Mariana Islands |
| **Address:** | P.O. Box 500687 |
| **Line 2:** | 1671 Gualo Rai Road |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 13-mc-00004 |
| **Action Taken:** | Suspension |
| **Action Date:** | 03/2017 |
| **Explanation:** | Reciprocal disbarment March 9, 2017 modified to suspension March 28, 2018. |
| **Name of Regulatory Agency:** | Superior Court of the Commonwealth of the Northern Mariana Islands |
| **Address:** | P.O. Box 500307 |
| **Line 2:** | Guma Hustisia, Susupe |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | Civil Case No. 13-0017 |
| **Action Taken:** | Disbarment |
| **Action Date:** | 06/2013 |
| **Explanation:** | Disbarment Order |
| **Name of Regulatory Agency:** | United States District Court for the Northern Mariana Islands |
| **Address:** | P.O. Box 500687 |
| **Line 2:** | 1671 Gualo Rai Road |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 13-mc-00061 |
| **Action Taken:** | Suspension |
| **Action Date:** | 09/2018 |

| | |
|---|---|
| **Explanation:** | Suspension based on client complaint arising out of 9th Circuit dismissal of appeal on grounds of failure to prosecute. |
| **Name of Regulatory Agency:** | United States Court of Appeals for the Ninth Circuit |
| **Address:** | P.O. Box 193939 |
| **City:** | San Francisco |
| **State:** | CA |
| **ZIP:** | 94119-3939 |
| **Case Number:** | 13-80077 |
| **Action Taken:** | Probation - Declining Reciprocal Discipline |
| **Action Date:** | 11/2017 |
| **Explanation:** | Probation - Declining Reciprocal Discipline |
| **Name of Regulatory Agency:** | Supreme Court of Hawaii |
| **Address:** | 417 South King Street |
| **City:** | Honolulu |
| **State:** | HI |
| **ZIP:** | 96813-2943 |
| **Case Number:** | SCAD-0000353 |
| **Action Taken:** | Reciprocal Disbarment |
| **Action Date:** | 10/2016 |
| **Explanation:** | Reciprocal Disbarment |
| **Name of Regulatory Agency:** | Board of Immigration Appeals |
| **Address:** | 5107 Leesburg Pike, Suite 2000 |
| **City:** | Falls Church |
| **State:** | VA |
| **ZIP:** | 22041 |
| **Case Number:** | D2012-301 |
| **Action Taken:** | Suspension March 20, 2013 -- Reciprocal Disbarment February 9, 2016 |
| **Action Date:** | 03/2013 |
| **Explanation:** | Reciprocal Discipline. Notably, the assertion in the BIA's reciprocal discipline order that "[t]he allegations he made regarding the underlying disciplinary proceedings were addressed and dismissed by the Supreme Court of the Commonwealth of the Northern Mariana Islands in its final order of discipline" is incorrect. As can be seen from the decision of the Commonwealth Supreme Court itself, and from the findings of the 9th Circuit Court of Appeals, almost none of the points I raised in my answer to the Notice of Intent to Discipline were actually address by the Commonwealth Supreme Court. |
| **Name of Regulatory Agency:** | Supreme Court of the Commonwealth of the Northern Mariana Islands |
| **Address:** | P.O. Box 502165 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 2013-SLD-0001-ADA |
| **Action Taken:** | Interim Suspension |
| **Action Date:** | 02/2013 |

| | |
|---|---|
| **Explanation:** | Interim Suspension |
| **Name of Regulatory Agency:** | Supreme Court of the United States |
| **Address:** | 1 First Street NE |
| **City:** | Washington |
| **State:** | DC |
| **ZIP:** | 20543-0001 |
| **Case Number:** | 16D2942 |
| **Action Taken:** | Reciprocal Disbarment |
| **Action Date:** | 05/2017 |
| **Explanation:** | Reciprocal Disbarment |

## *Attorney Complaint*

11. Have you ever been the subject of any charges, complaints or grievances (formal or informal) concerning your conduct as an attorney, including any now pending?

**If Yes**, upload a copy of the associated action or complaint.

**Yes**

| | |
|---|---|
| **Name of Regulatory Agency:** | Disciplinary Committee CNMI Bar Association |
| **Address:** | P.O. Box 502485 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 2008-08 |
| **Action Taken:** | Referred for Prosecution |
| **Action Date:** | 02/2012 |
| **Explanation:** | Warfle Complaint -- To this day, attorney has never been supplied with a copy of the actual complaint filed with the disciplinary committee by the Warfles and has been compelled to respond only to (1) inquiries from the attorney assigned to investigate and (2) a small claims complaint. |
| **Name of Regulatory Agency:** | Disciplinary Committee CNMI Bar Association |
| **Address:** | P.O. Box 502845 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 2008-12 |
| **Action Taken:** | Referred for Prosecution |
| **Action Date:** | 02/2012 |
| **Explanation:** | Baing Complaint -- allegation that attorney did not file administrative appeal was false, but complaint was prosecuted on entirely different theory. |
| **Name of Regulatory Agency:** | Disciplinary Committee CNMI Bar Association |
| **Address:** | P.O. Box 502485 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |

| | |
|---|---|
| **Case Number:** | 2009-01 |
| **Action Taken:** | Referred for Prosecution |
| **Action Date:** | 10/2010 |
| **Explanation:** | Feliciano Complaint |
| **Name of Regulatory Agency:** | Disciplinary Committee CNMI Bar Association |
| **Address:** | P.O. Box 502845 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 2009-05 |
| **Action Taken:** | Referred for Prosecution |
| **Action Date:** | 02/2012 |
| **Explanation:** | Cambronero Complaint |
| **Name of Regulatory Agency:** | Disciplinary Committee CNMI Bar Association |
| **Address:** | P.O. Box 502845 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 2010-03 |
| **Action Taken:** | Referred for Prosecution as Case No. 2012-04 |
| **Action Date:** | 11/2012 |
| **Explanation:** | Kim Chang Sook Complaint - Investigated, no report issued, reassigned to another investigator with another case number (2012-04), who issued a report without considering the previous investigation done and incorrectly stating that attorney did not respond to DC request for information. |
| **Name of Regulatory Agency:** | Disciplinary Committee CNMI Bar Association |
| **Address:** | P.O. Box 502485 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 2011-12 |
| **Action Taken:** | Referred for Prosecution |
| **Action Date:** | 02/2012 |
| **Explanation:** | Garde Complaint -- Although Ms. Garde experienced unreasonable delays, she ultimately obtained the result she sought. |
| **Name of Regulatory Agency:** | Disciplinary Committee CNMI Bar Association |
| **Address:** | P.O. Box 502845 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 2011-13 |
| **Action Taken:** | Referred for Prosecution |
| **Action Date:** | 02/2012 |

