**E-FILED**
**CNMI SUPREME COURT**
E-filed: Mar 15 2021 08:20PM
Clerk Review: Mar 16 2021 08:47AM
Filing ID: 66420903
Case No.: 2021-SCC-0001-PET
NoraV Borja

IN THE
**SUPREME COURT**
OF THE
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

---

IN THE MATTER OF STEPHEN C. WOODRUFF,

Petitioner

---

Supreme Court No. 2021-SCC-0001-PET

---

**DECLARATION OF JOSEPH E. HOREY**

I, Joseph E. Horey, declare as follows:

1. I am an attorney licensed to practice in the Commonwealth of the Northern Mariana Islands. I make this declaration upon personal knowledge.

2. I have known Steve Woodruff for many years. In 2008, we were co-counsel in a criminal case, and, in 2009, we worked together on the ad hoc committee for developing, first, the CNMI government's protocol for transition to federal immigration law, and then revisions of its own statutory law relating to immigration issues. On many occasions over the years, we have found ourselves working on cases involving similar or related issues, especially labor, immigration and constitutional issues, and have frequently shared thoughts and ideas about the issues involved.

3. Over that time, I have come to know Steve as a tireless advocate for the poorest and most underrepresented segments of the CNMI community, particularly foreign workers. Many of these people would have gone unrepresented – and done so in proceedings where linguistic and procedural barriers put them at a uniquely sharp disadvantage – if not for his efforts on their behalf. Indeed, many more of them have gone unrepresented since Steve has been suspended from practice. He filled a unique niche in this area, and no one has arisen to take his place.

4. I have also come to know Steve as an intelligent and creative legal thinker, with a keen interest in and understanding of the numerous important social, political and legal and constitutional issues facing the CNMI, especially in its relationship with the US. We have sometimes found ourselves on opposite sides of these issues, but, even in opposition, he has always been collegial and solution-oriented in his approach. In this area, too, few if any other members of the CNMI bar share his interest in such issues.

5. Likely as a consequence of his focus on assisting the all-too-numerous underrepresented of the CNMI, he has sometimes allowed himself to become overextended in his practice, a problem I understand to be at the root of his disciplinary problems. While it is true that this can be a serious issue, his faults, such as they are, are greatly outweighed by the positive impact he has made and can continue to make on the overall state of legal practice in the CNMI. The CNMI needs someone like Steve Woodruff, and there is no one else like him. Both the opportunity for legal representation for persons in need of it, and the range and quality of important issues raised, would be diminished without him.

6. I first wrote the preceding paragraphs four years ago, in 2017, in support of Steve's efforts to retain his status as a member of the bar of the United States Court of Appeals for the Ninth Circuit. They remain as true today as the day I wrote them. In fact, they have been vindicated by events since then, since the Ninth Circuit did ultimately allow Steve to retain his status, with the result that he won an important case there that redounds to the benefit of the CNMI and its people. This was Torres v. Barr, 976 F.3d 918 (9th Cir. 2020), which held that the lack of a federal visa could not lawfully justify removal from the CNMI of an alien who had been lawfully present here under CNMI law at the time of the federal takeover of immigration. I had argued the same point, unsuccessfully, three years previously in Minto v. Sessions, 854 F.3d 619 (9th Cir. 2017). However, in Torres, Steve succeeded where I had failed; he persuaded the Ninth Circuit, sitting *en banc*, to reconsider and overrule Minto. The result is that a federal attempt to evade

CNMI law has been foiled, and numerous lawful CNMI workers have been confirmed in lawful status, who would otherwise have been wrongfully deported and/or barred from re-entry. This is the kind of effective advocacy that the Commonwealth needs more, not less, of.

6. For all the foregoing reasons, I urge the Court to reinstate Steve Woodruff as an active member of the CNMI bar.

I declare upon penalty of perjury under the laws of the Commonwealth of the Northern Mariana Islands that this declaration is true and correct. Executed at Saipan, CNMI, this 14th day of March, 2021.

*/s/ Joseph E. Horey*

JOSEPH E. HOREY