Stephen C. Woodruff
Attorney and Counselor at Law
P. O. Box 500770
Saipan, MP 96950
Tel.: +1 (670) 989-2797
Email: scwlaw.spn@gmail.com

*In Pro Per*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | | |
|---|---|---|
| **IN RE STEPHEN C. WOODRUFF,**<br><br>**Respondent.** | ) | **Case No. 1:13-MC-00004** |
| **IN RE STEPHEN C. WOODRUFF,**<br><br>**Respondent.** | ) | **Case No. 1:13-MC-00061** |

**STATUS REPORT**

COMES NOW, Respondent-Petitioner, Stephen C. Woodruff, and makes the following status report to update this Honorable Court regarding developments in his petition for reinstatement by the Commonwealth Supreme Court since his June 21, 2021 Status Report. This report was due yesterday, July 19, 2021; however, Respondent delay reporting by one day in anticipation of activity in the Supreme Court of Hawai'i.

There has been no new activity in the Commonwealth Supreme Court.

Respondent's petition for reinstatement by the Hawai'i Supreme Court initially was denied without prejudice on account of a deficiency in the record. Respondent cured that deficiency and renewed his petition for reinstatement. On July 19, 2021 in Hawai'i, the Hawai'i

Office of Disciplinary Counsel filed a response to the renewed petition. A true copy of Hawai'i Disciplinary Counsel's response is annexed hereto.

The views expressed by Hawai'i ODC are well founded and taken to heart by Respondent. Respondent appreciates the sincerity and directness of Hawai'i Chief Disciplinary Counsel, Bradley R. Tamm, and fully intends to faithfully heed his advice henceforth not only in any practice in Hawai'i courts but in this and any other jurisdiction in which admitted or authorized to practice.

Dated this 20th day of July 2021.

Respectfully submitted,

/s/ Stephen C. Woodruff (e-filed)
STEPHEN C. WOODRUFF
Respondent-Petitioner

Electronically Filed
Supreme Court
SCAD-14-0000353
19-JUL-2021
12:36 PM
Dkt. 119 MER

**SCAD-14-0000353**

**IN THE SUPREME COURT OF THE STATE OF HAWAI‘I**

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

STEVEN CARL WOODRUFF, Respondent

---

ORIGINAL PROCEEDING
(ODC #13-003-9073)

**ODC'S STATEMENT RE: RESPONDENT'S RENEWED APPLICATION FOR REINSTATEMENT TO PRACTICE [RE: DKT. #115]**

**and**

**CERTIFICATE OF SERVICE**

BRADLEY R. TAMM,
Chief Disciplinary Counsel
OFFICE OF DISCIPLINARY COUNSEL

201 Merchant Street, Suite 1600
Honolulu, Hawai‘i 96813
Telephone: (808) 469-4026
e-mail: bradley.r.tamm@dbhawaii.org

**SCAD-14-0000353**

**IN THE SUPREME COURT OF THE STATE OF HAWAIʻI**

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

STEVEN CARL WOODRUFF, Respondent

---

ORIGINAL PROCEEDING
(ODC #13-003-9073)

**ODC'S STATEMENT RE: RESPONDENT'S RENEWED APPLICATION FOR REINSTATEMENT TO PRACTICE [RE: DKT. #115]**

This Office of Disciplinary Counsel (ODC) submits this Statement relative to Respondent Steven Carl Woodruff's Renewed Application for Reinstatement to Practice law in the State of Hawaiʻi. Dkt. #115.

Woodruff's initial June 3, 2021, Application for Reinstatement to Practice (dkt. #107) was denied without prejudice on June 8, 2021. Dkt. #113. That order provided:

> IT IS HEREBY ORDERED that Respondent Woodruff's application is denied without prejudice to his submitting an affidavit or declaration that fully complies with both the requirements of RSCH Rule 2.17(b)(2) and provides the information required by RSCH Rules 2.16(a), 2.16(b), and 2.16(c), as well as any good cause for his failure to timely file the RSCH Rule2.16(d) affidavit by the original November 20, 2016 deadline, set by the October 11, 2016 order and by operation of RSCH Rule2.16(d).

Woodruff has now filed the instant Declaration to revive that reinstatement application. Dkt. #115. In his *mea culpa* for failing to comply with RSCH Rules 2.16(a)-(d) he states:

> I concede that I should have filed this affidavit. I believe my failure to do so was an oversight arising principally from the fact that I had no active clients within the State of Hawai'i and hence no duties of notice under Rule 2.16(a) or 2.16(b), and the disbarment order contained no special provisions requiring completion before the effective date.

Dkt. #115:3. This statement attempts to justify non-compliance with the affidavit (declaration) requirement of Rule 2.16(d), buy deflection to his alleged paucity of clientele at the time discipline was imposed. This is a risky tactic and did not work well for another lawyer who attempted a similar excuse in California. *Matter of Partington*, 2020 WL 365558 (Calif.) (disbarment for failure to file post-suspension declaration, although under much more aggravated circumstances).

Notwithstanding this observation, ODC has no particularized concerns with Woodruff being reinstated to the practice of law at this time. ODC is hopeful that Woodruff learned from this journey as to the consequences of taking on too much work, and not paying attention to the rules of court and professional conduct. The practice of law is a learned profession that demands a fiduciary relationship between the lawyer and client. Greater than the ordinary duty of care in a business, the lawyer "owes the client the utmost fidelity, honesty, and good faith." *Felty v. Hartweg*, 169 Ill. App. 3d 406, 408, 523 N.E.2d 555, 556 (1988).

These are the basis for many of the Rules of Professional Conduct that detail the obligations for competence, obedience, diligence, communication, candor, confidentiality and accounting. To maintain these high standards, the lawyer must keep in mind that the practice of law is not merely a business, but a profession and that the lawyer acts as an officer of the court. See: HRPC Preamble [1].

ODC challenges Woodruff, if this court sees fit to grant his reinstatement, to conduct all his affairs consistent with the high standards embodied in the Rules of Professional Conduct and to do right by his clients.

Dated: July 19, 2021

OFFICE OF DISCIPLINARY COUNSEL

______________________
BRADLEY R. TAMM
Chief Disciplinary Counsel

**SCAD-14-0000353**

**IN THE SUPREME COURT OF THE STATE OF HAWAIʻI**

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

STEVEN CARL WOODRUFF, Respondent

---

ORIGINAL PROCEEDING
(ODC #13-003-9073)

**CERTIFICATE OF SERVICE**

**1. ODC'S STATEMENT RE: RESPONDENT'S RENEWED APPLICATION FOR REINSTATEMENT TO PRACTICE [RE: DKT. #115]**

I hereby certify that a true and correct copy of the above listed document was duly served on those individuals or entities identified on the below service list, as indicated by either (1) JEFS/JIMS electronic filing, (2) by personal service, or by (3) U.S. First Class mail, postage prepaid.

Dated: July 19, 2021

OFFICE OF DISCIPLINARY COUNSEL

______________________
BRADLEY R. TAMM
Chief Disciplinary Counsel

**SERVICE LIST:**

***By JEFS/JIMS electronic filing:***

Stephen Carl Woodruff ( scwlaw.spn@gmail.com )
Bradley R. Tamm ( bradley.r.tamm@dbhawaii.org )
Philip H. Lowenthal ( p.lowenthal@dbhawaii.org )

***By personal service:***

n/a

***By U.S. First Class mail, postage prepaid:***

n/a