Stephen C. Woodruff
Attorney and Counselor at Law
P. O. Box 500770
Saipan, MP  96950
Tel.:    +1 (670) 989-2797
Email: scwlaw.spn@gmail.com

*In Pro Per*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| **IN RE STEPHEN C. WOODRUFF,** | ) | **Case No. 1:13-MC-00004** |
| | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Case No. 1:13-MC-00061** |
| **IN RE STEPHEN C. WOODRUFF,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |
| | ) | |

### SUPPLEMENTAL STATUS REPORT

COMES NOW, Respondent-Petitioner, Stephen C. Woodruff, and makes the following supplemental status report to update this Honorable Court regarding developments relative to his petition for reinstatement by the Supreme Court of Commonwealth of the Northern Mariana Islands.

Today the Supreme Court of the Commonwealth of the Northern Mariana Islands granted Respondent-Petitioner's petition for reinstatement to practice.  A true copy of the Commonwealth Supreme Court's reinstatement order is annexed hereto.

-2-

Dated this 30th day of September 2021.

Respectfully submitted,


/s/ Stephen C. Woodruff (e-filed)
STEPHEN C. WOODRUFF
Respondent-Petitioner



**E-FILED**
**CNMI SUPREME COURT**
E-filed: Sep 30 2021 11:47AM
Clerk Review: Sep 30 2021 11:47AM
Filing ID: 66977451
Case No.: 2021-SCC-0001-PET
NoraV  Borja

IN THE
**SUPREME COURT**
OF THE
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

**IN THE MATTER OF STEPHEN C. WOODRUFF,**
Petitioner.

**SUPREME COURT NO. 2021-SCC-0001-PET**

**ORDER**

¶ 1    Stephen C. Woodruff ("Woodruff") petitions the Court for reinstatement to the practice of law following his 2013 disbarment for neglect of client matters. Under Rule 19 of the NMI Rules of Attorney Discipline and Procedure, he bears the "burden of demonstrating by clear and convincing evidence that he . . . is qualified to practice law in the Commonwealth." NMI R. ATT'Y DISC. & P. 19(d). In making this determination, the Court considers, among other factors, whether Woodruff engaged, or attempted to engage, in the unauthorized practice of law during his disbarment, and whether he recognizes the wrongfulness and severity of the conduct for which he was disbarred. MODEL R. LAWYER DISCIPLINARY ENFORCEMENT 25(E) (AM. BAR ASS'N 2002).

¶ 2    Petitioner has been reinstated in Hawai'i and continues to practice before the Ninth Circuit Court of Appeals. The Supreme Court of Hawai'i issued an order reinstating Woodruff to practice on July 23, 2021 on the condition that he contact the Hawai'i State Bar Association to ensure he is in compliance with all the requirements for attorneys practicing in the state. *Office of Disciplinary Counsel v. Woodruff*, 2021 Haw. LEXIS 175 (Haw. 2021). The Ninth Circuit imposed an 18-month period of probation on Woodruff on November 15, 2017; his motion to be restored to unrestricted practice was granted on November 12, 2020 based on his compliance with the rules and orders applicable to his cases. Order, Nov. 15, 2017, No. 13-80077, docketed D. N. Mar. I. No. 13-MC-00004, ECF No. 117.

¶ 3    A hearing on the petition was held on July 26, 2021, at which the Court questioned Petitioner on whether he engaged in the unauthorized practice of law during his disbarment. Woodruff stated that he performed paralegal work for attorneys Joe Hill and Michael Evangelista and consulting work for James Sirok but that he had no client contact. He also acknowledged having assisted a pro se appellant with drafting court documents, but he maintained that the scope of this aid was restricted to nonlegal scrivener's work. Jurisdictions vary in the extent to which they permit disbarred attorneys to engage in paralegal or similar work, but the CNMI has no established precedent prohibiting such work. On the record before us,

we find no evidence that Woodruff engaged or attempted to engage in the unauthorized practice of law during his disbarment.

¶ 4       At the hearing, Woodruff expressed appropriate understanding of his professional responsibility to communicate with clients and remain abreast of their matters. He averred that he will have a less busy practice than before his disbarment, that he will be attentive to rules and deadlines, and that he is able to meet the particular needs of clients in the Commonwealth requiring representation. The Court deems that Woodruff has met his burden to convey an understanding of his professional responsibility and of the wrongfulness and severity of the conduct which led to his disbarment.

¶ 5       Woodruff has met his burden of showing that he did not engage in any unauthorized practice of law, and that he appreciates the wrongfulness and severity of his actions leading to his initial disbarment. Together with testimonials from prominent members of the Commonwealth legal community to his ability to maintain an effective practice, Woodruff has presented clear and convincing evidence that he is qualified to practice law. The petition is therefore GRANTED.

¶ 6       However, pursuant to our inherent authority to regulate the practice of law and to ensure the community is protected from negligent practice, the Court imposes the following condition on Woodruff's reinstatement. For a period of one year following his reinstatement, Woodruff shall monthly submit under seal to the Supreme Court Clerk of Court's Office a list of active clients and cases in the CNMI courts. If, under the Court's supervision, Petitioner demonstrates the ability to maintain his practice free of the problems that led to his disbarment, he will be unconditionally reinstated one year from the date of entry of this order.

SO ORDERED this 30th day of September 2021.

/s/
_____
ALEXANDRO C. CASTRO
Chief Justice


/s/
_____
JOHN A. MANGLONA
Associate Justice


/s/
_____
PERRY B. INOS
Associate Justice