F I L E D
Clerk
District Court

JAN 06 2022

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

In Re:

**STEPHEN C. WOODRUFF**

           Respondent/Petitioner.

Case Nos. 1:13-mc-00004 and
1:13-mc-00061

**ORDER GRANTING
PETITION FOR REINSTATEMENT**

On November 16, 2020, Respondent Stephen C. Woodruff petitioned this Court pursuant to Local Disciplinary Rule 18 for reinstatement to practice law before this Court following his suspension. (1:13-mc-00004, ECF No. 127; 13-mc-00061, ECF No. 56). For the reasons set forth below, the Court GRANTS Woodruff's petition for reinstatement.

Woodruff was disbarred by the Commonwealth Superior Court on June 7, 2013. *See Disciplinary Action: Disbarment, In the Matter of Woodruff*, Civil Case No. 13-0017 (Commw. Super. Ct. June 7, 2013). The Commonwealth Superior Court found that he violated the Model Rules of Professional Conduct by failing to take action in a timely manner in nine civil actions, including failing to timely file responses, and failing to appear for court appearances including trial. (*Id*. at 17-18.) The disbarment order was affirmed by the Commonwealth Supreme Court on December 9, 2015. *In the Matter of Woodruff*, 2015 MP 11 (N. Mar. I. 2015). As a result of his disbarment, several courts instituted reciprocal disciplinary proceedings against Woodruff, including this Court. (*See* Misc. Case No. 1:13-mc-00004, hereinafter "Reciprocal Case".) After a show cause hearing on March 9, 2017, this Court imposed reciprocal disciplinary sanctions of disbarment against Woodruff. (*See* Reciprocal Case, Order Imposing

Reciprocal Discipline, ECF No. 104.) The Court ordered that he not apply for reinstatement until expiration of at least two years from the effective date of disbarment as well as that he comply with the Court's Local Disciplinary Rule 17 on notice and recording. (*Id*. at 12-13.)

On March 28, 2018, this Court modified its disciplinary order in deference to the Ninth Circuit's decision to not apply reciprocal discipline. (Reciprocal Case, Order Modifying Discipline, ECF No. 123.) The Ninth Circuit found that the Commonwealth disciplinary proceeding did not afford Woodruff due process, and therefore it imposed a 18-month probation starting March 2017 for Woodruff. (*See* Reciprocal Case, ECF No. 117.) However, because this Court could not supervise attorneys, the Court ordered suspension for a period of one year from the Order. (Reciprocal Case, Order Modifying Discipline at 4-5, ECF No. 123.) Woodruff was only permitted to resume representation in previously pending cases, was ordered not to enter into any new appearances, and was permitted to apply for reinstatement only after at least one-half of his term of suspension expired. (*Id*. at 5.) On September 4, 2018, in a separate disciplinary proceeding that originated from a disciplinary complaint filed by one of Woodruff's prior clients in 2013, this Court ordered the same suspension as that in the Reciprocal Case for one year and ordered that the suspension run concurrently. (1:13-mc-0061, hereinafter "Disciplinary Case," Decision and Order, ECF No. 55).

Although Woodruff's suspension ended on March 28, 2019, he did not file a petition for reinstatement until November 16, 2020. (Pet. for Reinstatement, Reciprocal Case, ECF No. 127; Disciplinary Case, ECF No. 56.) Included with his petition were an order from the Ninth Circuit Court of Appeals restoring Woodruff to unrestricted practice in that court on November 12, 2020 (Ex. 2, Reciprocal

Case, ECF No. 127; Disciplinary Case, ECF No. 56), as well as his Multistate Professional Responsibility Examination score and declarations from colleagues.