| | |
|---|---|
| **Explanation:** | Reyes Complaint -- There is no written complaint from Ms. Reyes, although it is clear that she visited Mr. Bellas and was interviewed by him. The letter addressed to me was never received by me and thus never sent to me, however, and the statement in the investigative report by Mr. Bellas to the contrary is false. Notably, there is no documentation showing that such letter was ever sent. Attorney did not know about this complaint until served with the Petition for Interim Suspension. |
| **Name of Regulatory Agency:** | Disciplinary Committee CNMI Bar Association |
| **Address:** | P.O. Box 502485 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 2011-14 |
| **Action Taken:** | Referred for Prosecution |
| **Action Date:** | 02/2011 |
| **Explanation:** | Ellis Complaint -- Investigative report purporting to recount oral complaint contains many incorrect, false, or misleading statements, including the false statement that attorney had been notified of lodging of complaint. Rebutted to the Court by declaration signed by Ms. Ellis that the Court chose to disregard. |
| **Name of Regulatory Agency:** | Disciplinary Committee CNMI Bar Association |
| **Address:** | P.O. Box 502845 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 2012-01 |
| **Action Taken:** | Referred for Prosecution |
| **Action Date:** | 11/2012 |
| **Explanation:** | Lee Complaint -- Ms. Lee subsequently sought to withdraw her complaint by signed declaration, but the Court refused to credit her declaration. |
| **Name of Regulatory Agency:** | Disciplinary Committee CNMI Bar Association |
| **Address:** | P.O. Box 502845 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 2012-04 |
| **Action Taken:** | Referred for Prosecution |
| **Action Date:** | 11/2012 |
| **Explanation:** | Kim Chang Sook Complaint - Originally Investigated as Case No. 2010-03 , no report issued, reassigned to another investigator who issued a report under this case number without considering the previous investigation done and incorrectly stating that attorney did not respond to DC request for information. |
| **Name of Regulatory Agency:** | Disciplinary Committee CNMI Bar Association |
| **Address:** | P.O. Box 502485 |
| **City:** | Saipan |
| **State:** | MP |

| | |
|---|---|
| **ZIP:** | 96950 |
| **Case Number:** | 2012-03 |
| **Action Taken:** | Referred for Prosecution -- Civil Action No. 13-0205 |
| **Action Date:** | 03/2013 |
| **Explanation:** | Qun Yu Complaint -- convicted criminal defendant incorrectly believing that he had lost his right to appeal when in fact the clock had not yet begun to run as court had not ruled on post-judgment motion. Improperly included in Petition for Interim Suspension when attorney had not even been notified of complaint and no investigation had been made. Although prosecuted to conclusion in Superior Court, no decision ever rendered. |
| **Name of Regulatory Agency:** | Disciplinary Committee CNMI Bar Association |
| **Address:** | P.O. Box 502845 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 2012-08 |
| **Action Taken:** | Administratively Closed |
| **Action Date:** | 08/2013 |
| **Explanation:** | Cepeda Complaint - Despite never being investigated in accordance with the Disciplinary Rules (and ultimately being administratively closed by the Disciplinary Committee), Mr. Cepeda's complaint was wrongfully incorporated into the Commonwealth Superior Court Disciplinary Case (Civil Action No. 13-0017) and Mr. Cepeda given an undeserved monetary remedy, which was paid by attorney pursuant to the Court's order. |
| **Name of Regulatory Agency:** | Disciplinary Committee CNMI Bar Association |
| **Address:** | P.O. Box 502845 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 2013-01 |
| **Action Taken:** | Administratively Closed |
| **Action Date:** | 08/2013 |
| **Explanation:** | Edwina Bonifacio and Dominador Ramirez Complaint |
| **Name of Regulatory Agency:** | Disciplinary Committee CNMI Bar Association |
| **Address:** | P.O. Box 502845 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 2013-02 |
| **Action Taken:** | Administratively Closed |
| **Action Date:** | 04/2014 |
| **Explanation:** | Rumei Huang Aguon Complaint |
| **Name of Regulatory Agency:** | Disciplinary Committee CNMI Bar Association |
| **Address:** | P.O. Box 502845 |
| **City:** | Saipan |

| | |
|---|---|
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 2013-05 |
| **Action Taken:** | Administratively Closed |
| **Action Date:** | 08/2013 |
| **Explanation:** | Alfonis & Esther Sound Complaint |
| **Name of Regulatory Agency:** | Disciplinary Committee CNMI Bar Association |
| **Address:** | P.O. Box 502845 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 2013-12 |
| **Action Taken:** | Administratively Closed |
| **Action Date:** | 08/2013 |
| **Explanation:** | Md. Bashar Complaint -- frivolous, opportunistic, self-serving complaint designed seek some advantage in avoiding removal based on criminal conviction. |
| **Name of Regulatory Agency:** | Disciplinary Committee CNMI Bar Association |
| **Address:** | P.O. Box 502845 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 2014-02 |
| **Action Taken:** | Administratively Closed |
| **Action Date:** | 04/2014 |
| **Explanation:** | Shu Kai Ma Complaint |
| **Name of Regulatory Agency:** | Disciplinary Committee CNMI Bar Association |
| **Address:** | P.O. Box 502845 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 2013-04 |
| **Action Taken:** | Administratively Closed |
| **Action Date:** | 08/2013 |
| **Explanation:** | Anthony R. Camacho Complaint -- frivolous, opportunistic, self-serving complaint made in the vain hope of finding a way to avoid consequences of criminal conviction. |
| **Name of Regulatory Agency:** | United States District Court for the Northern Mariana Islands |
| **Address:** | P.O. Box 500687 |
| **Line 2:** | 1671 Gualo Rai Road |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |

| | |
|---|---|
| **Case Number:** | 1:13-mc-61 |
| **Action Taken:** | Ethical Complaint Filed |
| **Action Date:** | 12/2015 |
| **Explanation:** | Murugesan Subbaiah Complaint |

## *Unauthorized Practice of Law*

12. Have you ever been the subject of any charges, complaints, or grievances (formal or informal) alleging that you engaged in the unauthorized practice of law, including any now pending?

**If Yes**, upload a copy of the associated action or complaint.

**No**

## *Sanction or Disqualification*

13. Have sanctions ever been entered against you, or have you ever been disqualified from participating in any case?

**If Yes**, upload a copy of the order of sanction or disqualification.

**Yes**

| | |
|---|---|
| **Name of Court:** | United States District Court for the Northern Mariana Islands |
| **Address:** | P.O. Box 500687 |
| **Line 2:** | 1671 Gualo Rai Road |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | Civil Action No. 08-0001 |
| **Case Name:** | Feliciano v. Eastern Hope Corporation |
| **Action Taken:** | Sanctioned $175.00 |
| **From Date:** | 10/2008 |
| **To Date:** | 10/2008 |
| **Reason for Sanction or Disqualification:** | Failure to appear at scheduled settlement conference. |

| | |
|---|---|
| **Name of Court:** | United States District Court for the Northern Mariana Islands |
| **Address:** | P.O. Box 500687 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | Civil Action No. 07-0010 |
| **Case Name:** | Md. Masum v. Island Security Services |
| **Action Taken:** | Sanctioned $225.00 |
| **From Date:** | 10/2007 |
| **To Date:** | 10/2007 |
| **Reason for Sanction or Disqualification:** | Failure to appear for scheduling conference. |

| | |
|---|---|
| **Name of Court:** | United States District Court for the Northern Mariana Islands |
| **Address:** | P.O. Box 500687 |