The Court held an initial hearing on December 21, 2020 on Woodruff's petition for reinstatement. (Min., Reciprocal Case, ECF No. 128; Disciplinary Case, ECF No. 57.)  During this hearing, the Court recognized some of the improvements that Woodruff made but also nonetheless admonished him for still having to request multiple extensions from deadlines or for still filing late briefs in his Ninth Circuit representations. The Court also continued the matter for three months so that Woodruff could complete his petition for reinstatement with the Commonwealth Judiciary. The reasoning for this continuance was because in order to be reinstated, a petitioner must demonstrate that he or she "is qualified to practice law in the district and is worthy of the Court's trust and confidence." L.D.R. 18(c). To be "qualified" to practice law in this Court's district, this Court's Local Rule 83.3 authorized only "attorneys of good moral character who are active members in good standing of the Commonwealth Supreme Court Bar, or, if admitted temporarily or *pro hac vice*, of any United States Court or the highest court of any State . . ." to practice before the Court. The Court also ordered that Woodruff file monthly status reports.

At the second hearing held on February 22, 2021, the Court again continued the matter for another three months to allow Woodruff to supplement his petition and demonstrate his qualification before this Court through reinstatement to any state bar. (Min., Reciprocal Case, ECF No. 132; Disciplinary Case, ECF No. 61.) The Court required reinstatement with a state bar given that state bars have the resources and mechanisms to determine the moral fitness and character of any attorney applicant.  However, during the hearing, the Court apprised Woodruff that it may conduct its own investigations to determine whether he was qualified to practice in this Court, but that "[a]ny necessary expenses incurred in the investigation

and processing of a petition for reinstatement shall be paid by the petitioner." *See* L.D.R. 18(d). At the hearing, Woodruff indicated to the Court that he did not seek to pursue the Court's independent investigation route, and therefore the Court continued the matter and required him to continue to file monthly status reports.

After multiple continuances, Woodruff finally demonstrated to the Court that he was reinstated in the State of Hawaii. *Office of Disciplinary Counsel v. Woodruff*, SCAD-14-0000353, 2021 WL 3127121 (Haw. July 23, 2021); *see also* Reciprocal Case, ECF No. 140; Disciplinary Case, ECF No. 69. In his status report filed on September 29, 2021, Woodruff demonstrated that he became an active member of the Hawaii State Bar. (Reciprocal Case, ECF No. 142; Disciplinary Case, ECF No. 71.) As of September 30, 2021, Woodruff was also conditionally reinstated with the Commonwealth Supreme Court. *See* Order, *In the Matter of Woodruff*, 2021-SCC-0001-PET (N. Mar. I. 2021); *see also* Status Report, Disciplinary Case, ECF No. 143; Reciprocal Case, ECF No. 72. After a hearing, the Commonwealth Supreme Court found that Woodruff "has met his burden of showing that he did not engage in any unauthorized practice of law, and that he appreciates the wrongfulness and severity of his actions leading to his initial disbarment," and that he "presented clear and convincing evidence that he is qualified to practice law." (Order ¶ 5.) However, to regulate the practice of law and ensure the community against negligent practice, the court imposed the follow condition on Woodruff's reinstatement for one year:

> Woodruff shall monthly submit under seal to the Supreme Court Clerk of Court's Office a list of active clients and cases in the CNMI courts. If, under the Court's supervision, Petitioner demonstrates the ability to maintain his practice free of the problems that led to his disbarment, he will be unconditionally reinstated one year from the date of entry of this order.

(*Id.* ¶ 6.)

Given that Woodruff became an active member of the Hawaii State Bar and was reinstated by the Commonwealth Supreme Court, this Court on October 5, 2021 GRANTED Woodruff's petition for reinstatement "with conditions." (Min., Reciprocal Case, ECF No. 144; Disciplinary Case, ECF No. 73.) By conditions, the Court meant the payment of the applicable attorney fees. Given that he was suspended rather than disbarred in this Court, Woodruff need only pay the biennial renewal fees. On October 15, 2021, Woodruff paid his biennial renewal fees. (*See* Reciprocal Case, ECF No. 145; Disciplinary Case, ECF No. 74.)

Accordingly, Petitioner Stephen C. Woodruff is reinstated to practice law in this Court, and the Clerk may issue a Certificate of Good Standing.

IT IS SO ORDERED this 6th day of January, 2022.

RAMONA V. MANGLONA
Chief Judge