| | |
|---|---|
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | Civil Action 07-0007 |
| **Case Name:** | Soriano v. Jung A Enterprises |
| **Action Taken:** | Sanctioned $100.00 |
| **From Date:** | 04/2008 |
| **To Date:** | 04/2008 |
| **Reason for Sanction or Disqualification:** | Failure to appear at scheduled status conference. |
| **Name of Court:** | United States District Court for the Northern Mariana Islands |
| **Address:** | P.O. Box 500687 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | Civil Action 07-0007 |
| **Case Name:** | Soriano v. Jung A Enterprises |
| **Action Taken:** | Sanctioned (along with counsel for another party) $50.00 each. |
| **From Date:** | 01/2008 |
| **To Date:** | 01/2008 |
| **Reason for Sanction or Disqualification:** | Failure to appear at scheduled settlement conference. |
| **Name of Court:** | United States District Court for the Northern Mariana Islands |
| **Address:** | P.O. Box 500687 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | Civil Action No. 08-0003 |
| **Case Name:** | Alcaraz v. Hansoll Textile, Ltd |
| **Action Taken:** | Sanctioned $225.00 |
| **From Date:** | 02/2009 |
| **To Date:** | 02/2009 |
| **Reason for Sanction or Disqualification:** | Failure to appear at scheduled status conference. |
| **Name of Court:** | United States District Court for the Northern Mariana Islands |
| **Address:** | P.O. Box 500687 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | Civil Action No. 08-0001 |
| **Case Name:** | Feliciano v. Eastern Hope Corporation |
| **Action Taken:** | Dismissal with Prejudice |
| **From Date:** | 12/2008 |

| | |
|---|---|
| **To Date:** | 12/2008 |
| **Reason for Sanction or Disqualification :** | Failure to appear for trial. Court incorrectly and unjustly treated the failure to appear as having been wilful. |

| | |
|---|---|
| **Name of Court:** | Superior Court of the Commonwealth of the Northern Mariana Islands |
| **Address:** | P.O. Box 500307 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | Civil Case No. 13-0017 |
| **Case Name:** | In re Woodruff |
| **Action Taken:** | Contempt - 3 Days Imprisonment |
| **From Date:** | 10/2013 |
| **To Date:** | 12/2013 |
| **Reason for Sanction or Disqualification :** | Purported refusal to comply with court order. In fact, imprisonment constituted criminal contempt imposed unconstitutionally without constitutional protections under guise of civil contempt when in fact no power to purge existed. Attorney made every conceivable effort to comply with court order without falsely stating facts together with accepting an incorrect interpretation of the law the judge was imposing by fiat. There was no actual contempt. |

| | |
|---|---|
| **Name of Court:** | United States District Court for the Northern Mariana Islands |
| **Address:** | P.O. Box 500687 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Case Number:** | 1:16-cv-00018 |
| **Case Name:** | Guanlao v. Zedde |
| **Action Taken:** | Disqualification Based on Reciprocal Disbarment Becoming Effective |
| **From Date:** | 04/2017 |
| **To Date:** | 04/2017 |
| **Reason for Sanction or Disqualification :** | Opposing counsel sought disqualification as a litigation tactic to avoid the merits and disadvantage client. Opposing counsel attacked counsel's handling of his reciprocal disbarment proceedings -- a subject utterly irrelevant to the case before the court. Court ultimately ordered disqualification but only after reciprocal disbarment became effective and only after counsel had moved to withdraw on account of damage to the the attorney-client relationship caused by opposing counsel's inappropriate and bad faith open court attacks on counsel. Reciprocal disbarment was subsequently modified to suspension only.<br><br>The client, Ms. Guanlao, is still in the United States to this day on account of my work in this extraordinarily challenging case, which was filed under the most urgent of circumstances. |

# Education

## *Law Office Study*

14. Did you engage in law office study in lieu of receiving a J.D.?

**No**

## *Law School Attendance*

15. List complete information regarding all law school attendance and law degrees (J.D., LL.B., LL.M., etc.).

**Note:** If you studied abroad during law school, complete an entry for each study abroad period. Indicate the sponsoring institution, if different from the school listed.

| | |
|---|---|
| **ABA-Approved Law School:** | University of Hawaii |
| **From Date:** | 09/1991 |
| **To Date:** | 05/1994 |
| **Date Degree Received or Expected:** | 05/1994 |
| **Degree Received or Expected to be Received:** | J.D. |
| **Enrollment Type:** | Full Time |

## *Law School Discipline*

16. Have you ever been dropped, suspended, warned, placed on scholastic or disciplinary probation, expelled, requested to resign, allowed to resign in lieu of discipline, otherwise subjected to discipline, or requested or advised to discontinue your studies by any law school?

**No**

## *College/University Attendance*

17. List complete information regarding all college/university attendance (other than law school).

**Note:** If you studied abroad, complete an entry for each study abroad period. Indicate the sponsoring institution, if different from the school listed.

| | |
|---|---|
| **College/University:** | Washington & Lee University |
| **Mailing Address:** | 204 W. Washington Street |
| **City:** | Lexington |
| **State:** | VA |
| **ZIP:** | 24450 |
| **From Date:** | 09/1970 |
| **To Date:** | 05/1974 |
| **Degree Received (No Degree, B.A., M.S., etc.):** | B.A. |
| **Field(s) of Study:** | Politics & Economics |

## *College/University Discipline*

18. Have you ever been dropped, suspended, warned, placed on scholastic or disciplinary probation, expelled, requested to resign, allowed to resign in lieu of discipline, otherwise subjected to discipline, or requested or advised to discontinue your studies by any college or university?

**No**

# Residences

## *Residence History*

19. List every permanent or temporary physical address where you have resided for a period of one month or longer for the last ten years or since age 18, **whichever period of time is shorter**.

| | |
|---|---|
| **Present:** | Yes |
| **From Date:** | 12/2013 |
| **Physical Address:** | Nasa Place, Susupe Village |
| **City:** | Saipan |
| **County/Parish:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **From Date:** | 10/2013 |
| **To Date:** | 12/2013 |
| **Physical Address:** | Fina Sisu |
| **City:** | Saipan |
| **County/Parish:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **From Date:** | 12/2011 |
| **To Date:** | 09/2013 |
| **Physical Address:** | Sadog Tasi |
| **City:** | Saipan |
| **County/Parish:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **From Date:** | 02/2006 |
| **To Date:** | 11/2011 |
| **Physical Address:** | Navy Hill |
| **City:** | Saipan |
| **County/Parish:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **From Date:** | 08/2004 |
| **To Date:** | 01/2006 |
| **Physical Address:** | Flame Tree Terrace |
| **Line 2:** | Isa Drive, Sadog Tasi Lower Capitol Hill |
| **City:** | Saipan |
| **County/Parish:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **From Date:** | 01/2003 |
| **To Date:** | 08/2004 |
| **Physical Address:** | Sihek Drive Capitol Hill |

| | |
|---|---|
| **City:** | Saipan |
| **County/Parish:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **From Date:** | 02/2001 |
| **To Date:** | 12/2002 |
| **Physical Address:** | Valley Inn |
| **Line 2:** | Fina Sisu |
| **City:** | Saipan |
| **County/Parish:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **From Date:** | 12/1996 |
| **To Date:** | 01/2001 |
| **Physical Address:** | As Terlaje |
| **City:** | Saipan |
| **County/Parish:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **From Date:** | 09/1994 |
| **To Date:** | 12/1996 |
| **Physical Address:** | Capitol Hill |
| **City:** | Saipan |
| **County/Parish:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **From Date:** | 08/1991 |
| **To Date:** | 08/1994 |
| **Physical Address:** | 808 Lunalilo St |
| **City:** | Honolulu |
| **County/Parish:** | Honoulu |
| **State:** | HI |
| **ZIP:** | 96813-2151 |
| **From Date:** | 01/1990 |
| **To Date:** | 07/1991 |
| **Physical Address:** | San Jose Village |
| **City:** | Saipan |
| **County/Parish:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **From Date:** | 07/1982 |
| **To Date:** | 12/1989 |

| | |
|---|---|
| **Physical Address:** | Susupe |
| **City:** | Saipan |
| **County/Parish:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **From Date:** | 05/1981 |
| **To Date:** | 06/1982 |
| **Physical Address:** | Little Ginza, Garapan |
| **City:** | Saipan |
| **County/Parish:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **From Date:** | 05/1977 |
| **To Date:** | 04/1981 |
| **Physical Address:** | Gualo Rai |
| **City:** | Saipan |
| **County/Parish:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **From Date:** | 06/1974 |
| **To Date:** | 05/1977 |
| **Physical Address:** | Susupe / Chalan Kanoa |
| **City:** | Saipan |
| **County/Parish:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **From Date:** | 06/1971 |
| **To Date:** | 05/1974 |
| **Physical Address:** | Main Street |
| **City:** | Lexington |
| **County/Parish:** | Rockbridge |
| **State:** | VA |
| **ZIP:** | 24450 |
| **From Date:** | 08/1970 |
| **To Date:** | 05/1971 |
| **Physical Address:** | Washington & Lee University Campus |
| **City:** | Lexington |
| **County/Parish:** | Rockbridge |
| **State:** | VA |
| **ZIP:** | 24450 |
| **From Date:** | 06/1966 |
| **To Date:** | 07/1970 |

| | |
|---|---|
| **Physical Address:** | Running Antelope Drive |
| **Line 2:** | Standing Rock Indian Reservation |
| **City:** | Little Eagle |
| **County/Parish:** | Corson |
| **State:** | SD |
| **ZIP:** | 57639 |

# Employment

## *Employment History*

20. List all employment and unemployment information for the last ten years or since age 18, **whichever period is shorter.** In addition, list all law-related employment you have ever had.

**Notes:**

**Employment** - In this context, employment encompasses all part-time and full-time employment, including self-employment, externships, internships (paid and unpaid), clerkships, military service, volunteer work, and temporary employment.

**Unemployment** - Provide a brief, but specific, description of your activities while unemployed (e.g., seeking employment, preparing for law school, attending <*school name*>, vacation, studying for bar exam).

**Employment References -** If an employer is no longer in operation, or you were self-employed or employed by a relative, provide the name and contact information of a verifying reference. **Do not list yourself or a relative as a verifying reference.**

**Details** - Indicate if the address provided is a company headquarters or if you worked remotely. Provide other information that may assist in verification of this period of employment.

| | |
|---|---|
| **Employer or Firm Name:** | Woodruff Law Office |
| **Employer or Firm Mailing Address:** | P.O. Box 500770 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Employer Phone:** | 6709892797 |
| **Self-employed or employed by a relative:** | Yes |
| **Verifying Reference or Business Name:** | Michael Evangelisa |
| **Address:** | LAW OFFICES OF MICHAEL NORITA EVANGELISTA, LLC |
| **Line 2:** | D' Torres Building, Garapan |
| **Line 3:** | P. O. Box 504340 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Phone:** | 6702358060 |
| **Email:** | mnevangelista8@gmail.com |
| **Currently:** | Yes |

| | |
|---|---|
| **From Date:** | 10/2000 |
| **Employment Position / Description of Unemployment:** | Attorney - Sole Practicioner |
| **Name of Supervisor or Associate:** | Self |
| **Email of Supervisor or Associate:** | scwlaw.spn@gmail.com |
| **Employer or Firm Name:** | Legislative Bureau, Northern Marianas Commonwealth Legislature |
| **Employer or Firm Mailing Address:** | P.O. Box 500586 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Employer Phone:** | 6706648934 |
| **From Date:** | 10/1994 |
| **To Date:** | 09/2000 |
| **Employment Position / Description of Unemployment:** | Senate Legal Counsel |
| **Name of Supervisor or Associate:** | Paul A. Manglona, Senate President |
| **Email of Supervisor or Associate:** | sen.manglona@gmail.com |
| **Reason For Leaving:** | Contract Expired - Entered Private Practice of Law |
| **Employer or Firm Name:** | William S. Richardson School of Law |
| **Employer or Firm Mailing Address:** | 2515 Dole Street |
| **City:** | Honolulu |
| **State:** | HI |
| **ZIP:** | 96822-2350 |
| **Employer Phone:** | (808) 956-7966 |
| **Details:** | Student Research Assistant - assist in updating Professor Bowman's Hawaii Rules of Evidence Manual; assist Prof. Dratler with his book on licensing intellectual property. |
| **From Date:** | 09/1993 |
| **To Date:** | 05/1994 |
| **Employment Position / Description of Unemployment:** | Research Assistant |
| **Name of Supervisor or Associate:** | Prof. Jay Dratler |
| **Email of Supervisor or Associate:** | dratler@uakron.edu |
| **Reason For Leaving:** | Completion of School Year |
| **Employer or Firm Name:** | Department of the Attorney General, State of Hawaii, Appellate Division |
| **Employer or Firm Mailing Address:** | 425 Queen Street |
| **City:** | Honolulu |
| **State:** | HI |
| **ZIP:** | 96813 |
| **Employer Phone:** | (808) 586-1500 |
| **Details:** | Research and writing for appellate cases involving defamation, freedom of speech, and prisoner rights. |
| **From Date:** | 06/1993 |
| **To Date:** | 08/1993 |

| | |
|---|---|
| **Employment Position / Description of Unemployment:** | Summer Law Intern |
| **Name of Supervisor or Associate:** | Steven S. Michaels, Esq. |
| **Email Unknown:** | Yes |
| **Reason For Leaving:** | Return to Law School Fall Semester |

| | |
|---|---|
| **Employer or Firm Name:** | William S. Richardson School of Law |
| **Employer or Firm Mailing Address:** | 2515 Dole Street |
| **City:** | Honolulu |
| **State:** | HI |
| **ZIP:** | 96822-2350 |
| **Employer Phone:** | (808) 956-7966 |
| **Details:** | Student Research Assistant - assist in updating Professor Bowman's Hawaii Rules of Evidence Manual; assist Prof. Dratler with his book on licensing intellectual property. |
| **From Date:** | 09/1992 |
| **To Date:** | 05/1993 |
| **Employment Position / Description of Unemployment:** | Research Assistant |
| **Name of Supervisor or Associate:** | Prof. Addison Bowman |
| **Email of Supervisor or Associate:** | abowman@hawaii.edu |
| **Reason For Leaving:** | Completion of School Year |

| | |
|---|---|
| **Employer or Firm Name:** | Stuart M. Cowan, Esq. |
| **Employer or Firm Mailing Address:** | 47-339 Mapumapu Rd |
| **City:** | Kanehoe |
| **State:** | HI |
| **ZIP:** | 96744 |
| **Details:** | Research and writing in support of civil litigation. |
| **From Date:** | 06/1992 |
| **To Date:** | 08/1992 |
| **Employment Position / Description of Unemployment:** | Legal Assistant |
| **Name of Supervisor or Associate:** | Stuart M. Cowan |
| **Email of Supervisor or Associate:** | stuartgmcowan@gmail.com |
| **Reason For Leaving:** | Return to Law School Fall Semester |

## *Employment Actions*

21. Have you ever been disciplined, suspended, laid off, permitted to resign (in lieu of termination), or terminated from any job?

    **Note:** If Yes, any associated periods of employment must be listed in response to the Employment History question before proceeding.

**No**

## *Judicial Office*

22. Have you ever held judicial office?

**No**

## *Military Service*

23. Have you ever been a member of the armed forces of the United States, its reserve components, or the National Guard?

**If Yes,** upload a copy of all of your military separation papers (DD Form 214 or equivalent). Forms must indicate character of service.

**No**

## *Licenses*

24. Have you ever applied for a license (even if the application was subsequently withdrawn) or held a license for a business, trade, or profession, other than as an attorney-at-law?

**Yes**

| | |
|---|---|
| **Type of License:** | General Business License |
| **Issued to (include business name, if applicable):** | Stephen C. Woodruff dba Pacific Vanguard |
| **Current Status of License:** | Expired |
| **License Number (if applicable):** | n/a |
| **Application Date:** | 01/1984 |
| **Expiration/Inactive Date:** | 12/1991 |
| **Issuing Authority:** | Department of Commerce, Commonwealth of the Northern Mariana Islands |
| **Address:** | P.O. Box 500770 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |

| | |
|---|---|
| **Type of License:** | Basic I Teacher Certification |
| **Issued to (include business name, if applicable):** | Stephen C. Woodruff |
| **Current Status of License:** | Active |
| **License Number (if applicable):** | 20200080 |
| **Application Date:** | 10/2020 |
| **Issuing Authority:** | CNMI Board of Education |
| **Address:** | P.O. Box 501370 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Telephone:** | (670) 664-3711 |

## *License Denial/Revocation*

25. Have you ever been denied a license or had a license revoked for a business, trade, or profession?

**No**

# Character and Fitness

## Professional Discipline

26. Have you ever been suspended, censured, or otherwise reprimanded or disqualified as a member of another profession, or as a holder of public office?

**If Yes**, upload a copy of the associated action or complaint.

**No**

## Professional Complaint

27. Have you ever been the subject of any charges, complaints, or grievances (formal or informal) concerning your conduct as a member of any other profession, or as a holder of public office, including any now pending?

**If Yes**, upload a copy of the associated action or complaint.

**No**

## Bond

28. Has any surety on any bond on which you were the principal been required to pay any money on your behalf?

**No**

## Conduct or Behavior

29. Within the past five years, have you exhibited any conduct or behavior that could call into question your ability to practice law in a competent, ethical, and professional manner?

**No**

## Condition or Impairment

30. *The purpose of this inquiry is to allow jurisdictions to determine the current fitness of an applicant to practice law. The mere fact of treatment, monitoring, or participation in a support group is not, in itself, a basis on which admission is denied; jurisdictions' bar admission agencies routinely certify for admission individuals who demonstrate personal responsibility and maturity in dealing with fitness issues. The National Conference of Bar Examiners encourages applicants who may benefit from assistance to seek it.*

Do you currently have any condition or impairment (including, but not limited to, substance abuse, alcohol abuse, or a mental, emotional, or nervous disorder or condition) that in any way affects your ability to practice law in a competent, ethical, and professional manner?

**Note:** In this context, "currently" means recently enough that the condition or impairment could reasonably affect your ability to function as a lawyer.

**No**

## Defense or Explanation

31. *The purpose of this inquiry is to allow jurisdictions to determine the current fitness of an applicant to practice law. The mere fact of treatment, monitoring, or participation in a support group is not, in itself, a basis on which admission is denied; jurisdictions' bar admission agencies routinely certify for admission individuals who demonstrate personal responsibility and maturity in dealing with fitness issues. The National Conference of Bar Examiners encourages applicants who may benefit from assistance to seek it.*

Within the past five years, have you asserted any condition or impairment as a defense, in mitigation, or as an explanation for your conduct in the course of any inquiry, any investigation, or any administrative or judicial proceeding by an educational institution, government agency, professional organization, or licensing authority; or

in connection with an employment disciplinary or termination procedure?

**Yes**

| | |
|---|---|
| **Name of Entity Before Which the Issue Was Raised (e.g., court, agency, etc.):** | United States District Court for the Northern Mariana Islands |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Nature of the Proceeding:** | Disciplinary Proceedings |
| **Relevant Date(s):** | Victim of spousal abuse from 1996 to 2013, worsening from 2008 to 2013. |
| **Explanation:** | Situation brought to the attention of the court in disciplinary proceedings during the period 2013 to 2016. Failings in handling client matters as well as they should have been handled were in part a consequence of domestic difficulties as a victim of spousal abuse. The marriage has been dissolved and this circumstance no longer exists. |

## Legal Proceedings

### *Civil Action*

32. Have you ever been a named party to any civil action?

**Note:** Family law matters (including divorce actions and continuing orders for child support) should be included here.

**If Yes**, upload a copy of the associated pleadings, judgments, final orders, settlement agreement and/or docket report.

**Yes**

| | |
|---|---|
| **Complete Title of Action:** | Cruz v. Woodruff |
| **Court File Number:** | CV-14-0221 |
| **Date Filed:** | 11/2014 |
| **Date of Final Disposition:** | 02/18/2015 |
| **Disposition:** | Judgment for $8,318.60. |
| **Are you the subject of any continuing order (e.g., for child support or payment of a money judgment)?:** | Yes |
| **If No, what amount is still owing?:** | Undetermined |
| **Detailed Explanation of Suit:** | Unpaid rent on office after rendered unable to continue to practice law as result of court order. |
| **Name of Court:** | Superior Court of the Commonwealth of the Northern Mariana Islands |
| **Address:** | P.O. Box 500152 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Plaintiff Name:** | Geraldine T. Cruz |
| **Plaintiff Address:** | P.O Box 500152 |
| **City:** | Saipan |
| **State:** | MP |

| | |
|---|---|
| **ZIP:** | 96950 |
| **Name of Plaintiff's Attorney:** | Michael A. White, Esq. |
| **Defendant Name:** | Stephen C. Woodruff |
| **Defendant Address:** | P.O. Box 500770 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Name of Defendant's Attorney:** | Self |

| | |
|---|---|
| **Complete Title of Action:** | Marianas Management Corp. v. Woodruff |
| **Court File Number:** | S.C. No. 15-0085 |
| **Date Filed:** | 04/2015 |
| **Disposition:** | Judgment for $4,356.57. |
| **Are you the subject of any continuing order (e.g., for child support or payment of a money judgment)?:** | Yes |
| **If No, what amount is still owing?:** | Undetermined |
| **Detailed Explanation of Suit:** | Judgment for unpaid rent on residence following drastic loss of income as a result of inability to continue to practice law pursuant to court order. |
| **Name of Court:** | Superior Court of the Commonwealth of the Northern Mariana Islands |
| **Address:** | P.O. Box 500307 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Plaintiff Name:** | Marianas Management Corp. |
| **Plaintiff Address:** | P.O. Box 500137 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Name of Plaintiff's Attorney:** | Michael A. White, Esq. |
| **Defendant Name:** | Stephen C. Woodruff |
| **Defendant Address:** | P.O. Box 500770 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Name of Defendant's Attorney:** | Self |

| | |
|---|---|
| **Complete Title of Action:** | IT&E v. Woodruff |
| **Court File Number:** | S.C. No. 14-0006 & 14-0007 |
| **Date Filed:** | 01/2014 |
| **Date of Final Disposition:** | 08/05/2014 |
| **Disposition:** | Judgment for $4,595.76. |
| **Are you the subject of any continuing order (e.g., for child support or payment of a money judgment)?:** | Yes |
| **If No, what amount is still owing?:** | Undetermined |

| | |
|---|---|
| **Detailed Explanation of Suit:** | Unpaid charges for business telephone service to law office, after destruction of law practice by loss of authorization to practice law pursuant to court order. |
| **Name of Court:** | Superior Court of the Commonwealth of the Northern Mariana Islands |
| **Address:** | P.O. Box 500307 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Plaintiff Name:** | Micronesian Telecommunications Corp. dba IT&E |
| **Plaintiff Address:** | P.O. Box 500437 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Name of Plaintiff's Attorney:** | Michael A. White, Esq. |
| **Defendant Name:** | Stephen C. Woodruff |
| **Defendant Address:** | P.O. Box 500770 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Name of Defendant's Attorney:** | Self |

| | |
|---|---|
| **Complete Title of Action:** | Pacific Clinical & Consulting |
| **Court File Number:** | S.C. No. 13-0262 |
| **Date Filed:** | 08/2013 |
| **Date of Final Disposition:** | 12/19/2013 |
| **Disposition:** | Judgment for $1,388.54. |
| **Are you the subject of any continuing order (e.g., for child support or payment of a money judgment)?:** | Yes |
| **If No, what amount is still owing?:** | Undetermined |
| **Detailed Explanation of Suit:** | Unpaid balance due for family counseling and therapy services. Inability to pay as agreed resulted from loss of income on account of loss of ability to continue to practice law pursuant to court order. |
| **Name of Court:** | Superior Court of the Commonwealth of the Northern Mariana Islands |
| **Address:** | P.O. Box 500307 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Plaintiff Name:** | Pacific Clinical & Counsulting |
| **Plaintiff Address:** | P.O. Box 5700 CHRB |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Name of Plaintiff's Attorney:** | Michael A. White, Esq. |
| **Defendant Name:** | Stephen C. Woodruff |

| | |
|---|---|
| **Defendant Address:** | P.O. Box 500770 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Name of Defendant's Attorney:** | self |

| | |
|---|---|
| **Complete Title of Action:** | Woodruff v. Avendano-Woodruff |
| **Court File Number:** | FCD-DI Civil Action No. 16-0317 |
| **Date Filed:** | 06/2016 |
| **Date of Final Disposition:** | 03/21/2017 |
| **Disposition:** | Stipulated Divorce Decree (Marital Settlement Agreement) |
| **If the disposition resulted in a judgment, has the judgment been satisfied?:** | NA |
| **Detailed Explanation of Suit:** | Divorce action. |
| **Name of Court:** | Superior Court of the Commonwealth of the Northern Mariana Islands |
| **Address:** | P.O. Box 500307 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Plaintiff Name:** | Stephen C. Woodruff |
| **Plaintiff Address:** | P.O. Box 500770 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Name of Plaintiff's Attorney:** | Self |
| **Defendant Name:** | Virginia C. Avendano-Woodruff |
| **Defendant Address:** | P.O. Box 224 |
| **City:** | Hagatna |
| **State:** | GU |
| **ZIP:** | 96950 |
| **Name of Defendant's Attorney:** | Claire Kelleher-Smith, Esq. |

| | |
|---|---|
| **Complete Title of Action:** | Woodruff v. Woodruff |
| **Court File Number:** | Civil Action No. 97-51 |
| **Date Filed:** | 01/1997 |
| **Date of Final Disposition:** | 07/16/2007 |
| **Disposition:** | Decree of Divorce (Stipulated). |
| **If the disposition resulted in a judgment, has the judgment been satisfied?:** | NA |
| **Detailed Explanation of Suit:** | Originally filed as a Complaint for Separate Maintenance, counterclaimed for divorce. Final Disposition: Stipulated Divorce Decree. |
| **Name of Court:** | Superior Court of the Commonwealth of the Northern Mariana Islands |
| **Address:** | P.O. Box 500307 |
| **City:** | Saipan |

| | |
|---|---|
| **State:** | MP |
| **ZIP:** | 96950 |
| **Plaintiff Name:** | Bedebii M. Woodruff |
| **Plaintiff Address:** | P.O. Box 278 |
| **City:** | Browerville |
| **State:** | MN |
| **ZIP:** | 56438 |
| **Name of Plaintiff's Attorney:** | Steven Nutting, Esq. |
| **Defendant Name:** | Stephen C. Woodruff |
| **Defendant Address:** | P.O. Box 500770 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Name of Defendant's Attorney:** | Self |

| | |
|---|---|
| **Complete Title of Action:** | Feliciano v. Woodruff |
| **Court File Number:** | Small Claim No. 09-0065 |
| **Date Filed:** | 02/2009 |
| **Date of Final Disposition:** | 11/05/2009 |
| **Disposition:** | Judgment for defendant. |
| **If the disposition resulted in a judgment, has the judgment been satisfied?:** | Yes |
| **If Yes, give the date the judgement was satisfied:** | 11/2009 |
| **Detailed Explanation of Suit:** | Action for attorney malpractice, breach of fiduciary duty, and breach of contract resulting in "judgment that the Defendant is acquitted in all allegations in this matter." |
| **Name of Court:** | Superior Court of the Commonwealth of the Northern Mariana Islands |
| **Address:** | P.O. Box 500307 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Plaintiff Name:** | Itos Feliciano |
| **Plaintiff Address:** | P.O. Box 504279 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Name of Plaintiff's Attorney:** | None |
| **Defendant Name:** | Stephen C. Woodruff |
| **Defendant Address:** | P.O. Box 500770 |
| **City:** | Saipan |
| **ZIP:** | 96950 |
| **Name of Defendant's Attorney:** | Self |

| | |
|---|---|
| **Complete Title of Action:** | Cambronero v. Woodruff |

| | |
|---|---|
| **Court File Number:** | Small Claim No. 09-0433 |
| **Date Filed:** | 08/2009 |
| **Trial Date:** | 09/15/2010 |
| **Date of Final Disposition:** | 09/15/2010 |
| **Disposition:** | Judgment for defendant. Court announced its judgment from the bench but did not issue an official written Judgment. |
| **If the disposition resulted in a judgment, has the judgment been satisfied?:** | Yes |
| **If Yes, give the date the judgement was satisfied:** | 09/2010 |
| **Detailed Explanation of Suit:** | Action for attorney malpractice, breach of fiduciary duty, and breach of contract. Copycat of Feliciano complaint and even gave plaintiff's address as "care of" (c/o) Itos Feliciano. |
| **Name of Court:** | Superior Court of the Commonwealth of the Northern Mariana Islands |
| **Address:** | P.O. Box 500307 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Plaintiff Name:** | Honorio G. Cambronero |
| **Plaintiff Address:** | c/o Invictus Feliciano |
| **Line 2:** | P.O. Box 504279 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Name of Plaintiff's Attorney:** | None |
| **Defendant Name:** | Stephen C. Woodruff |
| **Defendant Address:** | P.O. Box 500770 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Name of Defendant's Attorney:** | Self |

| | |
|---|---|
| **Complete Title of Action:** | Warfle v. Woodruff |
| **Court File Number:** | Small Claim No. 09-0193 |
| **Date Filed:** | 04/2009 |
| **Date of Final Disposition:** | 06/07/2013 |
| **Disposition:** | Parties agreed to settle but compensation paid through disciplinary case not through this small claims case. |
| **If the disposition resulted in a judgment, has the judgment been satisfied?:** | NA |
| **Detailed Explanation of Suit:** | Action alleging "failure to perform service" arising out of same alleged operative facts as complaint to bar disciplinary committee. Settlement agreed but never consummated through small claims case, but plaintiffs compensated in context of disciplinary case. There never was any actual "failure to perform service." |
| **Name of Court:** | Superior Court of the Commonwealth of the Northern Mariana Islands |

| | |
|---|---|
| **Address:** | P.O. Box 500307 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Plaintiff Name:** | Kenneth & Wanlapha Warfle |
| **Plaintiff Address:** | P.O. Box 10000 # 152 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Name of Plaintiff's Attorney:** | Thomas E. Clifford, Esq. |
| **Defendant Name:** | Stephen C. Woodruff |
| **Defendant Address:** | P.O. Box 500770 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Name of Defendant's Attorney:** | Self |

| | |
|---|---|
| **Complete Title of Action:** | HPC, Inc. dba Saipan Health Clinic v. Steven Woodruff |
| **Court File Number:** | Small Claim No. 06-0962 |
| **Date Filed:** | 11/2006 |
| **Date of Final Disposition:** | 04/26/2007 |
| **Disposition:** | Judgment for plaintiff in the amount of $1,200.00. |
| **If the disposition resulted in a judgment, has the judgment been satisfied?:** | Yes |
| **If Yes, give the date the judgement was satisfied:** | 09/2008 |
| **Detailed Explanation of Suit:** | Action for unpaid medical bills that should have been covered by insurance, which was the cause of the dispute. |
| **Name of Court:** | Superior Court of the Commonwealth of the Northern Mariana Islands |
| **Address:** | P.O. Box 500307 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Plaintiff Name:** | HPC, Inc. dba Saipan Health Clinic |
| **Plaintiff Address:** | P.O. Box 502878 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Name of Plaintiff's Attorney:** | Michael A. White, Esq. |
| **Defendant Name:** | Steven [sic] Woodruff |
| **Defendant Address:** | P.O. Box 500770 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |

| | |
|---|---|
| **Name of Defendant's Attorney:** | Self |
| **Complete Title of Action:** | Woodruff v. Avendano-Woodruff |
| **Court File Number:** | FCD-FP Civil Action No. 13-0554 |
| **Date Filed:** | 11/2013 |
| **Date of Final Disposition:** | 11/20/2013 |
| **Disposition:** | Restraining Order Granted |
| **If the disposition resulted in a judgment, has the judgment been satisfied?:** | NA |
| **Detailed Explanation of Suit:** | Family Protection Action for restraining order against violent and abusive wife. |
| **Name of Court:** | Superior Court of the Commonwealth of the Northern Mariana Islands |
| **Address:** | P.O. Box 500307 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Plaintiff Name:** | Stephen C. Woodruff |
| **Plaintiff Address:** | P.O. Box 500770 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Name of Plaintiff's Attorney:** | Self |
| **Defendant Name:** | Virginia C. Avendano-Woodruff |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Name of Defendant's Attorney:** | Steven J. Nutting, Esq. |

## *Administrative Action*

33. Have you ever had a complaint or action (including, but not limited to, allegations of fraud, deceit, misrepresentation, forgery, or malpractice) initiated against you in any administrative forum?

    **If Yes**, upload a copy of the associated administrative record.

**No**

## *Criminal Action*

34. Have you ever been cited for, arrested for, charged with, or convicted of any violation of any law other than a case that was resolved in juvenile court?

    **Note:** Include matters that have been dismissed, expunged, subject to a diversion or deferred prosecution program, or otherwise set aside. Omit traffic violations.

    **If Yes**, upload a copy of the associated arrest report, complaint, indictment, citation, information, disposition, sentence, docket report, and appeal, if any.

**No**

## *Alcohol or Drug Related Traffic Violation*

35. Have you ever been cited for, arrested for, charged with, or convicted of any alcohol or drug related traffic violation other than a violation that was resolved in juvenile court?

**Note:** Include matters that have been dismissed, expunged, subject to a diversion or deferred prosecution program, or otherwise set aside.

**If Yes**, upload a copy of the associated arrest report, complaint, indictment, citation, information, disposition, sentence, docket report, and appeal, if any.

**No**

### *Traffic Violation*

36. Have you been cited for, arrested for, charged with, or convicted of any moving traffic violation during the past ten years?

**Note:** Include matters that have been dismissed, expunged, subject to a diversion or deferred prosecution program, or otherwise set aside. Omit parking violations.

**No**

### *Driver's License*

37. List all driver's licenses held during the last ten years.

| | |
|---|---|
| **Driver's License State, Province, or Country:** | CNMI |
| **Driver's License Number:** | 1633-1998 |
| **Current:** | Yes |

## Financial Responsibility

### *Revocation*

38. Have you ever had a credit card or charge account revoked that was not resolved in bankruptcy?

**Yes**

| | |
|---|---|
| **Type of Debt:** | Charge Account |
| **Account Number:** | 600889147196**** unknown |
| **Original Amount of Debt:** | 400 |
| **Current Balance:** | 0 |
| **Date of Last Payment:** | 03/15/2017 |
| **Current Status of This Debt:** | Charged off. |
| **Describe the History of This Debt:** | Disputed charges were not resolved resulting refusal to pay and ultimately creditor charge off. |
| **Name of Entity Extending Credit:** | SYNCB/JC PENNY |
| **Address:** | P.O. Box 965007 |
| **City:** | Orlando |
| **State:** | FL |
| **ZIP:** | 32896-5007 |
| **Telephone Number:** | (866) 227-5213 |

### *Defaulted Student Loan*

39. Have you ever defaulted on a student loan?

**No**

## *Other Defaulted Debt*

40. Have you ever defaulted on any debt other than a student loan that was not resolved in bankruptcy?

**No**

## *Past Due Debt*

41. Have you had any debt that has been more than 120 days past due within the past three years that was not resolved in bankruptcy?

**No**

## *Tax Debt*

42. Have you ever failed to timely pay any personal taxes due, including but not limited to any federal or state income taxes; state, county or municipal private property taxes; or real estate assessment taxes?

**If Yes**, upload a copy of supporting documentation (IRS tax account transcript, release of lien, statement of amount due, etc.).

**Yes**

| | |
|---|---|
| **Type of Debt:** | Other |
| **Other Description:** | 941 |
| **Account Number:** | [redacted] |
| **Original Amount of Debt:** | 32760.66 |
| **Current Balance:** | 0 |
| **Date of Last Payment:** | 06/15/2016 |
| **Current Status of This Debt:** | Tax Lien expired. Date of last payment is estimated only because records are not presently available. Payment was made by levy of fees earned for court-appointed representation of criminal defendants under the Criminal Justice Act. |
| **Describe the History of This Debt (include applicable tax year(s)):** | Debt arose out of unpaid quarterly FICA and Medicare taxes for employee during 2005, 2006, and 2007 resulting from inadequate cash flow caused by failure of CNMI government to timely and fully pay for services rendered by the firm under contract to the Office of the Mayor of Saipan during tax years 2005 through 2007 in which the relevant employee was engaged in the provision of part of those services. |
| **Name of Agency:** | Internal Revenue Service |
| **Address:** | P.O. Box 409101 |
| **City:** | Ogden |
| **State:** | UT |
| **ZIP:** | 84409 |
| **Telephone Number:** | (818) 756-4562 |

## *Bankruptcy*

43. Have you ever filed a petition for bankruptcy?

**If Yes**, upload associated schedule of indebtedness, petition for bankruptcy, docket report and discharge from

bankruptcy order.

**No**

# Character References

## *References*

44. Provide complete information for at least six references, preferably persons who have known you for a minimum of five years. You are encouraged to include one reference from every locality where you have lived during the last ten years.

Do not list yourself, anyone who is related to you by blood or marriage, or anyone who resides at your current residential address.

Do not use names listed in response to the Employment History question. If you provide a business address, please include the names of both the reference and the business.

**Note:** To avoid delays, provide current contact information (**email address, mailing address, and telephone number**) for each reference.

| | |
|---|---|
| **Name:** | Gary Ramsey |
| **Address:** | PO Box 10002 PMB 1351 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Phone:** | 6707838985 |
| **Email:** | gramsey1550@gmail.com |
| **Occupation:** | Physician/Surgeon OB/GYN |
| **Years Known:** | 10 |

| | |
|---|---|
| **Name:** | Margary Bronster |
| **Business Name:** | Bronster Fujichaku Robbins |
| **Address:** | 1003 Bishop St Ste 2300 |
| **City:** | Honolulu |
| **State:** | HI |
| **ZIP:** | 96813-6468 |
| **Phone:** | 8085245644 |
| **Email:** | mbronster@bfrhawaii.com |
| **Occupation:** | Attorney |
| **Years Known:** | 9 |

| | |
|---|---|
| **Name:** | Robert Hatch |
| **Business Name:** | Bronster Fujichaku Robbins |
| **Address:** | 1003 Bishop St Ste 2300 |
| **City:** | Honolulu |
| **State:** | HI |
| **ZIP:** | 96813-6468 |
| **Phone:** | 8085245644 |
| **Email:** | Rhatch@bfrhawaii.com |

| | |
|---|---|
| **Occupation:** | Attorney |
| **Years Known:** | 9 |
| **Name:** | Joseph Horey |
| **Business Name:** | Banes Horey Berman & Miller, LLC |
| **Address:** | PO Box 501969 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950-1969 |
| **Phone:** | 6702345684 |
| **Email:** | jhorey@pacificlawyers.law |
| **Occupation:** | Attorney |
| **Years Known:** | 14 |
| **Name:** | Byung Ill Sin (Simon) |
| **Address:** | PO Box 500809 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950-0809 |
| **Phone:** | 6702877733 |
| **Email:** | byungsin5000@gmail.com |
| **Occupation:** | Businessman |
| **Years Known:** | 12 |
| **Name:** | Ana S. Teregeyo |
| **Address:** | P.O. Box 5051 CHRB |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Phone:** | 6702875658 |
| **Email:** | anasteregeyo@gmail.com |
| **Occupation:** | Public Servant |
| **Years Known:** | 26 |
| **Name:** | Herman R. Guerrero |
| **Address:** | P.O. Box 5520 CHRB |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950 |
| **Phone:** | 6702876462 |
| **Email:** | hrcnmi@yahoo.com |
| **Occupation:** | Retired Public Official |
| **Years Known:** | 40 |
| **Name:** | Juan R. Castro |
| **Address:** | PO Box 501002 |
| **City:** | Saipan |

| | |
|---|---|
| **State:** | MP |
| **ZIP:** | 96950-1002 |
| **Phone:** | 6707898087 |
| **Email:** | SI1kan14@gmail.com |
| **Occupation:** | Retired |
| **Years Known:** | 5 |
| **Name:** | Paul Manglona |
| **Business Name:** | Senate, Northern Marianas Commonwealth Legislature |
| **Address:** | PO Box 500129 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950-0129 |
| **Phone:** | 6706648968 |
| **Email:** | sen.manglona@gmail.com |
| **Occupation:** | CNMI Senator |
| **Years Known:** | 26 |
| **Name:** | Ivan Braganza |
| **Address:** | PO Box 504495 |
| **City:** | Saipan |
| **State:** | MP |
| **ZIP:** | 96950-4304 |
| **Phone:** | 6707831351 |
| **Email:** | ivanbraganza@gmail.com |
| **Occupation:** | Technology Sales |
| **Years Known:** | 36 |

## Additional Information

### *Additional Information*

45. Would you like to provide additional information or further explain any of your previous responses? If you provide further explanation to any of your previous responses, please include the associated question number.

**Yes**

| | |
|---|---|
| **Explanation:** | From 1997 until 2013, I was a victim of spousal abuse while simultaneously carrying on an extremely active (mostly successful) law practice focused particularly on low income, minority clients with often unpopular causes. Very few attorneys regularly carry a caseload as heavy as mine was. Compounding the difficulty, more than half, perhaps as much as three-quarters, of my clients were pro bono publico or reduced fee cases. This practice of attempting "to do too much for too many for too little (compensation)" created an unsustainable burden and some of the negative consequences reflected in this application. I should have recognized and corrected this problem much sooner, and I am now determined to clear my remaining obligations and ensure such problems never recur.<br><br>The spousal abuse ultimately culminated in a vehicular assault against me in 2013, the necessity of a family protection restraining order, and criminal charges against my wife. |

# EXHIBIT "5"

CNMI Tax System 6.0 - Contains FTI
Commonwealth of the Northern Mariana Islands

OFFICIAL CASH RECEIPT

Payment Entered: 1/20/2021 Receipt No.: 003963027

Received From: Woodruff, Stephen Carl

Received by : Shanna W. Flores 1/20/2021 12:33:59 51008 999

Payment to Account(s):

| | | |
|---|---|---|
| Misc. Revenue | 7073C 46100 | 500.00 |
| Woodruff, Stephen C. / Character & Fitness Assesment Fee | | |

Payment(s) Tendered:

| | | |
|---|---|---|
| MasterCard | ************ | 500.00 |

TOTAL . . . . . . . . . : 500.00

*** KEEP THIS RECEIPT FOR YOUR RECORDS ***

# EXHIBIT "6"

## MPRE Score

Name: STEPHEN WOODRUFF
NCBE Number: N10437494
Date of Birth: 11/19/1951

Your score on the Multistate Professional Responsibility Examination (MPRE) administered on 08/10/2019 is as follows:

Scaled Score: 92

The score shown above has been reported to NORTHERN MARIANA ISLANDS as you requested when you registered for the MPRE.

**Your MPRE score will be available on your NCBE account only until the next MPRE test date. If you want to obtain your score after that, you will need to request a score transcript, and pay the required fee. Therefore, we recommend that you save this page and/or print it for your records.**

Each jurisdiction determines its own passing score on the MPRE. You may find a jurisdiction's passing score, as well as contact information for its bar admission agency, by selecting the jurisdiction from the interactive map. Any questions about admission requirements pertaining to MPRE scores should be directed to the bar admission agency in the jurisdiction to which you are applying.

The MPRE scaled score is a standard score. Standard scaled scores range from 50 (low) to 150 (high).

**MPRE Score Services: All MPRE score services listed below must be requested under the Score Services tab or from the File Cabinet of your NCBE account.**

- MPRE Score Report: If you would like to have your MPRE score sent to another jurisdiction, you must submit a request to NCBE for a score report. Score reports are sent to jurisdictions by secure transfer.
- MPRE Score Verification: If you would like to have the scoring of your MPRE answer sheet rechecked by hand, you must request a score verification. **Score verification requests must be submitted to NCBE within two months of the original test date.**
  Note: See link in File Cabinet to request a MPRE Score Verification. This link is only visible when the service is available.
- MPRE Unofficial Score Transcript: If you would like a replacement copy of your MPRE score after it is no longer available on this page, you must submit a request to NCBE for an MPRE Unofficial Score Transcript. The transcript will include all the MPRE scores you earned from 1999 to the present. All scores on the MPRE Unofficial Score Transcript are duplicative of score information provided following the exam. MPRE Unofficial Score Transcripts will be available in the File Cabinet of your NCBE account, and are not sent by mail.